IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVOLVED WIRELESS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 15-545-SLR |
| ) | |
| SAMSUNG ELECTRONICS CO., LTD. and ) | |
| SAMSUNG ELECTRONICS AMERICA, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**THE SAMSUNG DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S WILLFUL INFRINGEMENT AND PRE-COMPLAINT INDUCEMENT AND CONTRIBUTORY INFRINGEMENT CLAIMS <u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)</u>**

                  John W. Shaw (No. 3362)
                  Karen E. Keller (No. 4489)
                  Andrew E. Russell (No. 5382)
                  David M. Fry (No. 5486)
                  SHAW KELLER LLP
                  300 Delaware Avenue, Suite 1120
                  Wilmington, DE 19801
                  (302) 298-0700
                  arussell@shawkeller.com
                  *Attorneys for Defendants*

OF COUNSEL:
Kevin P.B. Johnson
Victoria F. Maroulis
Todd M. Briggs
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Dated: September 21, 2015

## **TABLE OF CONTENTS**

                                                                                                                     **Page**

I. INTRODUCTION ........................................................................................................1

II. NATURE AND STAGE OF PROCEEDINGS ..............................................................1

III. SUMMARY OF ARGUMENT .....................................................................................1

IV. STATEMENT OF FACTS ............................................................................................2

V. ARGUMENT .................................................................................................................4

      A. Plaintiff's Willful Infringement Claims Should Be Dismissed Because Plaintiff's Complaint Fails To Allege Pre-Complaint Knowledge Of The Asserted Patents Or Objective Recklessness ...........................................4

      B. Plaintiff's Pre-Complaint Inducement and Contributory Infringement Claims Should Be Dismissed Because Plaintiff's Complaint Fails To Allege Pre-Complaint Knowledge Of The Asserted Patents Or Specific Intent ......................................................................................................................6

VI. CONCLUSION ..............................................................................................................8

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Aeritas, LLC v. Alaska Air Grp., Inc.*,
   893 F. Supp. 2d 680 (D. Del. 2012)...................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................................................4

*Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*,
   73 F. Supp. 3d 435 (D. Del. 2014).......................................................................................5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754, 131 S. Ct. 2060 (2011).................................................................................7

*Intellectual Ventures I LLC v. Toshiba Corp.*,
   66 F. Supp. 3d 495 (D. Del. 2014).......................................................................................6

*Lucent Techs. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009)............................................................................................7

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012)................................................................................5, 8

*Minkus Electronic Display Systems Inc. v. Adaptive Micro*,
   2011 WL 941197 (D. Del. March 16, 2011)........................................................................7

*ReefEdge Networks, LLC v. Juniper Networks, Inc.*,
   29 F. Supp. 3d 455 (D. Del. 2014).......................................................................................5

*Rothschild Mobile Imaging Innovations, LLC v. Mitek*,
   2015 WL 1467253 (D. Del. March 30, 2015)......................................................................6

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007).........................................................................................4, 5

*Toshiba Corp. v. Imation Corp.*,
   681 F.3d 1358 (Fed. Cir. 2012)............................................................................................7

### **Statutes**

35 U.S.C. § 271(b) .......................................................................................................................7, 8

35 U.S.C. § 271(c) ....................................................................................................................1, 7, 8

Fed. R. Civ. P. 12(b)(6)..................................................................................................................1, 9

**I.      INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") respectfully move to dismiss the claims brought by Plaintiff Evolved Wireless, LLC ("Plaintiff") for willful infringement and pre-complaint inducement and contributory infringement.  Plaintiff's claims fail to meet the pleading requirements set forth by the Supreme Court, the Federal Circuit and this Court.

**II.     NATURE AND STAGE OF PROCEEDINGS**

On June 25, 2015, Plaintiff filed its complaint against Samsung asserting infringement of five patents: United States Patent Nos. 7,746,916, 7,768,965, 7,809,373, 7,881,236, and 8,218,481 ("Asserted Patents").  Plaintiff and Samsung filed a stipulation extending the time for Samsung "to move, answer or otherwise respond to the complaint" to September 21, 2015 in exchange for Samsung accepting service of the complaint on July 16, 2015.  D.I. 7.  The Court approved this stipulation on July 20, 2015.

