# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| EVOLVED WIRELESS, LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) C.A. No. 15-545-SLR <br> ) <br> ) **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## PLAINTIFF EVOLVED WIRELESS, LLC'S
## ANSWERING BRIEF IN OPPOSITION TO SAMSUNG'S MOTION TO DISMISS

Dated: October 8, 2015

Brian E. Farnan (Bar No. 4089)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Christopher K. Larus (admitted *pro hac vice*)
Ryan M. Schultz (admitted *pro hac vice*)
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
clarus@robinskaplan.com
rschultz@robinskaplan.com

Andrea L. Gothing (admitted *pro hac vice*)
ROBINS KAPLAN LLP
2440 W. El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
agothing@robinskaplan.com

**Counsel For Plaintiff Evolved Wireless, LLC**

# TABLE OF CONTENTS

                                                  **Page**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

I.     INTRODUCTION .............................................................................................................. 1

II.    NATURE AND STAGE OF THE PROCEEDINGS .......................................................... 1

III.   SUMMARY OF ARGUMENTS ........................................................................................ 2

IV.   COUNTERSTATEMENT OF FACTS ............................................................................... 2

V.    ARGUMENT ...................................................................................................................... 4

        A.    Legal Standard ........................................................................................................ 4

        B.    Samsung Asks this Court to Ignore the Factual Allegations in the Complaint ........... 5

        C.    The Complaint Adequately Alleges Facts Supporting Willful Infringement .............. 7

                1.    The Complaint Alleges Facts Supporting Samsung's Actual Pre-Suit Knowledge of the LTE Patent Portfolio ............................................................... 7

                2.    Samsung Acted Objectively Reckless by Refusing to Enter into Licensing Negotiations for Evolved Wireless's LTE Standard-Essential Patents ........................................................................................................ 8

        D.    The Complaint Alleges Facts Supporting Pre-Suit Contributory and Induced Infringement ........................................................................................................ 11

                1.    The Complaint Alleges Facts Supporting Pre-Suit Knowledge ....................... 12

                2.    The Complaint Alleges Facts Supporting Intent for Indirect Infringement ........................................................................................................ 12

VI.   CONCLUSION ................................................................................................................ 14

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aeritas, LLC v. Alaska Air Grp., Inc.*,
   893 F. Supp. 2d 680 (D. Del. 2012) ...................................................................................... 10

*Apeldyn Corp. v. Sony Corp.*,
   852 F. Supp. 2d 568 (D. Del. 2012) ........................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 5

*Cloud Farm Assocs., L.P. v. Volkswagen Group of Am., Inc.*.
   No. 10-502-LPS, 2012 U.S. Dist. LEXIS 104982 (D. Del. July 27, 2012) ............................. 8

*Courtesy Prods., LLC v. Hamilton Beach Brands, Inc.*,
   73 F. Supp. 3d 435 (D. Del. 2014) ................................................................................ 5, 7, 10

*Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*,
   No. 14-1430-LPS-CJB, 2015 U.S. Dist. LEXIS 130699
   (D. Del. Sept. 29, 2015) ........................................................................................................... 8

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) .................................................................................................... 5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011) .......................................................................................................... 11

*In re Seagate Tech. LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) ............................................................................................... 7

*InvestPic, LLC v. FactSet Research Sys.*,
   C.A. No. 10-1028-SLR, 2011 U.S. Dist. LEXIS 112891
   (D. Del. Sept. 30, 2011) ........................................................................................................... 5

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012) .................................................................................. 7, 10

*Netgear, Inc. v. Ruckus Wireless, Inc.*,
   852 F. Supp. 2d 470 (D. Del. 2012) ........................................................................... 10, 13, 14

*Phillips v. Cnty. of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) .................................................................................................... 5

*ReefEdge Networks, LLC v. Juniper Networks, Inc.*,
   29 F. Supp. 3d 455 (D. Del. 2014) ........................................................................................ 10

*Rothschild Mobile Imaging Innovations, LLC v. Mitek Sys., Inc.*,
  No. 14-617-SLR, 2015 U.S. Dist. LEXIS 40122 (D. Del. Mar. 30, 2015)..............................10

*Telecomm Innovations, LLC v. Ricoh Co.*,
  966 F. Supp. 2d 390 (D. Del. 2013)......................................................................................13

