**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:15-cv-00542-SLR |
| | ) | |
| APPLE INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:15-cv-00543-SLR |
| | ) | |
| HTC CORPORATION and | ) | **JURY TRIAL DEMANDED** |
| HTC AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 1:15-cv-00544-SLR |
| LENOVO GROUP LTD., | ) | |
| LENOVO (UNITED STATES) INC., and | ) | **JURY TRIAL DEMANDED** |
| MOTOROLA MOBILITY, | ) | |
| | ) | |
| Defendants. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1:15-cv-00545-SLR |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. | ) | |
| and SAMSUNG ELECTRONICS | ) | |

| AMERICA, INC., | ) | |
|---|---|---|
| Defendants. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 1:15-cv-00546-SLR |
| ZTE CORPORATION, ZTE (USA) INC., and ZTE SOLUTIONS INC., | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 1:15-cv-00547-SLR |
| MICROSOFT CORPORATION, MICROSOFT MOBILE OY and NOKIA INC., | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## JOINT [PROPOSED] RULE 16 SCHEDULING ORDER

At Wilmington this 14th day of October, 2015, the parties having satisfied their obligations under Fed. R. Civ. P. 26 as described in the court's order for a scheduling conference; and the court having conducted its case management conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

**1. Fact Discovery.**

(a) <u>Discovery Cut-Off.</u> All fact discovery shall be commenced in time to be completed by **December 21, 2016**.

2

(b) <u>Case Management</u>. Consistent with this order and the court's order for a scheduling conference, all discovery disputes, and the overall management of discovery, are referred to a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(c) <u>Coordination</u>. The parties propose to coordinate fact discovery in the six (6) above-captioned cases, where practicable, through fact discovery and claim construction. Any submissions to the Court shall be filed in the specific case(s) to which they are believed in good faith to pertain. For purposes of counting discovery requests and deposition hours, all defendants in a single captioned case count as a single Defendant. To illustrate, there are 6 Defendants by this definition.

(d) <u>Initial Disclosures</u>. Absent agreement among the parties:

(1) The parties shall exchange the following information identified at the Rule 26(f) conference by **November 11, 2015**: The information required by Fed. R. Civ. P. 26(a)(1) and Paragraph 3 of the District of Delaware Default Standard for Discovery.

(2) On or before **November 13, 2015**, plaintiff shall identify the accused product(s)[1] and its damages model, as well as the claims of the asserted patent(s) the accused product(s) allegedly infringe(s). Plaintiff shall produce the file history for each asserted patent.

(3)

**Plaintiff's Additional Proposal:** On or before **December 14, 2015**, defendant shall produce to plaintiff the core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s) and all license agreements applicable to the accused products that include

---

[1] Including accused methods and systems.

standard-essential patents with respect to the 3GPP LTE standard. If Defendants cannot produce all applicable license agreements by this date, Defendants will provide a date certain.

**Defendants' Proposal:** On or before **January 13, 2016**, defendant shall produce to plaintiff the core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s)

    (4) The Magistrate Judge shall thereafter conduct a status conference to ensure that the initial exchanges have been meaningful.

    (5)

**Plaintiff's Proposal:** [If the Court enters the IPR provision proposed by Plaintiff in section 8(c), then Plaintiff proposes:] On or before **December 14, 2015,** plaintiff shall produce a list of the claims of the asserted patents the accused product(s) allegedly infringe(s).

**Defendants' Proposal:** On or before **November 13, 2015,** plaintiff shall produce a list of the claims of the asserted patents the accused product(s) allegedly infringe(s). Plaintiff shall not seek to assert additional claims after this date.

    (6)

**Plaintiff's Proposal:** On or before **February 5, 2016**, plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

**Defendants' Proposal:** On or before **February 24, 2016**, plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(7)

**Plaintiff's Proposal:** On or before **March 4, 2016**, defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

**Defendants' Proposal:** On or before **April 27, 2016**, defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

    (e)    <u>Document Production</u>.

