IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-545-SLR-SRF |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD. | ) | |
| and SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**I.  INTRODUCTION**

Presently before the court in this patent infringement action is defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") motion to dismiss plaintiff Evolved Wireless, LLC's ("Evolved Wireless" or "plaintiff") willful infringement claims and claims for pre-complaint inducement and contributory infringement pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 11) For the following reasons, I recommend that the court grant Samsung's partial motion to dismiss.

**II.  BACKGROUND**

On June 25, 2015, Evolved Wireless filed a complaint asserting infringement of United States Patent Numbers 7,746,916 ("the '916 patent"), 7,768,965 ("the '965 patent"), 7,809,373 ("the '373 patent"), 7,881,236 ("the '236 patent"), and 8,218,481 ("the '481 patent") (collectively, the "patents-in-suit") directed to Long Term Evolution ("LTE") wireless communication systems. (D.I. 1) Evolved Wireless owns the patents-in-suit by assignment from LG Electronics, Inc. ("LG"). (*Id.* at ¶ 18) LG is a member of the European Telecommunications

Standards Institute ("ETSI"), and participated extensively in the Third Generation Partnership Project ("3GPP") Working Group meetings to develop the LTE standards. (*Id.* at ¶ 19) The patents-in-suit are essential to the 3GPP 36 Series technical specifications, which cover the LTE standards. (*Id.* at ¶ 18)

Samsung sells and manufactures LTE capable smartphones, tablets, and other wireless devices. (*Id.* at ¶¶ 64-65, 74, 85, 96, 107, 118) Samsung has manufactured over ninety different LTE devices with over 300 different LTE model numbers in the United States. (*Id.* at ¶¶ 64, 77, 88, 99, 110, 121)

Before filing the instant case, Evolved Wireless offered to license the patents-in-suit to Samsung on terms that are fair, reasonable, and non-discriminatory ("FRAND"). (*Id.* at ¶ 71) Specifically, Evolved Wireless sent emails and letters to Samsung attempting to open a dialog for licensing discussions on six occasions, beginning on November 4, 2014 and continuing through January 6, 2015. (*Id.* at ¶¶ 68-69) Following the January 6, 2015 communication, Samsung responded that it was not interested in engaging in any licensing negotiations with Evolved Wireless. (*Id.* at ¶ 69) Evolved Wireless does not allege that it identified any patents in the first six communications regarding potential licensing negotiations. On May 4, 2015, Evolved Wireless sent a letter to Samsung identifying the patents-in-suit and offering to license the patents to Samsung on FRAND terms. (*Id.* at ¶ 70) Samsung did not respond to the May 4, 2015 communication.

## III. LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view

them in the light most favorable to the plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

When determining whether dismissal is appropriate, the court must take three steps.[1] *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must identify the elements of the claim. *Iqbal*, 556 U.S. at 675. Second, the court must identify and reject conclusory allegations. *Id.* at 678. Third, the court should assume the veracity of the well-pleaded factual allegations identified under the first prong of the analysis, and determine whether they are sufficiently alleged to state a claim for relief. *Id.*; *see also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The third prong presents a context-specific inquiry that "draw[s] on [the court's] experience and common sense." *Id.* at 663-64; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

---

[1] Although *Iqbal* describes the analysis as a "two-pronged approach," the Supreme Court observed that it is often necessary to "begin by taking note of the elements a plaintiff must plead to state a claim." 556 U.S. at 675, 679. For this reason, the Third Circuit has adopted a three-pronged approach. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

3

misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. DISCUSSION

### A. Willfulness

The Federal Circuit has set forth a two-pronged standard for establishing willful infringement, an objective prong and a subjective prong. With respect to the former, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (internal citations omitted). If the objective prong is satisfied, the patentee must next establish that "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.* This subjective prong hinges on the fact finder's assessments of the credibility of witnesses. *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 557 (D. Del. 2011). "The drawing of inferences, particularly in respect of an intent-implicating question such as willfulness, is peculiarly within the province of the fact finder that observed the witnesses." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006) (citation and internal quotation marks omitted).

At the pleadings stage, a plaintiff alleging a cause of action for willful infringement must "plead facts giving rise to at least a showing of objective recklessness of the infringement risk." *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett–Packard Co.*, C.A. No. 10-425-LPS, 2012 WL 1134318, at *2–3 (D. Del. Mar. 28, 2012) (internal citation and quotation marks omitted). "Actual knowledge of infringement or the infringement risk is not necessary to plead a

4

claim for willful infringement," but the complaint must adequately allege "factual circumstances in which the patents-in-suit [a]re called to the attention" of the defendants. *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012). In addition, "[t]he complaint must demonstrate a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known." *Id.*

