# EXHIBIT A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| Evolved Wirless, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:15-cv-00545-SLR-SRF |
| | ) |
| Samsung Electronics Co., Ltd., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Qualcomm Incorporated  c/o CSC - LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DR STE 150N SACRAMENTO CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment 1. The deposition will be held at the date and location indicated below or at another mutually agreed upon date and location.

| Place: | Aptus Court Reporting
600 W. Broadway, Suite 300
San Diego, CA 92101 | Date and Time:
05/23/2016 9:00 am |
|---|---|---|

The deposition will be recorded by this method:    Audio-video and/or stenography

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  4/27/16

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Evolved Wireless, LLC                                                    , who issues or requests this subpoena, are:

Ryan M. Schultz,  800 LaSalle Ave, Ste. 2800, Minneapolis, MN 55402, RSchultz@robinskaplan.com, (612) 349-8408.

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:15-cv-00545-SLR-SRF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>ATTACHMENT 1 TO SUBPOENA TO QUALCOMM INCORPORATED</u>

### Definitions

For purposes of the listed Topics, the following terms shall have the following meanings:

1.      "Present Litigation" shall refer to civil action number 1:15-cv-00545-SLR-SRF filed in the District of Delaware.

2.       "Qualcomm," "You," or "Your" shall mean Qualcomm Inc., or all entities, including without limitation any parent, predecessors, successors, wholly or partially owned subsidiaries, and other persons from whom Qualcomm has the alleged legal right to obtain the information sought by these Requests.

3.       "Evolved Wireless" shall mean Evolved Wireless, LLC and its affiliates, representative, and agents.

4.      "Samsung" shall mean "Samsung Electronics Co. Ltd.," "Samsung Electronics America Inc.," and its present and former directors, officers, partners, agents, representatives, employees, consultants, attorneys, predecessors-in-interest, successors-in-interest, corporate parent(s), branches, subsidiaries, affiliates, principals, trustees, and/or any other person(s) acting or purporting to act on its behalf.

5.       "Person(s)" refers to and includes any natural person, corporation, company, proprietorship, partnership, joint venture, association, firm, government entity, or any other entity recognized by law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assignees, predecessors, and successors of each such person.

6.      "Asserted patents" means U.S. Patent Nos. 7,746,916, 7,768,965, 7,809,373, 7,881,236, and 8,218,481.

7.      The "'916 Patent" shall mean and refer to U.S. Patent No. 7,746,916.

8.      The "'965 Patent" shall mean and refer to U.S. Patent No. 7,768,965.

9.      The "'373 Patent" shall mean and refer to U.S. Patent No. 7,809,373.

10.     The "'236 Patent" shall mean and refer to U.S. Patent No. 7,881,236.

11.     The "'481 Patent" shall mean and refer to U.S. Patent No. 8,218,481.

12.     The "Identified LTE Technical Specifications" means versions 8 or later of the following LTE technical specification sections: TS 36.211 §§ 5.1.1 ("Physical channels"), 5.1.2 ("Physical signals"), 5.5 ("Reference Signals"), 5.5.2.2 ("Demodulation reference signal for PUCCH"), 5.7.1 ("Time and frequency structure"), 5.7.2 ("Preamble sequence generation"); TS 36.213 §§ 6.1 ("Physical non-synchronized random access procedure"); TS 36.300 §§ 10.1.2.1 ("Handover"), 10.1.3 ("Measurements"),10.1.5.2 ("Non-contention based random access procedure"); TS 36.321 §§ 3.1 ("Definitions": "HARQ information" and "Msg3"), 5.1.1 ("Random Access Procedure initialization"), 5.1.2 ("Random Access Resource selection"), 5.1.3 ("Random Access Preamble transmission") 5.4.1 ("UL Grant reception"), 5.4.2.1 ("HARQ entity"), 5.4.2.2 ("HARQ process"), 5.4.5 ("Buffer Status Reporting"), 6.1.3.1 ("Buffer Status Report MAC Control Elements"), 6.2.3 ("MAC payload for Random Access Response"); TS 36.331 §§ 5.3.5.4 ("Reception of a RRCConnectionReconfiguration including the mobilityControlInformation by the UE (handover)"), 5.5.3—5.5.5 ("Performing measurements", "Measurement report triggering", and "Measurement reporting"), 5.5.6.1 ("Actions upon handover and re-establishment"), 6.1.3.1 ("Buffer Status Report MAC Control Elements"), 6.2.2 ("Message Definitions": "RRCConnectionReconfiguration"), 6.3.2 ("Radio resource control information elements": "rach-ConfigDedicated"), 6.3.4 ("Mobility control information elements": "MobilityControlInformation"); and TR 21.905 § 3 ("Terms and definitions": "Cell Radio Network Temporary Identifier (C-RNTI)").

