

May 11, 2016

**VIA ELECTRONIC FILING**
The Honorable Sherry R. Fallon
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

      Re:   *Evolved Wireless, LLC v. Apple, Inc., et al.*
              C.A. Nos. 15-542, 15-543, 15-544, 15-545, and 15-546-SLR-SRF

Dear Judge Fallon:

      Plaintiff Evolved Wireless, LLC submits this letter brief pursuant to the Motion for Teleconference filed for case numbers 15-542, 15-543, 15-544, 15-545, 15-546, and 15-547. There are three discovery disputes for the Court to resolve. Unless otherwise identified, the disputes are the same with all Defendants.

      First, Defendants failed to respond to several of Evolved Wireless's Interrogatories seeking the factual bases for their contentions, resting on the grounds that Evolved Wireless's Initial Infringement Contentions fail to provide sufficient information for Defendants to provide a response. Second, most of the Defendants improperly limited their responses to devices that Evolved Wireless expressly identified in its Initial Infringement Contentions, despite Evolved Wireless' clear disclosure that its claims extend to all of the Defendants' LTE-compliant devices. These Defendants refused to answer Evolved Wireless's Interrogatory 7 requesting identification of all products marketed as LTE-compliant. Finally, Defendants failed to respond to Interrogatories 8 and 9 requesting the identification of lawsuits, other proceedings, or licensing efforts where the Defendants have taken positions regarding the very FRAND obligation at issue here.

      For the first two issues, Evolved Wireless individually met and conferred with each Defendant regarding these and other issues between April 7 and April 14, 2016. For the third issue, Evolved Wireless met and conferred jointly with the Defendants on April 27, 2016. The Parties were unable to reach an agreement. For the reasons below, Evolved Wireless requests that the Court find in its favor regarding these three issues.

### I. Defendants Have Failed to Respond to Numerous Interrogatories Regarding The Factual Bases For Their Own Contentions.

      Each of the Defendants, except Samsung which has not filed an answer, have answered asserting that they do not infringe Evolved Wireless's patents. Yet, when asked by Evolved Wireless to disclose the factual bases for these assertions in Interrogatory 2, many Defendants objected with boilerplate language. Further, Defendants objected to that Interrogatory, and

others, on the grounds that they cannot answer due to alleged insufficiencies in Evolved Wireless's Initial Infringement Contentions.[1] As an initial matter, Interrogatory 2 seeks the factual bases for the Defendants' denial, in their answers, and does not depend upon the sufficiency of Evolve Wireless' contentions. Even if Evolved Wireless' Initial Infringement Contentions were at issue, however, the contentions sufficiently identify and describe how Defendants' accused products infringe each asserted claim.

Evolved Wireless has asserted that the Patents-in-Suit, and thus all of the asserted claims, are essential, or in other words necessary *in every instance*, to practice the LTE standard. Proof of infringement due to standard compliance as alleged by Evolved Wireless has been expressly endorsed by the Federal Circuit. *Fujitsu v. Netgear*, 620 F. 3d 1321, 1327 (Fed. Cir. 2010) ("[I]f an accused product operates in accordance with a standard, then comparing the claims to that standard is the same as comparing the claims to the accused product."); *see also Parallel Iron LLC v. NetApp Inc.*, 70 F. Supp. 3d 585, 592 n.1 (D. Del. 2014) (citing *Fujitsu*, 620 F.3d at 1327). In its Initial Infringement Contentions, Evolved Wireless provided evidence demonstrating that each accused product was marketed by Defendants as being LTE-compliant. Then, the initial claim chart for each asserted patent specifically identified and described how each asserted claim read on the LTE specification, including identifying the relevant subsection for each claim. Thus, Evolved Wireless has provided sufficient disclosure for Defendants to identify facts to support their position that the accused products do not infringe the asserted claims. As such, Defendants can and should respond to Evolved Wireless's discovery requests, such as why the accused products do not infringe the patents, despite practicing the standard.

As to the apparatus claims, Defendants argue that Evolved Wireless has not identified the specific hardware in the accused products that allegedly infringe the asserted apparatus claims. This argument is unsupportable. Evolved Wireless has clearly asserted that the identified LTE standards are mandatory for a device to access and use an LTE telecommunications network. As all of the identified sections are necessary to access and use an LTE-compliant network, *every* LTE-compliant device must have sufficient hardware or software capable of performing the functions described in the identified standard sections. Defendants market their accused products as compliant with the LTE standard. Thus, Evolved Wireless's Initial Infringement Contentions identify the hardware or software in the accused products that infringe the asserted apparatus claims.[2] As such, Defendants have more than sufficient notice as to how each accused product infringes the asserted apparatus claims to respond to the interrogatories.

---

[1] On this ground, Apple objected to Interrogatories 2, 4, and 6; HTC objected to Interrogatories 2, 3, 4, 5, and 7; Lenovo generally objected for all Interrogatories and specifically objected for Interrogatories 2, 4, and 6; Microsoft objected to Interrogatories 2, 4, and 6; Samsung generally objected to all Interrogatories and specifically objected to Interrogatories 2, 6, and 7; ZTE objected to Interrogatory 4. The relevant Interrogatories are attached as Ex. 1.
[2] While Evolved Wireless may supplement its contentions to include additional details, the Initial Infringement Contentions provide sufficient notice to Defendants for responding to Evolved Wireless's discovery requests.

