**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15–542–SLR–SRF |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15–543–SLR–SRF |
| | ) | |
| HTC CORPORATION and | ) | |
| HTC AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 15–544–SLR–SRF |
| LENOVO GROUP LTD., | ) | |
| LENOVO (UNITED STATES) INC., and | ) | |
| MOTOROLA MOBILITY, | ) | |
| | ) | |
| Defendants. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15–545–SLR–SRF |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD. | ) | |
| and SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 15–546–SLR–SRF |
| | ) |
| ZTE (USA) INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

# PLAINTIFF'S OBJECTIONS TO ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PURSUANT TO 28 U.S.C. § 636(B), FED. R. CIV. P. 72, AND D. DEL. LR 72.1

Dated: June 1, 2016

Christopher K. Larus (admitted *pro hac vice*)
Ryan M. Schultz (admitted *pro hac vice*)
Andrew D. Hedden (admitted *pro hac vice*)
Benjamen C. Linden (admitted *pro hac vice*)
Ryan E. Dornberger (admitted *pro hac vice*)
Anthony F. Schlehuber (admitted *pro hac vice*)
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
clarus@robinskaplan.com
rschultz@robinskaplan.com
ahedden@robinskaplan.com
blinden@robinskaplan.com
rdornberger@robinskaplan.com
aschlehuber@robinskaplan.com

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Andrea L. Gothing (admitted *pro hac vice*)
ROBINS KAPLAN LLP
2440 W. El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
agothing@robinskaplan.com

**Counsel For Plaintiff Evolved Wireless, LLC**

## TABLE OF CONTENTS

|     |     | Page |
| --- | --- | --- |
| I. | INTRODUCTION | 1 |
| II. | FACTUAL & PROCEDURAL BACKGROUND | 1 |
|  | A. Procedural Background | 1 |
|  | B. The Patents-in-Suit Read on the LTE Standard | 2 |
|  | C. Evolved Wireless took Great Care to Locate as Many Relevant Products as Possible | 2 |
|  | D. Defendants have Previously Made Relevant Statements Regarding FRAND | 4 |
| III. | LEGAL STANDARD UPON REVIEW | 4 |
| IV. | ARGUMENT | 4 |
|  | A. Judge Fallon Erred In Not Ordering Defendants to Disclose the Bases for Their Counterclaims and Affirmative Defenses | 4 |
|  | B. Because The Federal Circuit Permits the Use of a Standard to Prove Infringement, Judge Fallon Erred in Finding that Defendants Have Not Been Put on Proper Notice and Therefore Need Not Respond to Evolved Wireless's Discovery Requests | 5 |
|  | C. Judge Fallon Erred by Failing to Order Defendants to Identify the Relevant Unaccused Products | 7 |
|  | D. Judge Fallon Erroneously Applied the Relevant Case Law by Failing to Require Defendants to Identify All Proceedings Where They Took a Position on FRAND | 9 |
| V. | Conclusion | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ericsson, Inc. v. D-Link Systems, Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014) ...................................................................................9

*Ericsson Inc. v. Samsung Elecs. Co.*,
   C.A. No. 2:06-CV-63, 2007 U.S. Dist. LEXIS 29257
   (E.D. Tex. Apr. 20, 2007) ............................................................................................4

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010) ...................................................................................6

*Invensas Corp. v. Renesas Elecs. Corp.*,
   287 F.R.D. 273 (D. Del. 2012) ............................................................................7, 8, 9

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
   62 F. Supp. 3d 368 (D. Del. Apr. 7, 2014) ..................................................................4

*Nokia Corp. v. Apple Inc.*,
   C.A. No. 09-791, 2011 U.S. Dist. LEXIS 58773 (D. Del. June 1, 2011) ....................9

*Scovill Mfg. Co. v. Sunbeam Corp.*,
   61 F.R.D. 598 (D. Del. 1973) ......................................................................................5

*Wyeth v. Impax Labs., Inc.*,
   248 F.R.D. 169 (D. Del. 2006) ...............................................................................9, 10

**Statutes**

28 U.S.C. § 636(b) ...............................................................................................................1

**Rules**

D. Del. LR 72.1 ....................................................................................................................1

Fed. R. Civ. P. 26(b)(1) ........................................................................................................7

Fed. R. Civ. P. 72 ..............................................................................................................1, 4

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 636(b), Fed. R. Civ. P. 72, and D. Del. LR 72.1, Evolved Wireless, LLC ("Evolved Wireless") objects to Judge Fallon's Order entered on May 18, 2016 ("Order") denying Plaintiff's motion to compel responses to Evolved Wireless's Interrogatories 2, 7, 8, and 9. Ex. A. Evolved Wireless objects that the Order:

