IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-545-SLR-SRF |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD. and | ) | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SAMSUNG'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America,

Inc. ("SEA") (collectively, "Samsung" or "Defendants") hereby submit this Answer, Affirmative

Defenses, and Counterclaims in response to Plaintiff Evolved Wireless, LLC's ("Evolved" or

"Plaintiff") First Amended Complaint for Patent Infringement (the "Complaint").  Samsung

states as follows:

## RESPONSES TO SPECIFIC ALLEGATIONS OF THE COMPLAINT

### PARTIES[1]

1.      Samsung is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 1 of the Complaint, and therefore denies the same.

2.      Samsung admits the allegations of paragraph 2 of the Complaint.

3.      Samsung admits the allegations of paragraph 3 of the Complaint.

---

[1]   Samsung adopts Evolved's headers in the Complaint for ease of understanding.
Samsung's adoption of those headers should not be construed as an admission of any allegations.

4.     Samsung admits that Samsung Telecommunications America LLC ("STA") was a limited liability company formed under the laws of Delaware on January 2, 1992 with its principal place of business at 1301 E Lookout Dr., Richardson, TX 75082.  Samsung admits that STA designated Corporate Service Company, 2711 Centerville Rd Suite 400, Wilmington, DE 19808 as its registered agent.  Samsung admits that on January 1, 2015 STA merged into SEA. Samsung admits that STA imported and sold, and that SEA imports and sells or has imported and sold, among other things, mobile devices in the United States.  Samsung denies the remaining allegations of paragraph 4 of the Complaint.

## JURISDICTION

5.     Samsung admits that the Complaint purports to allege claims over which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and that this action purports to arise under the federal Patent Act, 35 U.S.C. § 1 *et. seq.*  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 5 of the Complaint.

6.     For purposes of this action only, Samsung will not challenge personal jurisdiction and admits that STA merged with SEA. Except as expressly admitted, Samsung denies the remaining allegations of paragraph 6 of the Complaint.

7.     Samsung denies the allegations in paragraph 7 of the Complaint.

## VENUE

8.     Samsung admits, for purposes of this action only, that venue is proper in this District.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 8 of the Complaint.

9.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and therefore denies the same.

# BACKGROUND

10.     Samsung admits that certain Samsung and LG Electronics, Inc. ("LG") entities are members of the European Telecommunication Industry Solutions ("ETSI"), the Alliance for Telecommunications Industry Solutions ("ATIS"), and Telecommunications Technology Association ("TTA").  Samsung admits that ETSI, ATIS, TTA, and other standards developing organizations are Organizational Partners of the Third Generation Partnership Project ("3GPP"). Samsung admits that the 3GPP is involved in the development of standards for commercial cellular systems.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the Complaint, and therefore denies them.

11.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and therefore denies them.

12.     Samsung admits that 3GPP issues Releases for cellular wireless communications standards.  Samsung also admits that Release 8 describes a version of the Long Term Evolution ("LTE") standard.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint, and therefore denies them.

13.     Samsung admits that each 3GPP Release includes a series of one or more Technical Specifications ("TS").  Samsung admits that Release 8 of the 3GPP 36 Series of Technical Specifications relates to the LTE standard.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint, and therefore denies them.

14. Samsung admits that member companies may participate in 3GPP Working Groups. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint, and therefore denies them.

15. Samsung admits that 3GPP participants are required to abide by the intellectual property rights policies of the Organizational Partners to which they belong. To the extent that the allegations in paragraph 15 purport to describe or quote one or more ETSI documents, Samsung avers that those documents are the best source of their full context and content. Samsung denies the allegations of paragraph 15 to the extent they do not accurately represent the documents. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the Complaint, and therefore denies them.

16. Samsung admits that 3GPP participants are required to disclose intellectual property (including patents and patent applications) owned by them which they believe are or are likely to become essential, or might be essential, to the LTE standard. Samsung admits that members of ETSI are required to license applicable intellectual property on terms that are fair, reasonable, and non-discriminatory ("FRAND") in accordance with the terms of the applicable ETSI Intellectual Property Rights ("IPR") Policy and any commitment made in an applicable IPR Licensing Declaration form. Samsung admits that this obligation is intended to bind all successors-in-interest. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the Complaint, and therefore denies them.