**III.    SUMMARY OF ARGUMENT**

1.      Plaintiff fails to allege a cause of action for willful infringement because it fails to plead that Samsung had knowledge of the Asserted Patents before the complaint was filed and because it fails to plead any facts that constitute a showing of objective recklessness of any infringement risk.

2.      Plaintiff fails to allege causes of action for pre-complaint inducement of infringement and contributory infringement because it fails to plead Samsung had knowledge of the Asserted Patents before the complaint was filed and because it fails to plead any facts that demonstrate the required showing of intent.

Accordingly, this Court should dismiss Plaintiff's willful infringement claim in its entirety and its pre-complaint inducement and contributory infringement claims.

## IV. STATEMENT OF FACTS

***Willful Infringement***: Plaintiff alleges that "[a]t least as early as the service of this Complaint, Samsung has willfully infringed [each Asserted Patent]." D.I. 1, ¶¶ 81, 92, 103, 114, 125. In its prayer for relief, Plaintiff seeks: "An award of enhanced damages, including that the damages be trebled pursuant to 35 U.S.C. § 284, for Samsung's willful infringement of all claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that Samsung has and/or does infringe." *Id*. at 30. Plaintiff makes no other allegations with respect to willful infringement in its complaint.

***Inducement/Contributory Infringement***: For each asserted patent, Plaintiff makes the same set of allegations regarding inducement and contributory infringement. For example, Plaintiff makes the following assertions for the '916 patent:

> 74. Samsung has infringed, induced infringement, and/or contributed to infringement of the '916 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '916 Patent, including but not limited to cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards, including at least TS 36.211, .300, .321, .331, and .423.
>
> 75. On information and belief, Samsung has actively induced and is actively inducing third parties, such as Samsung's customers, to directly infringe the '916 patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). On information and belief, Samsung and/or its distributors or representatives have sold or otherwise provided cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards to third parties, such as Samsung's customers. Samsung's customers, on information and belief, have directly infringed and are directly infringing the '916 patent. Moreover, Samsung specifically intends for and encourages its customers to use their products in violation of the '916 patent. For example, by marketing and selling its cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards,

Samsung has encouraged and is encouraging its customers to use the products to directly infringe the '916 patent.

76. Further, on information and belief, Samsung has also contributed to and is contributing to direct infringement of the '916 Patent by third parties, such as Samsung's customers, in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(c). On information and belief, Samsung and/or its distributors or representatives have sold or otherwise provided cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards to third parties, such as Samsung's customers. Samsung's customers, on information and belief, have directly infringed and are directly infringing the '916 patent. Moreover, because the '916 Patent is essential to the LTE standards, Samsung's cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards are material in practicing the '916 Patent, are especially made to infringe the '916 Patent, and have no substantial non-infringing uses.

79. At least as early as the service of this Complaint, Samsung has knowingly induced others to directly infringe the '916 Patent.

80. At least as early as the service of this Complaint, Samsung has knowingly contributed to the infringement of the '916 Patent.

*See also* D.I. 1, ¶¶ 85-87 & 90-91 ('965 patent); 96-98 & 101-102 ('373 patent); 107-109 & 112-113 ('236 patent); 118-120 & 123-124 ('481 patent). Plaintiff makes no other allegations with respect to inducement or contributory infringement in its complaint.

***Knowledge Of The Asserted Patents***: Plaintiff alleges that "[a]t least as early as the service of this Complaint, Samsung has notice of [each Asserted Patent] and the infringement alleged herein." D.I. 1, ¶¶ 78, 89, 100, 111, 122. Plaintiff's complaint also asserts that on May 4, 2015, less than eight weeks before it filed its complaint in this case, it sent Samsung a letter "offering to negotiate a license with Samsung to its LTE Patent Portfolio on FRAND terms. The letter included a detailed list of Evolved Wireless's intellectual property, including identifying the patents in Evolved Wireless's LTE Patent Portfolio." *Id*. ¶ 70. Nowhere in its complaint does Plaintiff indicate how many patents were in the "list of Evolved Wireless's intellectual property" included in the letter nor any other details such as whether it alleged Samsung

-3-

infringed any of the patents in its list. Plaintiff never alleges that Samsung gained knowledge of the patents-in-suit by virtue of this letter. Nor does Plaintiff make any willful infringement allegations or inducement or contributory infringement allegations that relate in any way to this letter.