*Toshiba Corp. v. Imation Corp.*,
  681 F.3d 1358 (Fed. Cir. 2012).............................................................................................11

*United States ex rel Wilkins v. United Health Grp., Inc.*,
  659 F.3d 295 (3d Cir. 2011)....................................................................................................5

**Statutes**

35 U.S.C. § 271(c) ........................................................................................................................11

**Rules**

Fed. R. Civ. P. 12(b)(6)..............................................................................................................4, 5

## I.     INTRODUCTION

Samsung's motion to dismiss Evolved Wireless's willful infringement and pre-suit inducement and contributory infringement claims should be denied. The Complaint pleads the facts necessary to support Evolved Wireless's claims:

- Plaintiff Evolved Wireless, LLC ("Evolved Wireless") sought to license its standard-essential patents to Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") on FRAND terms for nearly eight months before it filed this lawsuit; (D.I. 1 ¶¶ 68-71.)
- Evolved Wireless sent Samsung seven separate communications seeking to engage in licensing discussions, including a letter dated May 4, 2015 specifically identifying the patents asserted in the present litigation; (*Id.*)
- Samsung rejected all of these efforts to license the patents, refusing to even enter licensing negotiations with Evolved Wireless. (*Id.* ¶ 72.)

Samsung asks the Court to disregard well-pled facts and instead hold that claims should be dismissed because, according to Samsung, the Complaint "fails to plead Samsung had knowledge of the Asserted Patents before the complaint was filed," fails to plead facts supporting objective recklessness, and fails to plead facts supporting intent for indirect infringement. (D.I. 12 at 1.) As discussed below, the Court should deny Samsung's motion in accordance with the pleading standards set forth by the Third Circuit and this Court.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On June 25, 2015, Evolved Wireless filed this patent infringement suit against Samsung alleging infringement of a standard-essential patent portfolio relating to Long Term Evolution ("LTE") wireless communication systems, which includes United States Patent Nos. 7,746,916, 7,768,965, 7,809,373, 7,881,236, and 8,218,481 (collectively referred to herein as "LTE Patent

Portfolio").[1] (D.I. 1 ¶ 18.) On July 20, 2015, the Court granted the parties joint stipulation to extend the time for Samsung to answer to September 21, 2015. (*See* D.I. 7.) On September 21, 2015, Samsung filed a motion to dismiss Evolved Wireless's willful infringement claim and claims for pre-suit induced and contributory infringement.[2] (D.I. 12.)

### III.   SUMMARY OF ARGUMENTS

1.   Samsung's proposed pleading standard is contrary to the standards set forth by the Third Circuit and this Court because Samsung ignores the factual allegations in the Complaint.

2.   The reasonable inferences drawn from the well-pled factual allegations concerning Evolved Wireless's pre-suit licensing efforts demonstrate that Evolved Wireless is entitled to relief for pre-suit willful and indirect infringement and that Evolved Wireless has given Samsung fair notice of the grounds underlying these claims.

### IV.   COUNTERSTATEMENT OF FACTS

Evolved Wireless's Complaint Asserts Each of the Following Facts:

Evolved Wireless owns the LTE Patent Portfolio by assignment from LG Electronics, Inc. ("LG"). (D.I. 1 ¶ 18.) The LTE standards are the result of LG's extensive participation in the Third Generation Partnership Project ("3GPP") and the European Telecommunications Standards Institute ("ETSI"). (*Id.* ¶ 19.) Specifically, LG made substantial contributions to solve significant technical challenges associated with the wireless telecommunications underlying the

---

[1] On the same day, Evolved Wireless brought five other related actions against LTE device manufactures, which are currently pending before the Court. *See Evolved Wireless, LLC v. Apple, Inc.*, Civil Action No. 15-cv-542-SLR, *Evolved Wireless, LLC v. HTC Corp.*, Civil Action No. 15-cv-543-SLR, *Evolved Wireless, LLC v. Lenovo Grp. Ltd.,* Civil Action No. 15-cv-544-SLR, *Evolved Wireless, LLC v. ZTE Corp.*, Civil Action No. 15-cv-546-SLR, and *Evolved Wireless, LLC v. Microsoft Corp.*, Civil Action No. 15-cv-547-SLR.

[2] Samsung was the only defendant to file a motion to dismiss—the remaining defendants in the five related actions all filed answers to the respective complaints.