    (1)    Maximum of **thirty (30)** requests for production by each party to any other party.

    (2)    Discovery of paper and electronic documents shall be completed on or before **July 15, 2016**.

    (3)

**Plaintiff's Additional Proposal:** The parties shall make rolling and proportional document productions during the document discovery period. The parties must timely supplement document productions in accordance with Federal Rule of Civil Procedure 26(e) if they learn of the existence of any additional response documents after the completion deadline.

    (f)    <u>Depositions</u>.

    (1)    No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be scheduled prior to the completion of document production.

    (2)    The number of depositions (and any other issues related to depositions) shall be addressed by the Magistrate Judge no later than the completion of document production.

    (3)    If a witness testifies in a language other than English, then one (1) hour of deposition time on the record will count as one-half (1/2) hour towards the overall deposition.

86200839.1

(4)

==Plaintiff's Additional Proposal:== If a party intends to produce a Rule 30(b)(6) or fact witness outside the United States, the party must identify the witness, their title, a brief description of their knowledge, the specific topic on which the witness will testify, and an explanation as to why the witness cannot travel to the United States or why a similar witness is not available in the United States. This disclosure shall be made to the requesting party thirty (30) days after the deposition notice is served. If agreement cannot be reached as to the deposition site of a witness located outside the United States, the Magistrate Judge will determine the site of the deposition.

==Defendant's Additional Proposal:== The parties agree that in this case the depositions of witnesses who reside in the United States shall take place within fifty (50) miles of the place of residence or employment of the deponent or at some other mutually agreeable location. The parties agree that in this case the depositions of any party witnesses who reside outside of the United States shall take place in the country of their residence or employment of the deponent or at some other mutually agreeable location. For witnesses designated under Rule 30(b)(6), the parties agree to meet and confer regarding why a similar witness is not available in the United States.

(g) <u>Written Discovery</u>.

(1) The Defendants shall be permitted to serve **fifteen (15) common interrogatories** (which shall be captioned in the same manner as this pleading), to which Plaintiff need only serve a single response (which also shall be captioned in the same manner as this pleading) that may be used by each Defendant in each case. Each Defendant shall also be permitted to serve an additional **ten (10) interrogatories** per case. Likewise, the Plaintiff shall be permitted to serve **fifteen (15) common interrogatories** (which shall be captioned in the same manner as this pleading), to which each

Defendant shall serve separate or joint responses as appropriate. Plaintiff shall also be permitted **ten (10) interrogatories** per case.

   (2) Final infringement contentions[2] shall be due on or before **November 18, 2016**.

   (3) Final invalidity contentions shall be due on or before **December 20, 2016**.

   (4) Maximum of **thirty (30)** requests for admission by each party to any other party. In addition, the parties may serve a reasonable number of requests for admission to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above.

   (h) <u>Supplementation</u>. No later than **August 10, 2016**, plaintiff must finally supplement, *inter alia*, the identification of all accused products. No later than **September 10, 2016** the defendants must finally supplement, *inter alia*, the identification of all invalidity references.

  **2.** **Joinder of Other Parties and Amendment of Pleadings.**

==Plaintiff's Proposal:== All motions to join other parties and/or to amend pleadings shall be filed on or before **March 31, 2016**.

==Defendants' Proposal:== All motions to join other parties and/or to amend pleadings, other than to assert a claim or defense of inequitable conduct, shall be filed on or before **March 9, 2016**. Motions to amend the pleadings to assert a claim or defense of inequitable conduct shall be filed on or before **November 15, 2016**.

---

 [2] The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

3. **Willfulness**. If willfulness has been asserted, defendant must inform plaintiff that it intends to rely on the opinion of counsel no later than **September 21, 2016**.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[3] for the purposes of exploring ADR.