### 1. Pre-suit knowledge of patents-in-suit

In support of the motion to dismiss Samsung contends that Evolved Wireless failed to allege that Samsung had knowledge of the patents-in-suit before the complaint was filed as required to establish a viable claim for willful infringement. (D.I. 12 at 5-6) In response, Evolved Wireless argues that the complaint contains allegations showing that Samsung gained knowledge of the patents-in-suit by virtue of the May 4, 2015 licensing letter, which specifically identified the patents-in-suit and details the licensing efforts of Evolved Wireless. (D.I. 15 at 6)

Evolved Wireless has failed to adequately plead pre-suit knowledge of the patents-in-suit, which is fatal to the claims for willful infringement. The complaint repeatedly alleges that Samsung was on notice of each of the patents-in-suit "[a]t least as early as the service of this Complaint." (D.I. 1 at ¶¶ 78, 89, 100, 111, 122) These allegations, by themselves, are insufficient to state a claim for willful infringement because courts within this district have determined that "the mere notice of the charge of infringement gleaned from the complaint does not pass muster for a willfulness claim under Rule 8." *Rothschild Mobile Imaging Innovations, LLC v. Mitek Systems, Inc.*, C.A. No. 14-617-SLR, 2015 WL 1467253, at *3 (D. Del. Mar. 30, 2015); *see also Aeritas, LLC v. Alaska Air Grp., Inc.*, 893 F. Supp. 2d 680 (D. Del. 2012) ("assertions of willful infringement do not pass muster under Rule 8, given . . . the Federal

Circuit's recognition that willfulness ordinarily depends on an infringer's prelitigation conduct . . . ."). The complaint further identifies Evolved Wireless' efforts to license the patents-in-suit to Samsung on FRAND terms prior to the filing of the complaint, which culminated in the May 4, 2015 letter that "included a detailed list of Evolved Wireless's intellectual property, including identifying the patents in Evolved Wireless's LTE Patent Portfolio." (D.I. 1 at ¶¶ 68-72) However, the May 4, 2015 letter[2] is the first communication from Evolved Wireless that identifies the patents owned, and includes a list of eighty-five U.S. and foreign patents and applications, stating that "the use of one or more patent claims in the portfolio is required to practice or otherwise comply with LTE standards or technical specifications." (D.I. 17, Ex. A) The letter does not specifically identify the patents-in-suit in this action from the list of eighty-five patents and patent applications. (*Id.*)

The allegations in the complaint are insufficient to establish that Samsung had pre-suit knowledge of the patents-in-suit. Courts facing analogous circumstances to the facts presented in the instant case have determined that a patent included in an appendix containing dozens of patents does not place a defendant on notice of the patents-in-suit. For example, in *Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*, the plaintiff sent a notice letter listing thirty-nine patents, and identifying five specific patents for further discussion, none of which were the

---

[2] The court may consider documents that are referenced in the complaint on a motion to dismiss filed pursuant to Rule 12(b)(6). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994); *see also Spherix Inc. v. Cisco Systems, Inc.*, C.A. No. 14-393-SLR, 2015 WL 1517435, at *1 (D. Del. Mar. 31, 2015) ("[A] court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference."). The May 4, 2015 letter is referenced at paragraph 70 of the complaint. (D.I. 1 at ¶ 70) ("On May 4, 2015, Evolved Wireless sent Mr. Kahng another letter again offering to negotiate a license with Samsung to its LTE Patent Portfolio on FRAND terms. The letter included a detailed list of Evolved Wireless's intellectual property, including identifying the patents in Evolved Wireless's LTE Patent Portfolio.")

6

patent at issue in the case. 77 F. Supp. 3d 756, 766 (N.D. Ill. 2015). The court concluded that the listing of the patent-in-suit in the appendix of thirty-nine patents without further explanation was insufficient to create a triable issue[3] as to the defendant's knowledge at the time. *Id.* Likewise, in *Intellectual Ventures I LLC v. Toshiba Corp.*, the court concluded that "[w]here, as here, all the information relating to notice is in the hands of plaintiffs and it is a matter of public knowledge that plaintiffs own hundreds of patents, a general allegation about 'discussions' or 'a presentation' is insufficient to withstand a motion to dismiss." 66 F. Supp. 3d 495, 499 (D. Del. 2014).