13.     The "Identified Chipsets" means MDM9200, MDM9215, MDM9215M, MDM9225M-1, MDM9600, MDM9615, MDM9615M, MDM9625M, MDM9635M, MSM7500A, MSM8916, MSM8926, MSM8928, MSM8930, MSM8930AA, MSM8930AB, MSM8960, MSM8974, MSM8974Pro, QSC6075, and QSC6085.

14.     The "Identified Products" means Samsung EK-GC120, EK-GN120, GT-I9505, SCH-I200, SCH-I415, SCH-I435, SCH-I535, SCH-I545, SCH-I605, SCH-I705, SCH-I915,

SCH-I925, SCH-I930, SCH-L710, SCH-LC11, SCH-R530, SCH-R820, SCH-R830, SCH-R890, SCH-R900, SCH-R910, SCH-R920, SCH-R940, SCH-R950, SCH-R960, SCH-R970, SCH-S960, SCH-S968, SGH-I187, SGH-I257, SGH-I317, SGH-I337, SGH-I437, SGH-I467, SGH-I497, SGH-I527, SGH-I537, SGH-I547, SGH-I577, SGH-I667, SGH-I717, SGH-I727, SGH-I747, SGH-I957, SGH-M819, SGH-M919, SGH-S970, SGH-T999, SM-G360A, SM-G360P, SM-G360R, SM-G360T, SM-G360V, SM-G386T, SM-G530A, SM-G530P, SM-G530R, SM-G530T, SM-G730A, SM-G730V, SM-G800A, SM-G800R, SM-G850A, SM-G860P, SM-G870A, SM-G900A, SM-G900A, SM-G900P, SM-G900R, SM-G900T, SM-G900T, SM-G900V, SM-G900V, SM-G920P, SM-G920R, SM-G920V, SM-G925P, SM-G925R, SM-G925V, SM-G928P, SM-G928R, SM-G928V, SM-J100V, SM-N900A, SM-N900A, SM-N900P, SM-N900P, SM-N900R, SM-N900T, SM-N900V, SM-N900V, SM-N910A, SM-N910P, SM-N910R, SM-N910T, SM-N910V, SM-N915A, SM-N915P, SM-N915R, SM-N915T, SM-N915V, SM-N920P, SM-N920R, SM-N920V, SM-P605V, SM-P607T, SM-P905V, SM-P907A, SM-S820L, SM-S890L, SM-S902L, SM-S906L, SM-S920L, SM-S975L, SM-T217A, SM-T217S, SM-T217T, SM-T237P, SM-T337A, SM-T337T, SM-T337V, SM-T357T, SM-T377P, SM-T537A, SM-T537R, SM-T537V, SM-T567V, SM-T707V, SM-T807P, SM-T807R, SM-T807V, SM-V100T, SM-W750V, SPH-I800, SPH-L300, SPH-L520, SPH-L600, SPH-L710, SPH-L720, SPH-L900, and SPH-P500.