## II. Defendants Have Failed to Identify All Products Promoted As LTE Compliant.

Defendants improperly limited their disclosures to products specifically identified in Evolved Wireless's infringement contentions.[3] The list of accused products produced by Evolved Wireless was compiled using extensive effort to determine all LTE-compliant devices for each Defendant. The list totaled over 500 models across all of the cases and relied on information available on the FCC website, crosschecked against publicly available advertisements and third party product descriptions. It is possible, however, that certain devices were not reasonably identifiable from these publicly available resources. After its search, Evolved Wireless was able to identify what it believes is the majority of the relevant devices. Evolved Wireless simply asks that Defendants identify any remaining devices that the Defendants themselves have advertised or promoted as LTE-compliant. Defendants' refusal to answer Evolved Wireless's Interrogatory No. 7, which seeks identification of all LTE-compliant devices, is improper.

In *Invensas Corp. v. Renesas Elecs. Corp.*, the Court adopted the following three factor test regarding discovery into unidentified accused products: (1) as to relevance, the specificity with which the plaintiff has articulated how the unaccused products are relevant to its existing claims of infringement (and how they are thus "reasonably similar" to the accused products at issue in those claims); (2) whether the plaintiff had the ability to identify such products via publicly available information prior to the request; and (3) the nature of the burden on defendant(s) to produce the type of discovery sought. 287 F.R.D. 273, 282 (D. Del. 2012). All three factors weigh in Evolved Wireless's favor.

As to factor one, Evolved Wireless asserts that all LTE-compliant devices infringe the Patents-in-suit in the same or substantially same manner. Defendants have yet to articulate any facts or evidence to the contrary. The devices that the Defendants market as LTE-compliant are therefore a specific and relevant subset of their product lines.

Factor two weighs in Evolved Wireless's favor as well. As explained above, Evolved Wireless went to exhaustive efforts to determine the scope of properly accused products. However, the precise contours of the Defendants' distribution networks—and what products are called throughout that network—are known only to the Defendants. It would be unfair for Defendants to refrain from identifying the remaining devices. Thus, the second factor falls in favor of Evolved Wireless.

Finally, Evolved Wireless's request to identify the unknown products is not burdensome. No entity is in a better position to confirm the accuracy of the accused products list and identify LTE-compliant products manufactured, used, sold, imported, or offered for sale in the United States than the Defendants themselves. Defendants should readily be able to compare the accused products with its LTE-compliant devices.

This Court has recognized that "targeted discovery regarding unaccused products can provide a party with the additional information it needs to diligently supplement its infringement contentions later in a case." *Invensas*, 287 F.R.D. at 283. To finish the substantial efforts

---

[3] This issue does not apply to Samsung and Apple.

previously invested, Evolved Wireless requests only discovery of targeted, relevant information resulting in only a minor burden. As such, this Court should rule in favor of Evolved Wireless.

### III. Defendants Have Failed to Identify Proceedings Where They Took Positions on The FRAND Obligation At Issue In Those Cases.

Interrogatories Nos. 8 and 9, Ex. 2, seek information regarding prior disputes and negotiations involving FRAND-encumbered patents like those in suit here. Defendants, excluding Lenovo, have asserted claims and defenses based on an alleged breach of FRAND. Evolved Wireless seeks identification of disputes or license negotiations where Defendants took positions as to the meaning and determination of FRAND. Evolved Wireless narrowed the requests to those negotiations and disputes involving patents encumbered with the same FRAND obligation as the Patents-in-suit, namely 3G and LTE. Defendants refused and instead proposed to limit their responses to only U.S. cases where the defendant was accused of infringing a LTE standard patent. This proposal is too narrow for the reasons discussed below as Evolved Wireless's requests only seek identification of situations where the same FRAND obligation issue arose. *See Wyeth v. Impax Labs., Inc.,* 248 F.R.D. 169, 170-171 (D. Del. 2006).

The FRAND obligation at issue in this case applies to all patents declared to the standard setting body ETSI as essential to the 3G and LTE standards – whether those patents are issued by the USPTO or a foreign patent office. C.A. No. 15-542, D.I. 9 at 22-3, ¶¶18-20. Thus, disputes in any jurisdiction where Defendants took a position related to that FRAND obligation under ETSI and/or 3GPP are relevant here. Moreover, disputes involving FRAND obligations are often handled in a private resolution. Therefore, Defendants' responses should not be limited to only public court proceedings. Also, highly relevant information may be included in a situation where a defendant was asserting FRAND encumbered patents. As such, it would be improper to limit responses to only disputes in which a Defendant has been accused of infringement.

Lenovo claims that these requests are not relevant because it has not raised any issue related to FRAND. However, the Federal Circuit has held that FRAND is considered in a reasonable royalty analysis as it impacts which *Georgia-Pacific* factors are considered and the scope of the factors. *Ericsson, Inc. v. D-Link Systems, Inc.* 773 F.3d 1201, 1230-1231 (Fed. Cir. 2014). As such, identification of situations where Lenovo offered positions as to the scope and impact of FRAND is still relevant, and thus should be discoverable.

For at least the reasons above, Evolved Wireless respectfully requests that this Court require Defendants to 1) answer Evolved Wireless's discovery requests in light of its sufficient initial infringement contentions; 2) provide Evolved Wireless with the product name and model number of any unidentified LTE-compliant device; and 3) require Defendants to identify all litigations and other circumstances where Defendants took a stance regarding FRAND compliance relating to 3G or LTE patents.

        Respectfully submitted,

        /s/ Brian E. Farnan

        Brian E. Farnan

cc: Counsel of Record (Via E-File)