(1) commits legal error by failing to require Apple Inc., HTC America, Inc., HTC Corporation, Lenovo (United States), Inc., Lenovo Group Ltd, Motorola Mobility, LLC, Samsung Electronics America, Inc., Samsung Electronics Co., Ltd, ZTE USA, Inc., Microsoft Corporation, Microsoft Mobile OY, and Nokia Inc. ("Defendants") to identify their bases for their affirmative defenses and counterclaims of non-infringement;

(2) misinterprets and misapplies relevant case law, including by misapplying record facts regarding the ability of Defendants to respond to Evolved Wireless's infringement contentions;

(3) commits legal error by failing to require Defendants to identify a list of LTE-compliant products that were not identified by Evolved Wireless despite its extensive search for and review of publically available information; and

(4) misinterprets and misapplies relevant case law in not requiring Defendants to identify disputes in which they took a position regarding compliance with ETSI's Intellectual Property Rights ("IPR") commitment requiring Fair, Reasonable, and Non-Discriminatory ("FRAND") licensing.

## II. FACTUAL & PROCEDURAL BACKGROUND

### A. Procedural Background

Evolved Wireless filed suit against Defendants on June 25, 2015. Defendants design, develop, and make (or have made) the accused products and sell, contribute to the sale of, or

1

induce the sale of the accused products in the United States.[1] The case has proceeded into fact discovery and all parties have issued Requests for Production and Interrogatories. (*See, e.g.,* D.I. 26, 27, and 38).[2] The Discovery Review Conference before Judge Fallon was held on May 18, 2016. To facilitate the discovery process, Judge Fallon combined the Review Conference with a Discovery Dispute Hearing addressing issues raised by Evolved Wireless in its May 11, 2016 letter. Judge Fallon ruled against Evolved Wireless on the issues that are the subject of this Objection.

      **B.**      **The Patents-in-Suit Read on the LTE Standard**

To practice or be compliant with the LTE standard, it is necessary to practice the asserted claims of the asserted patents. Evolved Wireless's Initial Infringement Contentions contain an extensive mapping demonstrating how the identified LTE subsections necessarily employ the patented technology. In addition, Evolved Wireless asserts that the identified portions of the LTE standard are necessary capabilities for any LTE-compliant device. Nevertheless, the complexity and depth presented by the LTE standard means that the relevant sections of the standard are often extensive. Thus, the length of Evolved Wireless's infringement contentions are not an attempt to obscure Evolved Wireless's infringement theories—rather Evolved Wireless's contentions reflect the specificity and level of detail demonstrating infringement through compliance with the LTE standard.

      **C.**      **Evolved Wireless took Care to Locate as Many Relevant Products as Possible**

In addition to scouring the LTE standard, Evolved Wireless also conducted an in-depth search of publically available information relating to Defendants' products that are marketed as

---

[1] The patents-in-suit are U.S. Patent Nos. 7,746,916; 7,768,965; 7,809,373; 7,881,236; and 8,218,481. Each patent was declared essential to the LTE standard under the ETSI IPR Policy.
[2] As the issues addressed in this objection are generally consistent across all six cases, docket numbers refer to C.A. No. 15-542 unless otherwise noted.

2

compliant with the LTE standard. If a device is marketed as LTE compliant, it must be capable of performing and actually perform the sections of the standard that practice the claimed inventions.

The search process required sifting through marketing documents, trade publications, and third party commentary. Efforts were further complicated by the fact that Defendants often make different device models for different wireless carriers.[3] For example, a phone made for Verizon Wireless may appear identical to a phone produced for AT&T—but they are actually assigned different model numbers and may include different internal components. Thus, Evolved Wireless was required to conduct additional research in an attempt to locate every version of every device produced by each Defendant, with no indication of how many variations might exist.

While time intensive, Evolved Wireless was able to locate what it believes is the vast majority of cellular telephone models produced by each Defendant. Network infrastructure products, however, proved significantly more elusive. As cellular telephones are marketed to and owned by the general public, plentiful third-party reviews allowed Evolved Wireless to supplement Defendants' own marketing materials. Information for network infrastructure equipment, however, is generally owned by network providers, not the public generally. As such, public commentary on such equipment is limited and Defendants' documentation describing the features and capabilities of the equipment is not readily available to the public. Identification of such products based solely on public information, therefore, presents a difficult proposition.

---

[3] Similarly, Evolved Wireless was unable to completely determine the extent to which Lenovo sold products under its own brand versus the brand of Motorola, which was recently acquired by Lenovo. Publically available information was unable to provide Evolved Wireless with a complete understanding of the business relationship between Lenovo and Motorola.