**EVOLVED WIRELESS**

17. Samsung incorporates by reference its answers to paragraphs 1 through 16 above as if fully set forth herein.

18.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore denies the same.

19.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and therefore denies the same.

20.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and therefore denies the same.

## OVERVIEW OF MOBILE TELECOMMUNICATIONS

21.     Samsung admits that certain mobile devices allow users to make or receive telephone calls and transmit and receive data wirelessly, along with providing many other functions.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the Complaint, and therefore denies the same.

22.      Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and therefore denies the same.

23.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint, and therefore denies the same.

24.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and therefore denies the same.

25.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, and therefore denies the same.

26.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, and therefore denies the same.

**EVOLVED WIRELESS'S STANDARD-ESSENTIAL LTE PATENT PORTFOLIO**

27.     Samsung denies the allegations of paragraph 27 of the Complaint.

28.     Samsung denies the allegations of paragraph 28 of the Complaint.

**UNITED STATES PATENT NO. 7,746,916 ("THE '916 PATENT")**

29.     Samsung admits that Exhibit 1 purports to be a true and correct copy of United States Patent No. 7,746,916 ("the '916 patent"), entitled "Method and Apparatus for Generating and Transmitting Code Sequence in a Wireless Communication System."  Samsung admits that the '916 patent attached as Exhibit 1 indicates that it was issued by the United States Patent and Trademark Office ("USPTO") on June 29, 2010.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Complaint, and therefore denies the same.

30.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint, and therefore denies the same.

31.     Samsung denies the allegations of paragraph 31 of the Complaint.

32.     Samsung denies the allegations of paragraph 32 of the Complaint.

33.     Samsung asserts that, to the extent that allegations in paragraph 33 purport to describe or quote one or more documents, those documents are the best source of their full content and context.  Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 33 of the Complaint.

34.     Samsung asserts that, to the extent that the allegations in paragraph 34 purport to describe or quote one or more documents, those documents are the best source of their full content and context.  Samsung denies the allegations to the extent they do not accurately

represent the documents' full content and context. Except as expressly admitted, Samsung denies the remaining allegations of paragraph 34 of the Complaint.

35. Samsung asserts that, to the extent that the allegations paragraph 35 purport to describe or quote one or more documents, those documents are the best source of their full content and context. Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context. Except as expressly admitted, Samsung denies the remaining allegations of paragraph 35 of the Complaint.

## UNITED STATES PATENT NO. 7,768,965 ("THE '965 PATENT")

36. Samsung admits that Exhibit 2 purports to be a true and correct copy of United States Patent No. 7,768,965 ("the '965 patent"), entitled "Method for Transmitting and Receiving Signals Based on Segmented Access Scheme and Method for Allocating Sequence for the Same." Samsung admits that the '965 patent attached as Exhibit 2 indicates that it was issued by the USPTO on August 3, 2010. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36 of the Complaint, and therefore denies the same.

37. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and therefore denies the same.

38. Samsung denies the allegations of paragraph 38 of the Complaint.

39. Samsung asserts that, to the extent that the allegations in paragraph 39 purport to describe or quote one or more documents, those documents are the best source of their full content and context. Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context. Except as expressly admitted, Samsung denies the remaining allegations of paragraph 39 of the Complaint.

40.     Samsung denies the allegations of paragraph 40 of the Complaint.

41.     Samsung asserts that, to the extent that the allegations in paragraph 41 purport to describe or quote one or more documents, those documents are the best source of their full content and context.  Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 41 of the Complaint.

42.     Samsung asserts that, to the extent that the allegations paragraph 42 purport to describe or quote one or more documents, those documents are the best source of their full content and context.  Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 42 of the Complaint.

## UNITED STATES PATENT NO. 7,809,373 ("THE '373 PATENT")

43.     Samsung admits that Exhibit 3 purports to be a true and correct copy of United States Patent No. 7,809,373 ("the '373 patent"), entitled "Method of Transmitting and Receiving Radio Access Information in a Wireless Mobile Communication System."  Samsung admits that the '373 patent attached as Exhibit 3 indicates that it was issued by the USPTO on October 5, 2010.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43 of the Complaint, and therefore denies the same.

44.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint, and therefore denies the same.