V. **ARGUMENT**

A complaint must include sufficient allegations "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted). The plaintiff has an obligation to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. A complaint must do more than aver an entitlement to relief; it must "show" such an entitlement through its factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). District courts are encouraged to identify deficiencies in a complaint at the pleading stage – "the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. 558 (internal citations omitted).

    A. <u>Plaintiff's Willful Infringement Claims Should Be Dismissed Because Plaintiff's Complaint Fails To Allege Pre-Complaint Knowledge Of The Asserted Patents Or Objective Recklessness</u>

To prove a cause of action for willful infringement, a patentee must satisfy an objective prong and subjective prong. Under the objective prong, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Under the subjective prong, "the patentee must also demonstrate that this objectively-defined risk ... was either known or so obvious that it should have been known to the accused infringer." *Id*. The Federal Circuit has further explained that willfulness claims

-4-

asserted in original complaints must be grounded exclusively in an accused infringer's pre-litigation conduct:

> [I]n ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct. It is certainly true that patent infringement is an ongoing offense that can continue after litigation has commenced. However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. Pro. 8, 11(b). *So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.* By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct. Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*Seagate*, 497 F.3d at 1374 (citations omitted) (emphasis added).

At the pleadings stage, plaintiffs alleging willful infringement must plead facts giving rise to "at least a showing of objective recklessness of the infringement risk." *Id.*; *see also Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*, 73 F. Supp. 3d 435, 441 (D. Del. 2014) (dismissing willful infringement claims because plaintiff failed to plead facts establishing pre-suit knowledge of the patents-in-suit or facts establishing objective recklessness)*; ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29 F. Supp. 3d 455, 458 (D. Del. 2014) (same). In addition, "[t]he complaint must demonstrate[] a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012) (internal quotation marks omitted).

Here, Plaintiff's complaint does not allege that Samsung had knowledge of its patents prior to the service of its complaint. Plaintiff merely alleges that "[a]t least as early as the service of this Complaint, Samsung has notice of [each Asserted Patent] and the infringement alleged herein." D.I. 7, ¶¶ 78, 89, 100, 111, 122. Thus, the alleged facts in the complaint only

support notice of the patents *after* the filing of the lawsuit.  This Court has consistently held that such allegations are insufficient to support a claim of willful infringement.  *See, e.g.*, *Rothschild Mobile Imaging Innovations, LLC v. Mitek*, 2015 WL 1467253 at *2-3 (D. Del. March 30, 2015) (Robinson, J.) (dismissing willful infringement claims because "mere notice of the charge of infringement gleaned from the complaint does not pass muster for a willfulness claim under Rule 8"); *Aeritas, LLC v. Alaska Air Grp., Inc.,* 893 F. Supp. 2d 680, 685 (D. Del. 2012) (dismissing willful infringement claims when plaintiff alleged that "Defendant's acts of infringement have been willful under 35 U.S.C. § 284 **since at least the date it was served with the Complaint in this action**.") (bold in original).

Nor does the complaint plead any facts establishing an "objective recklessness of the infringement risk" by Samsung.  *See, e.g.*, *Intellectual Ventures I LLC v. Toshiba Corp.,* 66 F. Supp. 3d 495, 499-501 (D. Del. 2014) (dismissing willful infringement claims when patentee failed to adequately plead knowledge of patents or objective recklessness).

In conclusion, Plaintiff's complaint fails to allege any facts showing that Samsung had knowledge of the Asserted Patents before filing its lawsuit and fails to allege any facts showing that Samsung's actions were objectively reckless.  Accordingly, Plaintiff's willful infringement allegations should be dismissed.