LTE standards. (*Id.*; *see generally id.* ¶¶ 12-14.) The LTE Patent Portfolio is essential to the 3GPP 36 series Technical Specifications, which cover the LTE standards. (*Id.* ¶¶ 13, 18.) As essential to the LTE standards, Evolved Wireless offered to license the LTE Patent Portfolio on terms that are fair, reasonable, and non-discriminatory ("FRAND"). (*Id.* ¶ 71; *see generally id.* ¶¶ 15-18.)

Samsung sells and manufactures LTE capable smartphones, tablets, and other wireless devices. (*Id.* ¶¶ 64-65, 74, 85, 96, 107, 118.) Recognizing the significance of LTE technology, Samsung specifically markets and manufactures its devices as LTE capable or compliant. (*Id.* ¶¶ 65, 75-76, 86-87, 97-98, 108-109; *id.* Ex. 6.) To date, Samsung has manufactured over 90 different LTE devices with over 300 different LTE model numbers in the United States. (*Id.* ¶¶ 64, 77, 88, 99, 110, 121; *id.* App. A.)

Before filing this action, Evolved Wireless engaged in repeated and significant good faith efforts to license the patents-in-suit to Samsung on FRAND terms:

- On November 4, 2014, Evolved Wireless first contacted Samsung via letter sent to Anthony Kahng, Vice President at Samsung Electronics America, Inc. (*Id.* ¶ 68.) Evolved Wireless also e-mailed a courtesy copy of the letter to Mr. Kahng on the same day. (*Id.*) Samsung did not respond;

- On November 13, 2014, after receiving no response, Evolved Wireless sent a follow up e-mail in an attempt to open a dialog for licensing discussions. (*Id.*) Samsung did not respond;

- Then, on December 1, Evolved Wireless sent yet another email to Samsung attempting to facilitate licensing negotiations. (*Id.*) Again, Samsung did not respond;

3

- On December 17, 2014, Evolved Wireless continued its attempts to engage Samsung in licensing negotiations, sending another letter. (*Id*. ¶ 69.) Samsung did not respond;

- Evolved wireless followed up yet again, sending another e-mail to Samsung on January 6, 2015; (*Id*.)

- Finally, after six separate communications from Evolved Wireless, Mr. Kahng responded. (*Id.*) Without any discussion, Mr Kahng stated that Samsung was not interested in engaging in *any* licensing negotiations with Evolved Wireless for the LTE Patent Portfolio; (*Id.*)

- On May 4, 2015, nearly two months before filing the present suit, Evolved Wireless made yet another attempt to enter into discussions and license its portfolio on FRAND terms, sending Samsung a letter identifying each patent in the LTE Patent Portfolio and offering to license the patents to Samsung on FRAND terms. (*Id.* ¶ 70.) Consistent with its past behavior, Samsung did not respond.

In short, after sending seven separate communications to Samsung and faced with Samsung's persistent refusal to enter into licensing negotiations (despite manufacturing and selling over 90 different LTE devices with over 300 different LTE model numbers in the United States), Evolved Wireless was forced to file a Complaint for infringement of Evolved Wireless's LTE standard-essential patents. (*Id.* ¶¶ 64, 72, 77, 88, 99, 110, 121; *id.* App. A.)

## V. ARGUMENT

### A. Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether,

4

under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quotation omitted). Claims must not be dismissed if the Complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). The key issue is whether the plaintiff is "entitled to offer evidence to support the claims," and not whether the plaintiff "will ultimately prevail." *United States ex rel Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011) (quotation omitted). Post-*Twombly* pleading standards do not "'impose a probability requirement at the pleading stage,' but instead 'simply call[] for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (citing *Twombly*, 550 U.S. at 556). As this Court has consistently held, "the state of mind (intent, knowledge, willfulness) with which a person acts at any given time can only be proven indirectly from the surrounding circumstances," *InvestPic, LLC v. FactSet Research Sys.*, C.A. No. 10-1028-SLR, 2011 U.S. Dist. LEXIS 112891, at *6 (D. Del. Sept. 30, 2011), and the Court should take "a realistic view as to what a plaintiff can generally plead at this stage of the proceedings with respect to another party's knowledge." *Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 573 (D. Del. 2012).