5. **Claim Construction.**[4]

(a)

<mark>**Plaintiff's Proposal:**</mark> The parties shall simultaneously exchange lists of those claim terms in need of construction (along with their respective proposed constructions) on or before **March 22, 2016**.

<mark>**Defendants' Proposal:**</mark> The parties shall simultaneously exchange lists of those claim terms in need of construction (along with their respective proposed constructions) on or before **May 18, 2016**.

(b)

<mark>**Plaintiff's Proposal:**</mark> The parties shall agree upon and file a Joint Claim Construction Statement on **April 18, 2016**. For any contested claim limitation, each party must submit a proposed construction.[5]

<mark>**Defendants' Proposal:**</mark> The parties shall agree upon and file a Joint Claim Construction Statement on **June 15, 2016**. For any contested claim limitation, each party must submit a proposed construction.

---

[3] The court may also refer ADR to a Special Master.

[4] The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

[5] Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.

(c)

**Plaintiff's Proposal:** Plaintiff shall serve and file its opening brief on claim construction on or before **May 27, 2016**.

**Defendants' Proposal:** Plaintiff shall serve and file its opening brief on claim construction on or before **July 6, 2016**.

(d)

**Plaintiff's Proposal:** Defendant shall serve and file its answering claim construction brief on or before **June 27, 2016**.

**Defendants' Proposal:** Defendant shall serve and file its answering claim construction brief on or before **August 3, 2016**.

(e)

**Plaintiff's Proposal:** Plaintiff shall serve and file its reply brief on or before **July 18, 2016**.

**Defendants' Proposal:** Plaintiff shall serve and file its reply brief on or before **August 24, 2016**.

(f)

**Plaintiff's Proposal:** Defendant shall serve and file its surreply brief on or before **August 8, 2016**.

**Defendants' Proposal:** Defendant shall serve and file its surreply brief on or before **September 14, 2016**.

(g)

<mark>**Plaintiff's Proposal:**</mark> The court shall conduct a hearing on claim construction on **August 22, 2016**.[6]

<mark>**Defendants' Proposal:**</mark> The court shall conduct a hearing on claim construction on \_\_\_\_**2016**.

(h)

<mark>**Plaintiff's Proposal:**</mark> The court shall issue its decision on claim construction on or before **October _____, 2016**.

<mark>**Defendants' Proposal:**</mark> The court shall issue its decision on claim construction on or before **_____, 2016**.

(i)

<mark>**Plaintiff's Proposal:**</mark> The court shall thereafter conduct a status conference on **October 30, 2016**, the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

<mark>**Defendants' Proposal:**</mark> The court shall thereafter conduct a status conference on **_____, 2016**, the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

6. **Expert Discovery.**

    (a) All expert discovery shall be commenced in time to be completed by **April 28, 2017**.

---

[6] Unless otherwise directed, the court shall conduct its proceedings in courtroom 4B, fourth floor United States Courthouse, 844 King Street, Wilmington, Delaware.

(b) Expert reports on issues for which the parties have the burden of proof shall be served on or before **February 1, 2017**. Rebuttal expert reports shall be served on or before **March 1, 2017**. Supplemental reports (on, e.g., secondary considerations of obviousness) shall be served on or before **March 28, 2017**.

(c)

**Plaintiff's Proposal:** Absent agreement by the parties, the number and length of expert depositions shall be addressed by the Magistrate Judge no later than the deadline for service of rebuttal expert reports.

**Defendants' Proposal:** Expert depositions are limited to a maximum of **seven (7)** hours per report, absent agreement of the parties or order of the court. If an expert submits a report on both infringement/non-infringement and validity/invalidity, the expert may be deposed for a maximum of **seven (7)** hours on each report. Each defendant shall have seven (7) hours to depose plaintiff's infringement expert regarding the expert's infringement report and seven (7) hours to depose plaintiff's damages expert regarding the expert's damages report. In cases where more than one party is made the subject of a single report, the parties shall meet-and-confer to determine an appropriate extension to the length of the deposition.