The cases cited by Evolved Wireless in support of its position are inapposite. Specifically, in *Cloud Farm Assocs., L.P. v. Volkswagen Group of Am., Inc.*, the notice letter specifically identified the patent-in-suit in the subject line and was therefore found to be sufficient to satisfy the knowledge requirement for pleading willful infringement. C.A. No. 10-502-LPS, 2012 WL 3069390, at *3 (D. Del. July 27, 2012). In contrast, the May 4, 2015 notice letter in the present case does not specifically identify any of the eighty-five listed patents in the body of the letter itself. Moreover, the court's conclusion that pre-suit knowledge was probable in *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.* was based on both the detailed, specific discussions regarding the parent of the patent-in-suit, and the fact that the patent-in-suit itself was well-known in the industry. C.A. No. 14-1430-LPS-CJB, 2015 WL 5725768, at *3 (D. Del. Sept. 29, 2015). The complaint in the instant case contains no allegations that the patents-in-suit are well-known in the industry. (D.I. 1)

---

[3] Although *Cascades Computer Innovation* was decided on a motion for summary judgment, the court's assessment of this issue centered on an analysis of the notice letter. 77 F. Supp. 3d at 766. As previously discussed at footnote 2, *supra*, the court has evaluated the May 4, 2015 letter in connection with the pending motion to dismiss, as the letter was incorporated by reference in paragraph 70 of the complaint. (D.I. 1 at ¶ 70)

7

However, the court rejects the timing argument raised by Samsung. The May 4, 2015 notice letter, which was sent fifty-two days before the complaint was filed, is not sufficiently comparable to cases rejecting a finding of knowledge when the notice letter was sent one day before the complaint was filed. *See Intellectual Ventures I*, 66 F. Supp. 3d at 500; *Spherix*, 2015 WL 1517435, at *2; *Orlando Commc'ns LLC v. LG Elecs., Inc.*, 2015 WL 1246500, at *12 (M.D. Fla. Mar. 16, 2015). When a notice letter is filed one day before the infringement suit commences, the defendant does not have sufficient time to react to the notice letter to prevent a suit from being filed. In contrast, while fifty-two days may not be a lengthy time to carefully assess the infringement risk posed by a list of eighty-five patents, Samsung had enough time to file some form of response to the letter during that time. The complaint alleges that Samsung did not respond to the letter, and Samsung does not dispute this factual assertion. (D.I. 1 at ¶ 72) The court's decision in Samsung's favor is based on the deficiencies in the May 4, 2015 notice letter regarding the identity of the patents-in-suit. The letter's timing in relation to the present suit does not affect the court's analysis.

In view of the foregoing authority, the court concludes that Evolved Wireless has failed to plead that Samsung had pre-suit knowledge of the patents-in-suit. Evolved Wireless failed to specifically highlight the patents-in-suit in the body of the May 4, 2015 letter.

### 2. Objective recklessness

Samsung further contends that the complaint is devoid of facts establishing an objective recklessness of the infringement risk because the May 4, 2015 letter does not claim that Samsung infringes any of the patents-in-suit, and there is no allegation demonstrating a link between knowledge of the patents-in-suit and the known risk of infringement. (D.I. 12 at 6; D.I. 17 at 4-5) In response, Evolved Wireless contends that the complaint adequately pleads objective

recklessness by establishing that Samsung had actual knowledge of the patents-in-suit before the complaint was filed as a result of Evolved Wireless' licensing efforts. (D.I. 15 at 7-8) According to Evolved Wireless, the complaint also establishes that the patents-in-suit are essential to the LTE standards, and Samsung sells and manufactures wireless devices with LTE capabilities that comply with the LTE standards. (*Id.* at 8-9) Evolved Wireless alleges that the court may reasonably infer from the allegations in the complaint that Samsung's decision to refuse to enter into licensing negotiations for the patents-in-suit, while making and selling products that practice the LTE standard, is objectively reckless. (*Id.* at 9)

Evolved Wireless has failed to adequately plead objective recklessness in the present matter. Evolved Wireless directs the court to passages in the complaint alleging that the patents-in-suit are essential to the LTE standards, that Samsung sells, markets, and manufactures wireless devices that comply with the LTE standards, and that Samsung ignored Evolved Wireless' multiple attempts to license the patents-in-suit while continuing to manufacture the LTE compliant devices. (D.I. 1 at ¶¶ 18, 64-65, 68-72, 74-77, 82-83, 85-88, 93-94, 96-99, 104-105, 107-110, 115-116, 118, 121, 126-127) As previously discussed, the complaint fails to establish that Samsung had knowledge of the patents-in-suit prior to the filing of the complaint. Moreover, the May 4, 2015 letter does not expressly accuse Samsung of infringement or identify specific products made by Samsung that might infringe the patents-in-suit. *See Bradium Tech. LLC v. Microsoft Corp.*, C.A. No. 15-31-RGA, D.I. 40 (D. Del. Feb. 2, 2016) (dismissing willful infringement claim, noting that "[t]he vague licensing letters do not help Plaintiff's case on the knowledge of infringement issue," where the licensing letter identifies three patents and one patent application, but does not directly accuse Microsoft of infringement and does not identify any Microsoft products that allegedly infringe); *LaserDynamics USA, LLC v. Cinram Group,*

*Inc.*, 2015 WL 6657258, at *6-7 (S.D.N.Y. Oct. 30, 2015) (concluding that the licensing letters were insufficient to meet the knowledge requirement because the letters "do not even forthrightly state legal conclusions, but rather attempt primarily to goad Defendants to sign licensing agreements."). As such, none of the cited passages of the complaint establish that Samsung was objectively reckless in continuing to produce LTE devices because nothing in the complaint demonstrates that Samsung was aware of the risk of infringement. Samsung's refusal to enter into a licensing agreement with Evolved Wireless in response to a letter that did not accuse Samsung of infringement, did not identify any allegedly infringing products made by Samsung, and did not specifically identify the patents-in-suit from the appendix of eighty-five patents and patent applications does not demonstrate that Samsung was objectively reckless in continuing to manufacture, market, and sell the LTE devices.