15.     The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and applicable case law, and includes without limitation all written, printed, or recorded matter of any kind, including without limitation any information that is stored or carried electronically, by means of computer equipment or otherwise, and any information stored on any media accessible by electronic means, including information that has been deleted but is still reasonably accessible. A draft of a nonidentical copy, as well as any document bearing marks, including without limitation initials, stamps, or notations not a part of an otherwise identical copy, is a separate document within the meaning of this term.

16.     "Thing" means any tangible object other than a Document.

17.     "Communication" (or any variant thereof) means any contact between or among two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document; and any writings memorializing any personal or verbal contact such as face-to-face meetings, telephone conversations, voice mails, instant messages, or text messages.

18.     "Including" means "including but not limited to."

19.     The terms "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the individual request more inclusive.

20.     "Any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

21.     The term "concerning" means relating to, referring to, describing, evidencing, supporting, documenting, involving, or constituting.

22.     "ETSI" means the European Telecommunications Standards Institute and any committee, subcommittee, working group, or other entity that is currently or has ever been a part of the European Telecommunications Standards Institute.

23.     "3GPP" means the Third Generation Partnership Project and any partner, observer, affiliate, committee, subcommittee, working group, or other entity that is currently or has ever been a part of the Third Generation Partnership Project.

24.     "LTE" means the Long Term Evolution project of the 3GPP. Unless otherwise noted, "LTE" shall include the specifications of all Long Term Evolution releases.

**Instructions**

1.     This subpoena calls for You to provide testimony on the topics identified below under the heading "Topics of Deposition."

2.     Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, You are required to designate one or more officers, directors, managing agents, or other knowledgeable

persons to testify on Your behalf as to the following topics. You are requested to set forth, at least five (5) business days prior to the deposition date, each designee and the topics on which the designee will testify.

3.      The deposition will take place at 9:00 a.m. on May 23, 2016, or at another date and time agreed to by the parties, or at a date and time ordered by the Court, at the office of Aptus Court Reporting, 600 W. Broadway, Suite 300, San Diego, CA 92101. The deposition will continue from day-to-day until completed.

4.      The deposition will take place upon oral examination before an officer duly authorized by law to administer oaths and record testimony. Some or all of the deposition testimony may be recorded by stenography and video. Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and stenographer using software such as "LiveNote."

**<u>Topics of Deposition</u>**

**Topic No. 1:**   The authenticity and business record status of Documents and Things produced by You in response to Evolved Wireless's Subpoena for Documents and Things.

**Topic No. 2:**   The design, structure, function, and operation of the Identified Chipsets, or any other LTE chipset or baseband processor supplied by You to Samsung, as it relates to the Identified LTE Technical Specifications.

**Topic No. 3:**   For each Identified Chipset, or any other LTE chipset or baseband processor supplied by You to Samsung since 2008, the design and implementation of the source code module(s) that implement any portion of the Identified LTE Technical Specifications.

**Topic No. 4:**   All certifications, compliance, testing, and FCC approval testing related to LTE as to the Identified LTE Technical Specifications, for each of the Identified Chipsets, or any other LTE chipset or baseband processor supplied by You to Samsung in the United States since 2008.

**Topic No. 5:**   Differences in implementing the Identified LTE Technical Specifications between the Identified Chipsets or any other LTE chipset or baseband processor supplied by You to Samsung since 2008.

**Topic No. 6:**   Qualcomm's manufacturing, distribution, and sale of the Identified Chipset, or any other LTE chipset or baseband processor supplied by You to Samsung including the terms and location of any sale to Samsung since 2008.

**Topic No. 7:**   The negotiation and terms of any patent licenses or offers to license between you and Samsung where at least one party contended that one or more of the patents was standard essential to LTE.

**Topic No. 8:**   Communications between you and Samsung relating to the Present Litigation.

**Topic No. 9:**   Compliance with this subpoena. Identification of all documents and things relevant to and persons knowledgeable of the subject matter of this topic.