### D. Defendants have Previously Made Relevant Statements Regarding FRAND

All of the patents-in-suit were declared essential under the ETSI IPR policy. Under this policy, declared essential patents must be licensed on FRAND terms. The policy does not, however, define what constitutes FRAND terms. The parties disagree on the scope of the FRAND commitment—and whether Evolved Wireless complied with this commitment.

Evolved Wireless is aware that, beyond this lawsuit, Defendants have been involved in situations where they necessarily would have had to take positions regarding the scope and extent of ETSI's FRAND obligation, such as what constitutes a breach of the obligation. *See, e.g., Ericsson Inc. v. Samsung Elecs. Co.*, C.A. No. 2:06-CV-63, 2007 U.S. Dist. LEXIS 29257 (E.D. Tex. Apr. 20, 2007). It is likely that Defendants have, in the context of confidential negotiations or other proceedings about which Evolved Wireless is not aware and cannot ascertain through public information, taken positions on the scope and extent of ETSI's FRAND commitment. To date, Defendants have yet to identify any such proceedings.

## III. LEGAL STANDARD UPON REVIEW

In reviewing objections to a magistrate judge's order on discovery matters, the district judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A magistrate judge's order must be set aside "when the magistrate judge has misinterpreted or misapplied the applicable law." *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 388 (D. Del. Apr. 7, 2014).

## IV. ARGUMENT

### A. Judge Fallon Erred In Not Ordering Defendants to Disclose the Bases for Their Counterclaims and Affirmative Defenses

Judge Fallon ruled that Defendants are not required to respond to Interrogatory 2, which seeks identification of Defendants' factual bases for their counterclaims and affirmative defenses

of non-infringement. Ex. A, at 38:4–14. All five defendants that have filed an answer have pleaded counterclaims and/or affirmative defenses asserting non-infringement. (*See, e.g.,* D.I. 9 at 15, 26). As such, Defendants must have a good faith basis supported by facts for alleging these claims. Evolved Wireless has a right to understand this basis and explicitly requested identification of Defendants' factual support. *See Scovill Mfg. Co. v. Sunbeam Corp.*, 61 F.R.D. 598, 601 (D. Del. 1973) (compelling response to an interrogatory because "[i]n order to prepare for trial [patent owner] is *entitled* to know the basis, if any, for the allegation" of non-infringement (emphasis added)).Yet, Judge Fallon's erroneously order permits Defendants to avoid providing the factual bases for these counterclaims and affirmative defenses. Thus, Defendants must provide these facts in response to Evolved Wireless's Interrogatory No. 2.

> **B.    Because The Federal Circuit Permits the Use of a Standard to Prove Infringement, Judge Fallon Erred in Finding that Defendants Have Not Been Put on Proper Notice and Therefore Need Not Respond to Evolved Wireless's Discovery Requests**

Judge Fallon found that, on the discovery dispute record, Evolved Wireless has not shown that its patent claims cover every possible implementation of the LTE standard. Ex. A, at 38:4–14. Based on this finding, Judge Fallon declined to compel Defendants to produce responses to Evolved Wireless's Interrogatory No. 2.

Judge Fallon's finding is contrary to the facts in the record and Judge Fallon's ruling is contrary to the law. *Id.* at 38:4. Evolved Wireless has sufficiently alleged that compliance with the standard necessarily results in infringement—in all cases—because the identified portions of the standard provide sufficient detail showing infringement and are not optional portions of the standard. In its infringement contentions, Evolved Wireless provided references to specific *mandatory* LTE standard sections, and Defendants have not refuted that these sections are mandatory. The painstaking identification of the relevant standard sections by Evolved Wireless

is more than sufficient to allege that all products implementing the LTE standard necessarily infringe the patents-in-Suit.

The Federal Circuit has found that "a district court may rely on an industry standard in analyzing infringement." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010). "If a district court construes the claims and finds that the reach of the claims includes any device that practices a standard, then this can be sufficient for a finding of infringement." *Id.* When a product complies with a standard, comparing the claims to the standard "is the same as comparing the claims to the accused product." *Id.* Thus, public policy weighs in favor of this approach because "it would be a waste of judicial resources to separately analyze every accused product that undisputedly practices the standard." *Id.*[4]

In *Fujitsu*, the accused infringers objected to this standard on the ground that this standard of proof would "amount to an automatic conclusion of infringement." *Id.* The Federal Circuit, however, rejected this argument, stating: "An accused infringer is free to either prove that the claims do not cover all implementations of the standard or to prove that it does not practice the standard." *Id.* The claims do not cover all implementations of a standard when 1) the industry standard does not provide the level of specificity required to establish that practicing that standard would always result in infringement, and 2) when the relevant section of the standard is optional. *Id.* at 1327–28.