45.     Samsung denies the allegations of paragraph 45 of the Complaint.

46.     Samsung denies the allegations of paragraph 46 of the Complaint.

47.     Samsung denies the allegations of paragraph 47 of the Complaint.

48.     Samsung asserts that, to the extent that the allegations in paragraph 48 purport to describe or quote one or more documents, those documents are the best source of their full content and context.  Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 48 of the Complaint.

49.     Samsung asserts that, to the extent that the allegations in paragraph 49 purport to describe or quote one or more documents, those documents are the best source of their full content and context.  Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 49 of the Complaint.

**UNITED STATES PATENT NO. 7,881,236 ("THE '236 PATENT")**

50.     Samsung admits that Exhibit 4 purports to be a true and correct copy of United States Patent No. 7,881,236 ("the '236 patent"), entitled "Data Transmission Method and User Equipment for the Same."  Samsung admits that the '236 patent attached as Exhibit 4 indicates that it was issued by the USPTO on February 1, 2011.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 of the Complaint, and therefore denies the same.

51.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint, and therefore denies the same.

52.     Samsung asserts that, to the extent that the allegations in paragraph 52 purport to describe or quote one or more documents, those documents are the best source of their full content and context.  Samsung denies the allegations to the extent they do not accurately

represent the documents' full content and context. Except as expressly admitted, Samsung denies the remaining allegations of paragraph 52 of the Complaint.

53. Samsung asserts that, to the extent that the allegations in paragraph 53 purport to describe or quote one or more documents, those documents are the best source of their full content and context. Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context. Except as expressly admitted, Samsung denies the remaining allegations of paragraph 53 of the Complaint.

**UNITED STATES PATENT NO. 8,218,481 ("THE '481 PATENT")**

54. Samsung admits that Exhibit 5 purports to be a true and correct copy of United States Patent No. 8,218,481 ("the '481 patent") is entitled "Method of Transmitting Data in a Mobile Communication System." Samsung admits that the '481 patent attached as Exhibit 5 indicates that it was issued by the USPTO on July 10, 2012. Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 54 of the Complaint, and therefore denies the same.

55. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint, and therefore denies the same.

56. Samsung asserts that, to the extent that the allegations in paragraph 56 purport to describe or quote one or more documents, those documents are the best source of their full content and context. Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context. Except as expressly admitted, Samsung denies the remaining allegations of paragraph 56 of the Complaint.

57. Samsung asserts that, to the extent that the allegations in paragraph 57 purport to describe or quote one or more documents, those documents are the best source of their full

content and context.  Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 57 of the Complaint.

58.     Samsung asserts that, to the extent that the allegations in paragraph 58 purport to describe or quote one or more documents, those documents are the best source of their full content and context.  Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 58 of the Complaint.

59.     Samsung asserts that, to the extent that the allegations in paragraph 59 purport to describe or quote one or more documents, those documents are the best source of their full content and context.  Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 59 of the Complaint.

60.     Samsung asserts that, to the extent that the allegations in paragraph 60 purport to describe or quote one or more documents, those documents are the best source of their full content and context.  Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 60 of the Complaint.

61.     Samsung asserts that, to the extent that the allegations in paragraph 61 purport to describe or quote one or more documents, those documents are the best source of their full content and context.  Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 61 of the Complaint.

62.     Samsung asserts that, to the extent that the allegations in paragraph 62 purport to describe or quote one or more documents, those documents are the best source of their full content and context.  Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 62 of the Complaint.

63.     Samsung asserts that, to the extent that the allegations in paragraph 63 purport to describe or quote one or more documents, those documents are the best source of their full content and context.  Samsung denies the allegations to the extent they do not accurately represent the documents' full content and context.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 63 of the Complaint.

**SAMSUNG**

64.     Samsung admits that it sells or has sold, among other things, phones, smartphones, tablets, and other wireless devices.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 64 of the Complaint.

65.     Samsung admits that it sells certain devices that are capable of functioning on certain LTE networks.  Samsung admits that it provides materials to its customers, such as Exhibit 6, which purports to be a true and correct copy of the Galaxy S5 User Guide, that inform customers that certain of its devices are capable of functioning on certain LTE networks.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 65 of the Complaint.

66.     Samsung admits that certain Samsung entities are members of ETSI.  Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 66 of the Complaint, and therefore denies the same.

67.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint, and therefore denies the same.