> B.   <u>Plaintiff's Pre-Complaint Inducement and Contributory Infringement Claims Should Be Dismissed Because Plaintiff's Complaint Fails To Allege Pre-Complaint Knowledge Of The Asserted Patents Or Specific Intent</u>

In its complaint, Plaintiff alleges that Samsung induces others to infringe and contributorily infringes the Asserted Patents.  The complaint alleges that inducement and contributory infringement occurred "[a]t least as early as the filing of the Complaint."  *See* D.I. 1, ¶¶ 79-80, 90-91, 101-102, 112-113, and 123-124.  Thus, the inducement and contributory infringement allegations are not limited to post-complaint conduct.

Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To prove inducement of infringement, the patentee "must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotations omitted). "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 131 S.Ct. 2060, 2068 (2011). Accordingly, a complaint alleging active inducement of infringement must allege knowledge of the patent and the requisite intent at the time of infringement. *Minkus Electronic Display Systems Inc. v. Adaptive Micro*, 2011 WL 941197, at *2 (D. Del. March 16, 2011) (Robinson, J.).

For contributory infringement, an infringer must sell, offer to sell or import into the United States a component of an infringing product "knowing [the component] to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use." 35 U.S.C. § 271(c); *see Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009). Contributory infringement under "§ 271(c) requires knowledge of the existence of the patent that is infringed." *Global–Tech,* 131 S.Ct. at 2068. As such, an allegation of contributory infringement must also plead requisite knowledge of the patent-in-suit at the time of infringement. *Minkus,* 2011 WL 941197, at *3.

In addition to the actual knowledge requirement, plaintiffs must also satisfy the "intent" requirement for inducement and contributory infringement. *MONEC,* 897 F. Supp. 2d at 234-35. To meet this requirement, Plaintiff must allege knowledge of the allegedly infringing nature of the asserted conduct, both under § 271(b) ("knowledge that the induced acts constitute patent

infringement") and § 271(c) ("knowledge that the combination for which [its] component was especially designed [is] both patented and infringing"). *Id.*

As explained above, Plaintiff failed to plead facts establishing that Samsung had actual knowledge of any of the Asserted Patents before the filing of its complaint. As a result, its pre-complaint inducement and contributory infringement claims must also be dismissed. Moreover, Plaintiff's complaint fails to allege any facts that would support the intent requirement for pre-complaint inducement or contributory infringement. For example, with regard to inducement Plaintiff's complaint states, "[a]t least as early as the service of this Complaint, Samsung has knowingly induced others to directly infringe the [Asserted Patent]" and "[m]oreover, Samsung specifically intends for and encourages its customers to use their products in violation of the [Asserted Patent]. For example, by marketing and selling its cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards, Samsung has encouraged and is encouraging its customers to use the products to directly infringe the [Asserted Patent]." None of these allegations include any facts that support pre-complaint intent.

Because Plaintiff's complaint fails to allege any facts showing that Samsung had knowledge of the Asserted Patents before filing its lawsuit and fails to allege any facts establishing the requisite intent, Plaintiff's pre-complaint inducement and contributory infringement claims should be dismissed.

## VI.   CONCLUSION

For the foregoing reasons, Samsung respectfully requests this Court to dismiss Plaintiff's claims of willful infringement and its pre-complaint inducement and contributory infringement claims pursuant to Fed. R. Civ. P. 12(b)(6).

                                                SHAW KELLER LLP

                                                */s/ Andrew E. Russell*
                                                John W. Shaw (No. 3362)
                                                Karen E. Keller (No. 4489)
                                                Andrew E. Russell (No. 5382)
                                                David M. Fry (No. 5486)
                                                300 Delaware Avenue, Suite 1120
                                                Wilmington, DE 19801
                                                (302) 298-0700
                                                arussell@shawkeller.com

                                                *Attorneys for Defendants*

OF COUNSEL:
Kevin P.B. Johnson
Victoria F. Maroulis
Todd M. Briggs
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5100

Dated: September 21, 2015