### B.  Samsung Asks this Court to Ignore the Factual Allegations in the Complaint

Under this Court's Rule 12(b)(6) precedent, the Court "should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions." *Courtesy Prods., LLC v. Hamilton Beach Brands, Inc.*, 73 F. Supp. 3d 435, 438 (D. Del. 2014) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)). Notwithstanding, Samsung would have the Court ignore the facts and require ultimate legal conclusions. This is not proper.

5

The crux of Samsung's argument appears to be that Evolved Wireless has not alleged facts sufficient to support a claim of willful and indirect infringement as of Evolved Wireless's May 4, 2015 letter to Samsung. Specifically, Samsung contends that Evolved Wireless does not allege "Samsung gained knowledge of the patents-in-suit by virtue of [the May 4, 2015] letter" and that Evolved Wireless does not "make any willful infringement allegations or inducement or contributory infringement allegations that relate in any way to this letter." (D.I. 12 at 2.) These assertions are directly contradicted by the clearly pled factual allegations of Evolved Wireless's Complaint.

As discussed below, the well-pled factual allegations—including that the LTE standard-essential patents-in-suit were specifically identified in the May 4, 2015 letter to Samsung—are more than sufficient to support willful and indirect infringement as of May 4, 2015, and Evolved Wireless has fairly placed Samsung on notice of the grounds underlying these claims.

To the extent that it is understood, Samsung's motion appears to be based on the fact that the paragraphs reciting the asserted claims state "[a]t least as early as the service of this Complaint," rather than stating "at least as of receipt of the May 4, 2015 letter." (*See, e.g.*, D.I. 1 ¶¶ 78-81.) But Samsung cannot ignore the bold-faced section of the Complaint titled "LICENSING EFFORTS" that details Evolved Wireless's attempts to license the LTE Patent Portfolio to Samsung on FRAND terms, including explicitly identifying the patents-in-suit in the May 4 letter. (D.I. 1 ¶¶ 68-72.) The Complaint therefore pleads specific facts supporting pre-filing willfulness and indirect infringement and should not be dismissed merely to require replacing "service of this Complaint" with "May 4, 2015." Samsung asks the Court to ignore the factual allegations in the Complaint and the reasonable inferences thereof and urges the Court to

dismiss the claims for failure to plead ultimate legal conclusions. Samsung's request is contrary to the precedent of the Third Circuit and this Court, and Samsung's motion should be denied.

### C. The Complaint Adequately Alleges Facts Supporting Willful Infringement

Samsung's claim that the Complaint fails to adequately plead facts supporting willful infringement is without merit. Willful infringement is established with a two-pronged standard, an objective prong and a subjective prong. *Courtesy Prods., LLC v. Hamilton Beach Brands, Inc.*, 73 F. Supp. 3d 435, 441 (D. Del. 2014) (citing *In re Seagate Tech. LLC*, 497 F.3d 1360 (Fed. Cir. 2007)). Under the objective prong, a patentee must establish "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371. Second, the patentee must show that "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.* "At the pleading stage, a plaintiff alleging a cause of action for willful infringement must 'plead facts giving rise to at least a showing of objective recklessness of the infringement risk.'" *Courtesy Prods.*, 73 F. Supp. 3d at 441 (citation omitted). "Although 'actual knowledge of infringement or the infringement risk' need not be pled, the complaint 'must adequately allege factual circumstances in which the patents-in-suit [are] called to the attention' of the defendants." *Id.* (citing *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012)). Here is such a case.

#### 1. The Complaint Alleges Facts Supporting Samsung's Actual Pre-Suit Knowledge of the LTE Patent Portfolio

The well-pled facts of the Complaint demonstrate that Samsung had actual knowledge of the LTE standard-essential Patent Portfolio before the Complaint was filed. The Complaint confirms that Evolved Wireless sent seven separate communications to Samsung in repeated efforts to engage in licensing discussions on FRAND terms for the LTE standard-essential