(d) The court shall conduct an in-person status conference on _____, **2017** if the parties have any issues regarding expert discovery. No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate.

**7. Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any

expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial. It is expected that all such witnesses have been vetted during the fact discovery process.

   **8.    Motion Practice.**

   (a)    All motions to dismiss, to amend, and to transfer (and any discovery motions permitted by a Magistrate Judge) shall be resolved by a Magistrate Judge, pursuant to 28 U.S.C. § 636.

   (b)    All other motions, including motions to stay and for summary judgment, shall be referred, if at all, on an individualized basis.

   (c)

**Plaintiff's Proposal:** If one or more defendants files and serves petitions for inter partes review with the United States Patent and Trademark Office for all of the asserted patents identified in the Complaint on or before December 14, 2015, plaintiff will consent to a motion to stay pending resolution of the inter partes review proceedings. After the decisions regarding institution of all petitions for inter partes review have been entered, the parties will meet and confer regarding whether to continue to stay the litigation and will bring any disputes before the Court. Further, all Defendants agree to be bound by the estoppel provisions in 35 U.S.C. § 315, regardless of whether the Defendant was a named party to the petition. The parties further agree that discovery, excluding the initial disclosures described above having deadlines before December 14, 2015, will be stayed up and through December 14, 2015. If petitions for inter partes review with the United States Patent and Trademark Office for all of the asserted patents identified in the Complaint are not filed and served on or before December 14, 2015, the agreed upon stay will be lifted and discovery will commence immediately. Defendants agree not to seek to stay

the litigation based on any petition for inter partes review on any asserted patent filed after December 14, 2015.

(d) All summary judgment motions shall be served and filed on or before **May 18, 2017**. Absent order of the court, no summary judgment motion may be filed earlier than said date, and no such motion may be filed in the absence of a jury demand.

(1) Opening briefs on infringement and invalidity shall be served and filed on **May 18, 2017**.

(2) Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on **June 20, 2017**.

(3) Where cross-motions are presented:

(i) Combined answering-reply briefs on infringement and invalidity in response to the briefs filed pursuant to (2) above shall be served and filed on **July 20, 2017**.

(ii) Reply briefs on noninfringement and validity shall be served and filed on **August 10, 2017**.

(4) Where cross-motions are not presented:

(i) Answering briefs on infringement and validity shall be served and filed on **June 13, 2017 (at least 14 days after the date in (1) above).** Answering briefs on noninfringement and invalidity shall be served and filed on **July 13, 2017 (at least 14 days after the date in (2) above)**.

(ii) Reply briefs on infringement and validity shall be served and filed on **July 11, 2017**. Reply briefs on noninfringement and invalidity shall be served and filed on or before **August 1, 2017**.

(5) The court shall hear oral argument on said motion(s) on _____, **2017**.

**9. Communications with the Court.**

(a) Absent express approval by the court, any application to the court for relief shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No telephone calls shall be made to chambers.

(c) Any party with an emergency matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the court's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. **NO ATTACHMENTS** shall be submitted in connection with said e-mails.

(d) To be considered timely filed, all papers shall be electronically filed on or before 8:00 p.m. Eastern Time.

**10. Motions in Limine**. No motions in limine shall be filed. Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

**11. Pretrial Conference.** A pretrial conference shall be held on **January 8, 2018**. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

**12. Trial**.

**Plaintiff's Proposal:** This matter is scheduled for a 10 day jury trial commencing on **January 29, 2018**. For purposes of completing pretrial preparations, the parties should plan on being allocated a

14

total number of hours in which to present their evidence and argument. If the Court deems appropriate, common issues of law and/or fact may be tried in a single trial.

**Defendants' Proposal:** Each matter is to be tried separately, with a first two-week jury trial commencing on **January 29, 2018**. The order of the trials in each matter shall be determined at a trial scheduling conference on _____, 2017. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument.

 

_____
United States District Judge

15

86200839.1