Evolved Wireless's reliance on *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 477 (D. Del. 2012) is misplaced because the facts are distinguishable from the circumstances presently before the court. In *Netgear*, the record demonstrated that the defendant had knowledge of the asserted patent and had previously licensed the same asserted patent. No such facts are present in the instant case.

For the foregoing reasons, I recommend that the court grant Samsung's motion to dismiss the willful infringement allegations.

### B. Pre-Complaint Induced and Contributory Infringement

To establish indirect infringement, a patent owner has available two theories: active inducement of infringement and contributory infringement. *See* 35 U.S.C. § 271(b) & (c). Liability for indirect infringement may arise "if, but only if, [there is] . . . direct infringement."

*Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961) (emphasis omitted)).

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." "To prove induced infringement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotations omitted). "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011). The knowledge requirement can be met by a showing of either actual knowledge or willful blindness. *See id.* "[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Id.* at 2070-71. "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (citations omitted).

To establish contributory infringement, the patent owner must demonstrate the following: (1) an offer to sell, sale, or import; (2) a component or material for use in a patented process constituting a material part of the invention; (3) knowledge by the defendant that the component is especially made or especially adapted for use in an infringement of such patents; and (4) the component is not a staple or article suitable for substantial noninfringing use. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) (citing 35 U.S.C. § 271(c)). Defendant "must know 'that the combination for which his component was especially designed was both

patented and infringing.'" *Global Tech*, 131 S. Ct. at 2067 (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).

### 1.    Knowledge

In support of the motion to dismiss, Samsung alleges that the inducement and contributory infringement allegations are not limited to post-complaint conduct, but the complaint fails to establish that Samsung had actual knowledge of the patents-in-suit before the complaint was filed. (D.I. 12 at 7-8) In response, Evolved Wireless contends that the complaint alleges actual knowledge of the patents-in-suit by Samsung prior to the filing of the complaint resulting from seven communications from Evolved Wireless to Samsung seeking to license the patents-in-suit. (D.I. 15 at 12)

For the reasons previously discussed in connection with the analysis of the willful infringement claims, Evolved Wireless has failed to sufficiently plead that Samsung had knowledge of the patents-in-suit and the infringement allegations prior to the filing of this action. *See* § IV.A.1, *supra*. Therefore, I recommend that the court dismiss the causes of action for pre-suit inducement and contributory infringement on this basis.

### 2.    Intent

Samsung further contends that the complaint fails to allege facts that would support the intent requirement for pre-complaint inducement and contributory infringement because Samsung had no knowledge of the infringement allegations prior to the commencement of this action, and therefore could not intend to infringe the patents-in-suit. (D.I. 12 at 8) In response, Evolved Wireless alleges that Samsung deliberately chose not to engage in licensing negotiations with Evolved Wireless and continued to make and sell LTE devices. (D.I. 15 at 12) According to Evolved Wireless, the complaint pleads facts demonstrating that Samsung markets the

infringing capabilities of its devices to consumers, which is sufficient to plead intent for indirect infringement. (*Id.* at 13)

Because the complaint fails to sufficiently allege that Samsung understood the infringing nature of the asserted conduct prior to commencement of the suit, Evolved Wireless has not adequately pleaded that Samsung specifically intended that its customers would infringe the patents-in-suit. As previously discussed, the May 4, 2015 letter did not identify any accused device or specifically allege infringement of the patents-in-suit by Samsung, its customers, or any other third party. "[M]arketing activities are not sufficient to constitute induced infringement unless the marketing activities are coupled with actual knowledge of the patents-in-suit and awareness that the accused products infringe the patent-in-suit." *ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29 F. Supp. 3d 455, 459 (D. Del. 2014); *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) ("Intent can be shown by circumstantial evidence, but the mere knowledge of possible infringement will not suffice."). Consequently, I recommend that the court grant Samsung's motion to dismiss as it pertains to the claims for pre-complaint inducement and contributory infringement.

## V.     CONCLUSION

For the foregoing reasons, I recommend that the court grant Samsung's partial motion to dismiss. (D.I. 11)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right

to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: March 15, 2016

Sherry R. Fallon
United States Magistrate Judge