Under *Fujitsu*, therefore, the burden of production falls to the accused party once the claims have been shown to cover the standard. The accused infringer is free to show that the claims do not actually cover all implementations or that its products do not practice the standard.

---

[4] Evolved Wireless has accused 248 LTE-compliant devices, constituting 510 models. Analysis of all 510 models will needlessly sap the Court's time and resources—exactly the outcome *Fujitsu* was attempting to avoid—as the infringement proof is the same for all accused products.

6

Here, Evolved Wireless is not requesting Defendants "provide detailed noninfringement contentions before Plaintiff provides similar details . . . ." Ex. A, at 37:21–23. Rather, Evolved Wireless has provided detailed analysis demonstrating that the asserted claims cover every possible implementation of the standard, such that all accused products infringe in the same manner. The Defendants should now bear the burden of showing that they do not if that is, in fact, a position they plan to take in this litigation.

In addition, this ruling effectively permits Defendants to withhold all responses until their disclosure of Expert Reports on February 1, 2017 (D.I. 16 at § 6(b)). Fact Discovery will close on December 21, 2016. (*Id.* at § 1(b)). Thus, Evolved Wireless will not be able to conduct followup discovery regarding the Defendants' responses. This will significantly harm Evolved Wireless's ability to advance its case, and is in direct conflict with the broad authorization of discovery under Fed. R. Civ. Pro. 26(b)(1). As such, Judge Fallon erred in sanctioning Defendants' refusal to respond to the relevant interrogatories, especially as Evolved Wireless has provided sufficient evidence of the Defendants' infringement through their compliance with the LTE standard.

Evolved Wireless respectfully requests that the Court overturn Judge Fallon's Order and find that Evolved Wireless's initial infringement contentions are sufficient for Defendants to respond to the relevant interrogatories—and order that such response occur in a timely manner.

**C.     Judge Fallon Erred by Failing to Order Defendants to Identify the Relevant Unaccused Products**

To date, two Defendants have refused to identify any LTE-compliant devices that Evolved Wireless has not already specifically identified.[5] When interpreting Evolved Wireless's Interrogatory 7, Judge Fallon misapplied the test from *Invensas Corp. v. Renesas Elecs. Corp.*,

---

[5] Due to supplementation by the other Defendants, this issue remains applicable to only HTC and Lenovo.

7

which requires a court to examine 1) the specificity with which the plaintiff has articulated the relevancy of the unaccused products; 2) whether plaintiff has the ability to identify such products using public information; and 3) the nature of the burden on the defendants to produce the discovery. 287 F.R.D. 273, 282 (D. Del. 2012).

The unaccused products are indisputably similar to those already accused by Evolved Wireless. Evolved Wireless has asserted that all devices compliant with the LTE Standard infringe the asserted patents. Any remaining unaccused products function in an identical way to the accused products when they access and utilize the LTE network.

Further, the remaining products are not publically accessible. These products include base stations, which are not sold directly to consumers and for which information is not readily accessible to the public. As explained above, the business landscape makes further investigation using public information impossible. Only the Defendants are in the position to identify the remaining unaccused products.

Finally, Judge Fallon erred when analyzing the burden Interrogatory 7 places on the Defendants. Judge Fallon was especially concerned about the potential burden shifting. Ex. A, at 55:14–19. However, *Invensas* permits discovery on unaccused products. Further, any burden is minimal. The Defendants, as manufacturers of the relevant products, have direct access to documents regarding product offerings. Especially in the case of products with limited public information—such as network infrastructure devices—Defendants' publically *unavailable* documentation may be the only way to identify all relevant products. Such identification should not require extensive effort by Defendants. A basic search of sales or shipping documentation will allow Defendants to efficiently identify the relevant products.

Evolved Wireless's request is not a fishing expedition. Under *Invensas*, Evolved Wireless

has specifically defined the information's relevance, exhausted publically available resources, and the request presents only a minimal burden on defendants. 287 F.R.D. at 282. Interrogatory 7 is narrowly tailored to supplement Evolved Wireless's efforts and complies with the precedent of this Court. Thus, Judge Fallon erred by failing to require Defendants to identify LTE products.