## LICENSING EFFORTS

68.     Samsung admits that Evolved sent SEA a letter on November 4, 2014 regarding Evolved's alleged patent portfolio.  Samsung admits that Evolved sent SEA emails on November 4, November 13, and December 1, 2014.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 68 of the Complaint.

69.     Samsung admits that Evolved sent SEA a letter on December 17, 2014.  Samsung admits that Evolved sent SEA an email on January 6, 2015 regarding Evolved's alleged patent portfolio.  Samsung admits that SEA responded to this email on January 6, 2015.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 69 of the Complaint.

70.     Samsung admits that Evolved sent SEA a letter on May 4, 2015 regarding Evolved's alleged patent portfolio.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 70 of the Complaint.

71.     Samsung denies the allegations of paragraph 71 of the Complaint.

72.     Samsung denies the allegations of paragraph 72 of the Complaint

## COUNT I

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,746,916

73.     Samsung incorporates by reference its answers to paragraphs 1 through 72 above as if fully set forth herein.

74.     Samsung denies the allegations of paragraph 74 of the Complaint.

75.     Samsung denies the allegations of paragraph 75 of the Complaint.

76.     Samsung denies the allegations of paragraph 76 of the Complaint.

77.     Samsung denies the allegations of paragraph 77 of the Complaint.

78.     Samsung admits that as of the service of Evolved's original Complaint, Samsung had notice of the '916 patent.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 78 of the Complaint.

79.     Samsung denies the allegations of paragraph 79 of the Complaint.

80.     Samsung denies the allegations of paragraph 80 of the Complaint.

81.     Samsung denies the allegations of paragraph 81 of the Complaint.

82.     Samsung denies the allegations of paragraph 82 of the Complaint.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,768,965

83.     Samsung incorporates by reference its answers to paragraphs 1 through 82 above as if fully set forth herein.

84.     Samsung denies the allegations of paragraph 84 of the Complaint.

85.     Samsung denies the allegations of paragraph 85 of the Complaint.

86.     Samsung denies the allegations of paragraph 86 of the Complaint.

87.     Samsung denies the allegations of paragraph 87 of the Complaint.

88.     Samsung admits that as of the service of Evolved's original Complaint, Samsung had notice of the '965 patent.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 88 of the Complaint.

89.     Samsung denies the allegations of paragraph 89 of the Complaint.

90.     Samsung denies the allegations of paragraph 90 of the Complaint.

91.     Samsung denies the allegations of paragraph 91 of the Complaint.

92.     Samsung denies the allegations of paragraph 92 of the Complaint.

## COUNT III

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,809,373

93. Samsung incorporates by reference its answers to paragraphs 1 through 92 above as if fully set forth herein.

94. Samsung denies the allegations of paragraph 94 of the Complaint.

95. Samsung denies the allegations of paragraph 95 of the Complaint.

96. Samsung denies the allegations of paragraph 96 of the Complaint.

97. Samsung denies the allegations of paragraph 97 of the Complaint.

98. Samsung admits that as of the service of Evolved's original Complaint, Samsung had notice of the '373 patent. Except as expressly admitted, Samsung denies the remaining allegations of paragraph 98 of the Complaint

99. Samsung denies the allegations of paragraph 99 of the Complaint.

100. Samsung denies the allegations of paragraph 100 of the Complaint.

101. Samsung denies the allegations of paragraph 101 of the Complaint.

102. Samsung denies the allegations of paragraph 102 of the Complaint.

## COUNT IV

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,881,236

103. Samsung incorporates by reference its answers to paragraphs 1 through 102 above as if fully set forth herein.

104. Samsung denies the allegations of paragraph 104 of the Complaint.

105. Samsung denies the allegations of paragraph 105 of the Complaint.

106. Samsung denies the allegations of paragraph 106 of the Complaint.

107. Samsung denies the allegations of paragraph 107 of the Complaint.

108.    Samsung admits that as of the service of Evolved's original Complaint, Samsung had notice of the '236 patent.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 108 of the Complaint