patents. (D.I. 1 ¶¶ 68-70.) In the final letter, sent nearly two months before filing suit, Evolved Wireless identified each of the patents in the LTE Patent Portfolio. (*Id.* ¶ 70.) Based on these allegations, the Court can reasonably make the plausible inference that Samsung had actual knowledge of the patents at least as early as May 4, 2015, the date of Evolved Wireless's final letter to Samsung. *See Cloud Farm Assocs., L.P. v. Volkswagen Group of Am., Inc.*. No. 10-502-LPS, 2012 U.S. Dist. LEXIS 104982, at *9-10 (D. Del. July 27, 2012) (finding notice letter sufficient to satisfy knowledge requirement for pleading willful infringement); *see generally Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. 14-1430-LPS-CJB, 2015 U.S. Dist. LEXIS 130699, at *9 (D. Del. Sept. 29, 2015) (denying motion to dismiss even where the facts as alleged "may not make pre-suit knowledge *probable*" because "considered as a whole, they render it at least *plausible* that Defendants were aware of" the patent-in-suit). Additionally, the allegations raise a reasonable inference, and discovery may well reveal, that Samsung possessed actual knowledge of the patents-in-suit even earlier than May 4, 2015.

### 2. Samsung Acted Objectively Reckless by Refusing to Enter into Licensing Negotiations for Evolved Wireless's LTE Standard-Essential Patents

The Court can also reasonably infer objective recklessness based on the following facts pled in the Complaint:

- Evolved Wireless's LTE Patent Portfolio is essential to the LTE standards established by ETSI and 3GPP; (D.I. 1 ¶ 18.)

- Samsung sells and manufactures smartphones, tablets, and other wireless devices with LTE capabilities that comply with the LTE standards; (*Id.* ¶¶ 64-65, 74, 85, 96, 107, 118.)

- Samsung specifically markets and manufactures its devices to have LTE capabilities and to comply with the LTE standards; (*Id.* ¶¶ 65, 75-76, 86-87, 97-98, and 108-109.)

- Samsung manufactures over 90 different LTE devices with over 300 different LTE model numbers in the United States (*Id.* ¶¶ 64, 77, 88, 99, 110, 121; *id.* App. A.)

- Evolved Wireless attempted to license the patents to Samsung on FRAND terms for nearly eight months before filing suit through seven different communications (*Id.* ¶¶ 68-72.)

- Samsung purposefully ignored six of the seven communications; (*Id.*)

- Evolved Wireless sent Samsung a letter separately identifying each of the patents; (*Id.* ¶ 70.)

- Samsung refused to enter licensing negotiations for Evolved Wireless's LTE standard-essential patents; (*Id.* ¶¶ 64, 69, 72, 77, 88, 99, 110, 121; *id.* App. A.)

- Samsung continues to manufacture devices that practice and comply with the LTE standards without a license. (*Id.* ¶¶ 70, 82-83, 93-94, 104-105, 115-116, 126-127.)

In the motion to dismiss, Samsung ignores these well-pled factual allegations, arguing that the Complaint "fails to allege any facts showing that Samsung's actions were objectively reckless." (D.I. 12 at 6.) But the Court may reasonable infer that Samsung's decision to refuse to even enter into licensing negotiations on FRAND terms for a portfolio of LTE standard-essential patents, much less enter into a license, while making and selling products that practice the LTE standard is objectively reckless. Because the Complaint pleads facts establishing that Samsung's objectively reckless conduct occurred before Evolved Wireless filed the Complaint, the Complaint properly pleads pre-filing willful infringement. The Court should deny Samsung's

9

motion. *See Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 477 (D. Del. 2012) (denying motion to dismiss willful infringement claim where plaintiff alleged that defendant had pre-filing knowledge of the patent "yet infringed and continues to infringe the patent").

Notably, the cases cited by Samsung are distinguishable. For example, the complaint in *Courtesy Products* contained *no* factual allegations at all to establish either pre-complaint knowledge or objective recklessness. *Courtesy Prods.*, 73 F. Supp. 3d at 442; *see also Rothschild Mobile Imaging Innovations, LLC v. Mitek Sys., Inc.*, No. 14-617-SLR, 2015 U.S. Dist. LEXIS 40122, at *6 (D. Del. Mar. 30, 2015) (dismissing willful infringement claim where service of the complaint served as the only allegations supporting knowledge of the patents); *Aeritas, LLC v. Alaska Air Grp., Inc.*, 893 F. Supp. 2d 680, 685 (D. Del. 2012) (same). Similarly, *ReefEdge Networks* and *MONEC Holding* deal with knowledge by a single employee through prior employment or knowledge of a re-examined patent, respectively, and are likewise inapplicable. *See ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29 F. Supp. 3d 455, 458 (D. Del. 2014); *MONEC Holding*, 897 F. Supp. 2d at 232.