> **D.** **Judge Fallon Erroneously Applied the Relevant Case Law by Failing to Require Defendants to Identify All Proceedings Where They Took a Position on FRAND**

Judge Fallon misapplied the relevant case law when she failed to require Defendants to identify all proceedings since 2006 where Defendants have previously taken positions on the scope of the relevant FRAND obligations in response to Interrogatories 8 and 9. Ex. A, at 72:14–15. This ruling was in error because Defendants' positions regarding FRAND obligations under ETSI's IPR policy are undeniably relevant, this Court has permitted discovery under similar circumstances, and Evolved Wireless's request is not as burdensome as Judge Fallon found. *See Wyeth v. Impax Labs., Inc.,* 248 F.R.D. 169, 170–171 (D. Del. 2006) (addressing the production of documents from a previous case). *See also Nokia Corp. v. Apple Inc.,* C.A. No. 09-791, 2011 U.S. Dist. LEXIS 58773, at *8–9 (D. Del. June 1, 2011) (addressing the potential for judicial estoppel based on Nokia's positions in a prior case).

In their answers, four Defendants asserted affirmative defenses and counterclaims regarding Evolved Wireless's compliance with its FRAND licensing obligation. Even for Defendants that have not asserted FRAND defenses and/or counterclaims, the FRAND obligation is relevant to the calculation of damages. *See, e.g., Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1230–1231 (Fed. Cir. 2014). As such, positions the Defendants have taken with respect to the FRAND obligation—including, for example, what constitutes compliance—are extremely relevant to each case. Identification of instances where Defendants have taken a position will allow Evolved Wireless to effectively address Defendants' current positions.

Further, this Court has previously permitted discovery of positions taken in other cases when that information was relevant. *See Wyeth*, 248 F.R.D. at 170–171.

Evolved Wireless's Interrogatories 8 and 9 are not burdensome. The requests are narrowly tailored to the facts of this case. Evolved Wireless does not request identification of all patent cases, or even all standard essential patent cases. Instead, Evolved Wireless requests only the identification of instances since 2006 where the ETSI FRAND policy was involved and Defendants took a position on FRAND. Defendants have made no showing that this request would capture an unreasonably high number of instances. Likewise, the Stipulated Protective Order provides more than sufficient protection of identifying the instances. Once identification has occurred, parties can work to determine the most efficient way to produce the relevant positions on FRAND compliance while respecting any confidentiality concerns.

Judge Fallon erred by rejecting Evolved Wireless's request for identification of arbitrations, mediations, and other negotiations involving the relevant policy. Ex. A, at 73:5–10. A Defendant's position remains relevant even outside litigation. Further, it is impossible for Evolved Wireless to identify these situations without Defendants' responses. Due to the limited burden presented by simply identifying the relevant instances, and the limited risk to confidentiality, Judge Fallon erred by failing to require Defendants to respond to Interrogatories 8 and 9.

## V. Conclusion

For the foregoing reasons, Evolved Wireless respectfully requests that its objections to Judge Fallon's order be sustained, and that the Court order Defendants to respond to the relevant interrogatories as requested by Evolved Wireless in a timely fashion.

Dated: June 1, 2016                    Respectfully submitted,

                                       FARNAN LLP

                                       /s/ Brian E. Farnan
                                       Brian E. Farnan (Bar No. 4089)
                                       919 N. Market Street, 12th Floor
                                       Wilmington, Delaware 19801
                                       (302) 777-0300
                                       (302) 777-0301
                                       bfarnan@farnanlaw.com

                                       Christopher K. Larus (admitted *pro hac vice*)
                                       Ryan M. Schultz (admitted *pro hac vice*)
                                       Andrew D. Hedden (admitted *pro hac vice*)
                                       Benjamen C. Linden (admitted *pro hac vice*)
                                       Ryan E. Dornberger (admitted *pro hac vice*)
                                       Anthony F. Schlehuber (admitted *pro hac vice*)
                                       ROBINS KAPLAN LLP
                                       800 LaSalle Avenue, Suite 2800
                                       Minneapolis, Minnesota 55402
                                       Telephone: (612) 349-8500
                                       Facsimile: (612) 339-4181
                                       clarus@robinskaplan.com
                                       rschultz@robinskaplan.com
                                       ahedden@robinskaplan.com
                                       blinden@robinskaplan.com
                                       rdornberger@robinskaplan.com
                                       aschlehuber@robinskaplan.com

                                       Andrea L. Gothing (admitted *pro hac vice*)
                                       Robins Kaplan LLP
                                       2440 W. El Camino Real, Suite 100
                                       Mountain View, CA 94040
                                       Telephone: (650) 784-4040
                                       Facsimile: (650) 784-4041
                                       agothing@robinskaplan.com

                                       **Counsel For Plaintiff Evolved Wireless, LLC**