109.    Samsung denies the allegations of paragraph 109 of the Complaint.

110.    Samsung denies the allegations of paragraph 110 of the Complaint.

111.    Samsung denies the allegations of paragraph 111 of the Complaint.

112.    Samsung denies the allegations of paragraph 112 of the Complaint.

**COUNT V**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,218,481**

113.    Samsung incorporates by reference its answers to paragraphs 1 through 112 above as if fully set forth herein.

114.    Samsung denies the allegations of paragraph 114 of the Complaint.

115.    Samsung denies the allegations of paragraph 115 of the Complaint.

116.    Samsung denies the allegations of paragraph 116 of the Complaint.

117.    Samsung denies the allegations of paragraph 117 of the Complaint.

118.    Samsung admits that as of the service of Evolved's original Complaint, Samsung had notice of the '481 patent.  Except as expressly admitted, Samsung denies the remaining allegations of paragraph 118 of the Complaint

119.    Samsung denies the allegations of paragraph 119 of the Complaint.

120.    Samsung denies the allegations of paragraph 120 of the Complaint.

121.    Samsung denies the allegations of paragraph 121 of the Complaint.

122.    Samsung denies the allegations of paragraph 122 of the Complaint.

## PRAYER FOR RELIEF

Samsung denies that Evolved is entitled to any relief, and specifically denies all of the allegations and prayers for relief requested in paragraphs 1-8 of its prayer for relief in the Complaint.

## SAMSUNG'S DEFENSES

123. Pursuant to Federal Rule of Civil Procedure 8(c), Samsung alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. Samsung reserves the right to assert any other defenses that discovery may reveal.

## FIRST DEFENSE

## (Failure to State a Claim)

124. Evolved's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

## (Invalidity)

125. The asserted claims of the '916 patent, the '965 patent, the '373 patent, the '236 patent, and the '481 patent (collectively, the "Patents-in-Suit") in the Complaint, as properly construed, are invalid, void, and/or unenforceable for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation, for example, Sections 101, 102, 103, 112, and/or 132.

## THIRD DEFENSE

### (Non-Infringement)

126.     Samsung does not infringe and has not infringed, induced infringement of, or contributed to infringement of, any valid and enforceable claim of the Patents-in-Suit literally or under the doctrine of equivalents.

## FOURTH DEFENSE

### (Limitation of Damages or Costs)

127.     Evolved's claims for relief are barred in whole or in part, including without limitation, by 35 U.S.C. §§ 286, 287, and/or 288.  By failing to satisfy the requirements of 35 U.S.C. § 287, Evolved is not entitled to damages arising before the filing of this action.  Any claim for damages is otherwise limited by 35 U.S.C. § 286.  Evolved is barred under 35 U.S.C. § 288 from receiving any costs associated with this suit.

## FIFTH DEFENSE

### (Breach of FRAND Licensing Obligations)

128.     LG declared that each of the Patents-in-Suit (or patents or patent applications within the same families)  may be or may become Essential in relation to certain Technical Specifications applicable to the LTE standard promulgated by ETSI.  Pursuant to ETSI's IPR Policy, LG irrevocably undertook to ETSI and its members that it will agree to grant irrevocable licenses to the Patents-in-Suit on terms that are fair, reasonable, and non-discriminatory ("FRAND").  These FRAND commitments impose ongoing contractual obligations on the Patents-in-Suit and are binding on LG's successors-in-interest to the Patents-in-Suit.  As LG's successor-in-interest, Evolved is also bound by this ongoing FRAND contractual obligation.

129.     Evolved did not make an offer to license the Patents-in-Suit on FRAND terms and conditions to Samsung before filing its Complaint for patent infringement and to date has not done so.  Evolved demanded from Samsung royalty payments that are wholly disproportionate to the royalty rate that its patents should command under any reasonable calculus.  For example, on May 4, 2015, Evolved proposed to SEA a license to the Patents-in-Suit on unspecified terms but with a royalty rate "not to exceed 25 cents per LTE-enabled device."  Such terms are clearly not FRAND for the Patents-in-Suit in light of the products to be licensed.  By failing to provide Samsung with FRAND license terms for the Patents-in-Suit, Evolved has breached its FRAND commitments for the Patents-in-Suit.

130.     Evolved's failure to comply with its contractual licensing obligations constitutes a breach of contract.  As an intended third-party beneficiary to these contractual obligations, Samsung has standing to assert this breach.