As alleged in the Complaint, Samsung was on actual notice of the LTE Patent Portfolio at least as early as May 4, 2015, the day Evolved Wireless sent Anthony Kahng, Vice President at Samsung Electronics America, Inc., a letter separately identifying each of the patents and offering Samsung a license on FRAND terms. Samsung acted with objective recklessness by refusing to enter any licensing negotiations for the LTE standard-essential patents, and after being informed of the patents, continuing to produce LTE devices without a license. Indeed, Samsung has manufactured over 90 different LTE devices with over 300 different LTE model numbers, and by repeatedly ignoring no less than six good-faith efforts to enter into discussions for a license to Evolved Wireless's LTE standard-essential patents on FRAND terms, Samsung

10

stuck its head in the sand and acted with reckless disregard of a high likelihood its actions constituted patent infringement.

### D. The Complaint Alleges Facts Supporting Pre-Suit Contributory and Induced Infringement

Samsung contends that Evolved Wireless "failed to plead facts establishing that Samsung had actual knowledge of any of the Asserted Patents before the filing of its complaint" and that the "complaint fails to allege any facts that would support the intent requirement for pre-complaint inducement or contributory infringement." (D.I. 12 at 8.) The well-pled factual allegations within the Complaint support both of these claims.

"To prove induced infringement, the patentee must show . . . that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012). "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). This requirement can be met through either actual knowledge of the patents or willful blindness. *Id.* "[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.* at 2070-71.

To prove contributory infringement, a patentee must show the infringer sells, offers to sell, or imports into the United States a component of a patented invention "knowing the same to be especially made or especially adapted for use in an infringement of such patent." 35 U.S.C. § 271(c). The infringer "must know 'that the combination for which his component was especially designed was both patented and infringing.'" *Global-Tech*, 131 S. Ct. at 2067.

11

### 1. The Complaint Alleges Facts Supporting Pre-Suit Knowledge

As discussed more fully above, the Complaint clearly alleges that Samsung had actual knowledge of the LTE Patent Portfolio before the Complaint was filed. Beginning almost eight months before filing the Complaint, Evolved Wireless sent Samsung seven separate communications attempting to engage in licensing discussions on FRAND terms for Evolved Wireless's LTE standard-essential patents, and Evolved Wireless separately identified each of the patents asserted in this litigation in its May 4, 2015 letter. (D.I. 1 ¶¶ 68-70.) The reasonable inferences from these allegations allow the Court to infer that Samsung had actual notice of the patents for both contributory and induced infringement.

### 2. The Complaint Alleges Facts Supporting Intent for Indirect Infringement

The facts pled in the Complaint also establish that despite receiving seven separate communications from Evolved Wireless, Samsung took deliberate actions to not enter licensing negotiations for Evolved Wireless's LTE standard-essential patents. Instead, Samsung chose to continue making and selling LTE devices to customers without a license, from which the Court can infer intent for indirect infringement. As alleged in the Complaint:

- Samsung specifically manufactures its devices that practice the LTE standards established by ETSI and 3GPP to have LTE capabilities and to comply with the LTE standards; (*Id.* ¶¶ 65, 75-76, 86-87, 97-98, 108-109; *id.* Ex. 6.)

- Samsung specifically markets to the public that its devices, including at least 90 different LTE devices and 300 different LTE model numbers, are compliant with the LTE standards; (*Id.* ¶¶ 64-65, 75-76, 86-87, 97-98, 108-109; *id.* Ex. 6.)

- For nearly eight months before filing suit, Evolved Wireless sought to license its LTE standard-essential patents to Samsung on FRAND terms, and separately identified the patents-in-suit prior to filing the Complaint; (*Id.* ¶¶ 68-72.)

12

- Samsung consistently refused Evolved Wireless's repeated attempts to enter into licensing negotiations. (*Id.* ¶ 72.)