## SIXTH DEFENSE

### (Estoppel, Laches, Waiver/Consent, Patent Misuse, and/or Unclean Hands)

131.     One or more of the Patents-in-Suit are unenforceable against Samsung under the equitable doctrines of estoppel, laches, waiver, patent misuse, and/or unclean hands.

132.     Upon information and belief, Evolved's and/or LG's standard-setting misconduct, including without limitation breach of commitments to offer FRAND license terms for the Patents-in-Suit, constitutes a waiver of Evolved's rights to enforce any declared-essential patents against any entity practicing the standard.  Thus, the waiver renders the Patents-in-Suit unenforceable against Samsung.

133.     Additionally, Evolved's and/or LG's standard-setting misconduct, including without limitation breach of commitments to offer FRAND license terms for the Patents-in-Suit,

estops Evolved from enforcing the Patents-in-Suit against Samsung. Those commitments benefit, and were necessarily relied upon by, ETSI, ETSI's members (including Samsung entities), and suppliers (including Samsung entities) of sub-systems, components, and products (sold to end users or otherwise) that support the standard.

134. Additionally, Evolved's and/or LG's failure to comply with its FRAND obligations constitutes patent misuse and unclean hands, which preclude Evolved from obtaining relief in this action.

## SEVENTH DEFENSE

### (License and/or Patent Exhaustion)

135. To the extent the Patents-in-Suit are found to be essential to any 3GPP or ETSI standard and to the extent any of the alleged inventions described in, and allegedly covered by, any of the Patents-in-Suit are used, manufactured, and/or sold by or for Samsung, its suppliers, and/or its customers, Samsung has a license and/or the irrevocable right to be licensed on FRAND terms under those patents.

136. On information and belief, one or more of the manufacturers or suppliers of any component or sub-system allegedly embodying the claimed inventions of the Patents-in-Suit are licensed to practice the claimed inventions, and therefore Samsung is licensed. Alternatively, Evolved's claims are barred under the doctrine of patent exhaustion.

## EIGHTH DEFENSE

### (Prosecution History Estoppel and Disclaimer)

137. Evolved's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer. Samsung has not, and is not, infringing the claims of the Patents-in-Suit at least due to statements, representations, admissions, elections,

positions, concessions and filings made to the USPTO during the prosecution of the applications that matured into the Patents-in-Suit and/or related patents that, in part or collectively, constitute prosecution history estoppel and/or prosecution disclaimer barring Evolved from asserting that the claims of the patents encompass or are infringed by any product or activity of Samsung.

## NINTH DEFENSE

### (No Injunctive Relief)

138.    Evolved's remedies at law are adequate, and its alleged injury is not immediate or irreparable, such that equitable relief would be inappropriate for any determined infringement of the Patents-in-Suit.  Further, through its irrevocable FRAND commitments to ETSI and its members, LG, and thus Evolved, knowingly waived its right to injunctive or other exclusionary relief.  In committing to grant irrevocable licenses to its declared-essential patents in exchange for FRAND compensation, LG, and thus Evolved, knowingly relinquished its right to injunctive relief for the alleged infringement of the Patents-in-Suit.  By virtue of not having offered Samsung a license on FRAND terms, Evolved has no legal right to injunctive relief.

## SAMSUNG'S COUNTERCLAIMS

Counterclaimants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") assert the following allegations and counterclaims against Evolved Wireless, LLC ("Evolved").  Samsung reserves the right to assert additional counterclaims, as warranted by facts revealed through investigation and discovery.

## NATURE OF ACTION

1.    In these Counterclaims, Samsung seeks (a) declaratory judgments that United States Patent Nos. 7,746,916 ("the '916 patent"), 7,768,965 ("the '965 patent"), 7,809,373 ("the '373 patent"), 7,881,236 ("the '236 patent"), and 8,218,481 ("the '481 patent") (collectively, the

"Patents-in-Suit") are invalid; and (b) judgment that the Patents-in-Suit are unenforceable due to, *inter alia*, Evolved's and/or LG Electronics, Inc.'s ("LG") breach of its FRAND obligations.

## THE COUNTERCLAIM PARTIES

2.      Counterclaim-plaintiff Samsung Electronics Co., Ltd. ("SEC") is a corporation organized and existing under the laws of the country of Korea having its corporate headquarters at Samsung Main Building, 250, Taepyung-ro 2-ka, Chung-ku, Seoul 100-742.