As this Court has previously held, marketing and advertising materials directed towards consumers are sufficient to plead intent for indirect infringement. *Telecomm Innovations, LLC v. Ricoh Co.*, 966 F. Supp. 2d 390, 395 (D. Del. 2013); *see also Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 476 (D. Del. 2012). Here, the Complaint pleads facts demonstrating that Samsung specifically markets the infringing capabilities of its devices to consumers, and does so with knowledge of that infringement. Samsung's LTE devices infringe the LTE Patent Portfolio at least because the patents are essential to the LTE standard—by definition, it is not possible to practice the LTE standard and use the LTE capabilities of the devices without infringing the LTE standard-essential patents. The Complaint therefore properly alleges that Samsung, with actual knowledge of the LTE Patent Portfolio, induced and induces its customers to infringe the LTE Patent Portfolio by marketing its devices as LTE compliant and as operating according to the LTE standards. (D.I. 1 ¶¶ 65, 75, 86, 97, 108, 119.)

Moreover, the well-pled Complaint supports a reasonable inference that Samsung deliberately ignored a high probability of infringement. This is demonstrated by Samsung's decision to ignore the May 4, 2015 letter, as well as at least five other prior communications. Samsung cannot stick its fingers in its ears and now claim it did not hear Evolved Wireless's repeated attempts to license the LTE Patent Portfolio on FRAND terms. The Complaint supports the reasonable (and necessary) inference that Samsung's conduct was willfully blind and thus satisfies the knowledge requirement under § 271(b).

Samsung's motion similarly fails with respect to contributory infringement. Evolved Wireless alleges that Samsung's LTE devices are specifically adapted to operate according to the

13

LTE standard, are marketed to consumers as using LTE, have no other substantial non-infringing uses, and that by specifically manufacturing and marketing its devices with LTE capabilities, Samsung knows the devices are especially made to infringe LTE standard-essential patents. (D.I. 1 ¶¶ 65, 75-76, 86-87, 97-98, 108-109, 119-120.)

Thus, the well-pled allegations within the Complaint show Evolved Wireless is entitled to relief for contributory and induced infringement at least as early as May 4, 2015, the day Evolved Wireless sent Samsung a letter separately identifying each of the patents and offering a license on FRAND terms. Further, the allegations fairly provide Samsung with notice of the grounds underlying the indirect infringement claims and raise reasonable expectations that Evolved Wireless will uncover even earlier liability through discovery. Samsung's motion should be denied. *See Netgear*, 852 F. Supp. 2d at 477 (denying motion to dismiss because "[p]laintiff's claims are facially plausible and provide defendant with adequate notice of its indirect infringement claims").

## VI. CONCLUSION

The Complaint adequately pleads factual allegations supporting pre-suit willful and indirect infringement. First, Evolved Wireless attempted to negotiate with Samsung to license the LTE Patent Portfolio on FRAND terms for nearly eight months before filing suit with seven different communications, including a letter dated May 4, 2015 separately identifying the patents. Samsung refused to enter any discussions with Evolved Wireless, instead deliberately choosing to continue manufacturing LTE devices without taking a license to Evolved Wireless's LTE standard-essential patents. Further, Samsung specifically markets and manufactures its devices with LTE capabilities. The Court can reasonably infer from these allegations that Samsung had pre-suit knowledge of the patents, acted objectively reckless in continuing to manufacture LTE devices without a license, and had the requisite pre-suit intent for indirect

14

infringement. The allegations also fairly provide Samsung with notice of the grounds underlying these claims. As such, Evolved Wireless respectfully requests the Court deny Samsung's motion to dismiss the willful infringement and pre-suit indirect infringement claims.

Dated: October 8, 2015					Respectfully submitted,

							FARNAN LLP

							/s/ Brian E. Farnan
							Brian E. Farnan (Bar No. 4089)
							919 N. Market Street, 12th Floor
							Wilmington, Delaware 19801
							(302) 777-0300
							(302) 777-0301
							bfarnan@farnanlaw.com

							Christopher K. Larus (admitted *pro hac vice*)
							Ryan M. Schultz (admitted *pro hac vice*)
							ROBINS KAPLAN LLP
							800 LaSalle Avenue, Suite 2800
							Minneapolis, Minnesota 55402
							Telephone: (612) 349-8500
							Facsimile: (612) 339-4181
							clarus@robinskaplan.com
							rschultz@robinskaplan.com

							Andrea L. Gothing (admitted *pro hac vice*)
							ROBINS KAPLAN LLP
							2440 W. El Camino Real, Suite 100
							Mountain View, CA 94040
							Telephone: (650) 784-4040
							Facsimile: (650) 784-4041
							agothing@robinskaplan.com

							**Counsel For Plaintiff Evolved Wireless, LLC**