3.      Counterclaim-plaintiff Samsung Electronics America, Inc. ("SEA") is a corporation organized and existing under the law of the state of New York having its corporate headquarters at 105 Challenger Road, Ridgefield Park, New Jersey, 07660.

4.      According to its First Amended Complaint, Evolved is a limited liability company organized and existing under the laws of the State of Delaware and having a principal place of business at 805 Las Cimas Parkway, Suite 240, Austin, Texas 78746.

5.      Upon information and belief, Evolved alleges that it is the owner of all rights, title, and interest in the Patents-in-Suit through assignments originating with LG.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the Counterclaims under 28 U.S.C. §§ 2201 and 2202 as a declaratory judgment action; and, as averred in the First Amended Complaint, under 28 U.S.C. §§ 1331 and 1338 as an action arising  under the Patent Laws, Title 35 of the United States Code.

7.      This Court has personal jurisdiction over Evolved because Evolved has commenced the underlying patent infringement action in this Court.

8.      Venue lies in this Court under 28 U.S.C. §§1391 and 1400(b).  This Court has supplemental jurisdiction over the Counterclaims pursuant to 28 U.S.C. § 1367.

## COUNT I

### (Declaration of Invalidity)

9.      Samsung repeats and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

10.     On June 25, 2015, Evolved filed its original Complaint naming Samsung as a defendant.

11.     On June 2, 2016, the Court entered Evolved's First Amended Complaint against Samsung (hereinafter, the "Complaint").

12.     The Complaint alleges that Samsung infringes the Patents-in-Suit.

13.     The Complaint further alleges that the Patents-in-Suit are all standard essential patents.

14.     On March 14, 2016, Samsung, Apple Inc. HTC Corporation, HTC America, Inc., Lenovo Group Ltd., Lenovo (United States) Inc., Motorola Mobility LLC, ZTE Corporation, ZTE (USA) Inc., ZTE Solutions Inc., Microsoft Corporation, Microsoft Mobility Oy, and Microsoft Mobile Inc. (f/k/a Nokia Inc.)—all of whom Evolved has accused of infringing the Patents-in-Suit—jointly served Initial Invalidity Contentions ("Invalidity Contentions") with respect to the claims that Evolved asserted in its February 12, 2016 Initial Infringement Contentions against each of the foregoing parties.

15.     One or more of the claims of the Patents-in-Suit are invalid for failure to comply with Title 35 of the United States Code, including without limitation, for examples, Sections 101, 102, 103, 112, and/or 132.

16.     By way of non-limiting example, the Invalidity Contentions demonstrate that the claims of the Patents-in-Suit are invalid.

17.     An actual controversy exists between Samsung and Evolved regarding the validity of the Patents-in-Suit.

18.     Under 28 U.S.C. §§2201 and 2202, Samsung is entitled to a declaratory judgment that the claims of the Patents-in-Suit are invalid in part or in whole.

## COUNT II

### (Breach of Contract)

19.     Samsung repeats and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

20.     The Third Generation Partnership Project ("3GPP") is an association of standard-setting organizations, known as Organizational Partners, including the European Telecommunications Standards Institute ("ETSI"), that is involved in the development of standards for commercial cellular systems, which benefit its members and third parties.

21.     Members of ETSI participating in the 3GPP standards-development process self-declare patents as Essential to a particular standard.  ETSI does not independently verify whether such patents are actually Essential.

22.     Clause 6 of ETSI's IPR Policy requires that standard-setting participants commit to license on fair, reasonable, and non-discriminatory ("FRAND") terms intellectual property rights ("IPR") declared to be Essential to a particular standard.  In particular, Clause 6.1 of the ETSI IPR policy states:

> When an ESSENTIAL IPR relating to a particular STANDARD or TECHNICAL SPECIFICATION is brought to the attention of ETSI, the Director-General of ETSI shall immediately request the owner to give within three months an irrevocable undertaking in writing that it is prepared to grant irrevocable licences [sic] on fair, reasonable and non-discriminatory terms and conditions under such IPR to at least the following extent:
> - MANUFACTURE, including the right to make or have made customized components and sub-systems to the licensee's own design for use in MANUFACTURE;

- sell, lease, or otherwise dispose of EQUIPMENT so MANUFACTURED;
- repair, use, or operate EQUIPMENT; and
- use METHODS.

23.     As a member of ETSI, and to comply with ETSI's IPR Policy, LG—Evolved's predecessor-in-interest, whose actions are binding on Evolved—irrevocably undertook to ETSI, ETSI members, and third parties that it would grant irrevocable licenses to the Patents-in-Suit on FRAND terms and conditions.  In particular, LG submitted one or more IPR Licensing Declaration forms, stating, among other things:

> To the extent that the IPR(s) disclosed in the attached IPR Information Statement Annex are or become, and remain ESSENTIAL in respect of the ETSI Work Item, STANDARD and/or TECHNICAL SPECIFICATION identified in the attached IPR Information Statement Annex, the Declarant and/or its AFFILIATES are prepared to grant irrevocable licences [sic] under this/these IPR(s) on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy.

24.     When an ETSI member submits an IPR Licensing Declaration form identifying a patent as a potentially Essential IPR, the contractual commitments made with regard to the declared patent are irrevocable and permanent, even when the patent is later transferred or sold.

25.     Each party with products compatible with the LTE standard is an intended third-party beneficiary and obtains the benefits of these contractual commitments.  Samsung is an intended third-party beneficiary of LG's FRAND contractual obligations.

26.     LG's ETSI membership and activities, including the declarations it made to comply with ETSI's IPR policy for the Patents-in-Suit, created an express and/or implied contract with ETSI and/or ETSI members, including an agreement that LG and its successors-in-interest—including Evolved—would license those patents on FRAND terms and conditions. ETSI's IPR Policy does not limit the right to obtain a license on FRAND terms and conditions to ETSI members; third parties that are not ETSI members also have the right to be granted licenses under those patents on FRAND terms and conditions.

27.     Evolved did not make an offer to license the Patents-in-Suit on FRAND terms and conditions to Samsung before filing its Complaint for patent infringement and to date has not done so.  Evolved demanded from Samsung royalty payments that are wholly disproportionate to the royalty rate that its patents should command under any reasonable calculus.  For example, on May 4, 2015, Evolved proposed to Samsung a license to the Patents-in-Suit on unspecified terms but with a royalty rate "not to exceed 25 cents per LTE-enabled device."  Such terms are clearly not FRAND for the Patents-in-Suit in light of the products to be licensed.  By failing to provide Samsung with FRAND license terms for the Patents-in-Suit, Evolved has breached its FRAND commitments for the Patents-in-Suit.

28.     In further breach of its FRAND obligations, Evolved initiated this action against Samsung, seeking to harm irreparably Samsung's business by enjoining it from making, using, selling, or importing products compatible with LTE networks.

29.     Samsung has been harmed by Evolved's breaches of its contractual commitments because Evolved has forced Samsung to incur substantial expense defending these infringement allegations and is threatened by imminent loss of profits, customers, and/or goodwill.

30.     Evolved's breach further constitutes waiver and/or estoppel of Evolved's rights to enforce any declared-essential patents against any entity practicing the standard.  Thus, the breach renders the Patents-in-Suit unenforceable against Samsung.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Samsung demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Samsung prays that:

A.     Evolved take nothing by way of its Complaint and the same be dismissed with prejudice;

B.     All damages, costs, expenses, attorneys' fees, or other relief sought by Evolved is denied;

C.     Judgment be entered that each asserted claim of the Patents-in-Suit is invalid and/or unenforceable;

D.     Judgement be entered awarding Samsung damages and pre-judgement and post-judgment interest for Evolved's breaches of its FRAND obligations on the Patents-in-Suit;

E.     The Court grant Samsung all reasonable attorneys' fees, experts' fees, and costs; and

F.     The Court grant Samsung such further relief as the Court deems proper and just.

**DEMAND FOR JURY TRIAL**

Counterclaim Plaintiff Samsung hereby demand trial by jury on all issues so trial raised by Evolved's Complaint or by Samsung's Answer and Counterclaims.

Respectfully Submitted,

SHAW KELLER LLP

/s/ Andrew E. Russell
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Defendants*

OF COUNSEL:
Kevin P.B. Johnson
Victoria F. Maroulis
Todd M. Briggs
Charles M. Stiernberg
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Dated: June 16, 2016