# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVOLVED WIRELESS, LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>SAMSUNG ELECTRONICS CO., LTD. )<br>AND SAMSUNG ELECTRONICS )<br>AMERICA, INC., )<br><br>Defendants. ) | C.A. No. 15-545-SLR-SRF<br><br>**JURY TRIAL DEMANDED** |

---

## OPENING BRIEF IN SUPPORT OF EVOLVED WIRELESS, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f).

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Christopher K. Larus (admitted *pro hac vice*)
Ryan M. Schultz (admitted *pro hac vice*)
Andrew D. Hedden (admitted *pro hac vice*)
Benjamen C. Linden (admitted *pro hac vice*)
Ryan E. Dornberger (admitted *pro hac vice*)
Anthony F. Schlehuber (admitted *pro hac vice*)

ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
clarus@robinskaplan.com
rschultz@robinskaplan.com
ahedden@robinskaplan.com
blinden@robinskaplan.com
rdornberger@robinskaplan.com
aschlehuber@robinskaplan.com

Andrea L. Gothing (admitted *pro hac vice*)
ROBINS KAPLAN LLP
2440 W. El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
agothing@robinskaplan.com

Dated: July 7, 2016

**Counsel For Plaintiff Evolved Wireless, LLC**

# TABLE OF CONTENTS

**Page**

I.  NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II. SUMMARY OF THE ARGUMENT ............................................................................ 1

III. STATEMENT OF THE FACTS .................................................................................. 3

IV. ARGUMENT .............................................................................................................. 4

    A. Evolved Wireless Is Entitled to Judgment on the Pleadings for Samsung's Second Counterclaim ............................................................................................. 4

        i. Samsung Has Pled No Facts to Support Its Allegation That Evolved Wireless's License Offer Was Not Compliant with FRAND ........................................................................................................ 5

    B. Samsung's Affirmative Defenses Five, Six, and Seven Are Not Valid Affirmative Defenses to Patent Infringement .......................................................... 9

        i. Samsung's Fifth Affirmative Defense of Breach of FRAND Obligation Is Not a Valid Defense to Evolved Wireless's Claim of Patent Infringement .................................................................................... 10

        ii. The Estoppel, Waiver/Consent, Patent Misuse, and Unclean Hands Allegations of Samsung's Sixth Affirmative Defense Are Not Valid Defenses to Evolved Wireless's Claim of Patent Infringement ........................................................................................... 11

            a. Samsung's Claim of Waiver Is Not a Valid Defense ................... 11

            b. Samsung's Claim of Estoppel Is Not a Valid Defense ................. 12

            c. Samsung's Claim of Misuse Is Not a Valid Defense .................... 13

            d. Samsung's Claim of Unclean Hands Is Not a Valid Defense ....... 14

        iii. Samsung's Seventh Affirmative Defense of License Is Not a Valid Defense to Evolved Wireless's Claim of Patent Infringement ................. 15

        iv. Failure to Strike Samsung's Fifth, Sixth, and Seventh Affirmative Defenses Would Prejudice Evolved Wireless and Confuse the Issues ...................................................................................................... 15

V.  CONCLUSION ......................................................................................................... 16

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
   No. 11-cv-1846-LHK, 2012 U.S. Dist. LEXIS 67102
   (N.D. Cal. May 14, 2012) ......................................................................................................8

*Aptix Corp. v. Quickturn Design Sys., Inc.*,
   269 F.3d 1369 (Fed. Cir. 2001)............................................................................................14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................1, 2, 3, 5, 6, 8, 9, 11, 16

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................1, 2, 3, 5, 8, 9, 11, 16

*Cadence Pharm., Inc. v. Paddock Labs., Inc.*,
   C.A. No. 11-733-LPS, 2012 U.S. Dist. LEXIS 142585 (D. Del. Oct. 1, 2012) ...............10, 15

*Del. Health Care v. MCD Holding Co.*,
   893 F. Supp. 1279 (D. Del. 1995).........................................................................................9

*Edwards v. A.H. Cornell & Son, Inc.*,
   610 F.3d 217 (3d Cir. 2010).................................................................................................4

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009)...............................................................................................4, 5

*Gaudiosi v. Mellon*,
   269 F.2d 873 (3d Cir. 1959).................................................................................................14

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*,
   398 F. Supp. 2d 305 (D. Del. 2005)......................................................................................14

*Idenix Pharms., Inc. v. Gilead Scis., Inc.*,
   C.A. No. 13-1987-LPS, 2014 U.S. Dist. LEXIS 118789
   (D. Del. Aug. 25, 2014) .........................................................................................................4

*In re Sterten*,
   546 F.3d 278 (3rd. Cir. 2008) ..............................................................................................9

*Intellectual Ventures I LLC v. Symantec Corp.*,
   C.A. No. 13-440-LPS, 2014 U.S. Dist. LEXIS 134255
   (D. Del. Sept. 24, 2014) ...............................................................................................10, 13

*Internet Media Corp. v. Hearst Newspapers, LLC*,
    C.A. No. 10-690, 2012 U.S. Dist. LEXIS 126788 (D. Del. Sept. 6, 2012) ............................10

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
    C.A. No. 09-80-LPS, 2015 U.S. Dist. LEXIS 64462 (D. Del. May 18, 2015)................13, 14

*Microsoft Corp. v. Motorola, Inc.*,
    795 F.3d 1024 (9th Cir. 2015) ......................................................................................11

*Microsoft Corp. v. Motorola, Inc.*,
    No. C10-1823 JLR, 2011 U.S. Dist. LEXIS 73827 (W.D. Wash. June 1, 2011) .....................8

*Microsoft Corp. v. Motorola, Inc.*,
    No. C10-1823 JLR, 2013 U.S. Dist. LEXIS 60233
    (W.D. Wash. Apr. 25, 2013)..........................................................................................6

*Nat'l Union Fire Ins. Co. v. City Sav., F.S.B.*,
    28 F.3d 376 (3rd Cir. 1994) ...........................................................................................9

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    134 S. Ct. 1962 (2014)..................................................................................................13

*Research in Motion Ltd. v. Motorola, Inc.*,
    644 F. Supp. 2d 788 (N.D. Tex. 2008) ........................................................................7, 8

*Revell v. Port Auth.*,
    598 F.3d 128 (3rd Cir. 2010) ..........................................................................................4

*Sun Microsystems, Inc. v. Versata Enters., Inc.*,
    630 F. Supp. 2d 395 (D. Del. 2009)..........................................................................10, 15

*Va. Panel Corp. v. MAC Panel Co.*,
    133 F.3d 860 (Fed. Cir. 1997).......................................................................................13

*Wehrman v. Conklin*,
    155 U.S. 314, 15 S. Ct. 129, 39 L. Ed. 167 (1894).........................................................13

**Statutes**

28 U.S.C. § 1338(a) .............................................................................................................11

**Rules**

Fed. R. Civ. P. 12(b)(6)...........................................................................................................4

Fed. R. Civ. P. 12(f)............................................................................................................2, 9

Fed. R. Civ. P. 12(h)(2)(B) .....................................................................................................4

Fed. R. Civ. P. 26(a)(1)....................................................................................................1

**Other Authorities**

Black's Law Dictionary 60 (6th ed. 1990).........................................................................9

Plaintiff Evolved Wireless, LLC ("Evolved Wireless") submits this opening brief in support of its Motion for Judgement on the Pleadings as to Defendants Samsung Electronics Co., LTD. and Samsung Electronics America, Inc.'s (collectively "Samsung") second counterclaim for breach of contract and its Motion to Strike as to Samsung's fifth affirmative defense of breach of FRAND licensing obligations, sixth affirmative defense of estoppel, laches, waiver/consent, patent misuse, and/or unclean hands, and seventh defense of license.

## I.      NATURE AND STAGE OF THE PROCEEDINGS

Evolved Wireless filed a complaint for patent infringement on June 25, 2015. D.I. 1. Samsung filed a partial motion to dismiss on September 21, 2015. D.I. 11. Magistrate Judge Fallon ruled on Samsung's motion on March 15, 2016. D.I. 38. Subsequently, Evolved Wireless filed an amended complaint and Samsung filed its answer and counterclaims. D.I. 60, 68. Concurrent with this process, on November 11 and 12, 2015 Samsung and Evolved Wireless served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). D.I. 21, 22. Evolved Wireless subsequently disclosed its asserted patents, asserted claims, and accused products on November 13, 2015 and December 14, 2015. D.I. 23, 24. Finally, Evolved Wireless served its initial infringement contentions on February 12, 2016 and Samsung served its initial invalidity contentions on March 14, 2016. D.I. 28, 37. Additional fact discovery and claim construction briefing is ongoing.

## II.      SUMMARY OF THE ARGUMENT

1.      The Court should enter a judgment on the pleadings as to Samsung's second counterclaim for breach of contract. Samsung's counterclaim alleges that Evolved Wireless breached its FRAND obligation by offering a license on purportedly "wholly disproportionate" terms and by seeking injunctive relief. *Iqbal* and *Twombly* required Samsung to plead sufficient facts to render its counterclaim at least plausible. Yet, as to both of Samsung's bases, Samsung

relied on mere legal conclusions and conclusory allegations and did not allege any facts to plausibly support its claim that Evolved Wireless's terms were unfair. Moreover, Samsung alleged no facts to plausibly support a claim for waiver and/or estoppel to enforce the Patents-in-Suit against Samsung. As such, the Court should grant Evolved Wireless's Motion for Judgment on the Pleadings as to Samsung's second counterclaim.

      2.     Samsung's fifth, sixth, and seventh affirmative defenses should be stricken under Fed. R. Civ. P. 12(f) because they are not defenses to patent infringement and, under applicable Third Circuit law, are not properly asserted as affirmative defenses.

      As to Samsung's fifth affirmative defense for breach of FRAND obligations, any FRAND obligation between ETSI and LG or Evolved Wireless is grounded in contract law and is not a bar to Evolved Wireless's right to recover for patent infringement. Therefore, the defense was improperly pled as an affirmative defense and should have been pled as a counterclaim subject to the requirements of *Iqbal* and *Twombly*.

      Samsung's sixth affirmative defense for estoppel, laches, waiver/consent, patent misuse and/or unclean hands is similarly deficient. The defense involves an alleged question of contract law and is not a bar to Evolved Wireless's right to recover for patent infringement. The defense should have been pled as a counterclaim subject to *Iqbal* and *Twombly*. Further, no law or fact supports Samsung's assertion that some undefined "standards-setting misconduct" renders the Patents-in-Suit unenforceable. As such, this affirmative defense should be stricken. In addition, Samsung's defenses based on estoppel, waiver/consent, patent misuse, and unclean hands have no basis in law or fact. Samsung's sixth affirmative defense, therefore, should be stricken.

      Samsung's seventh affirmative defense of license should also be stricken. As with Samsung's fifth and sixth affirmative defenses, it is grounded in contract law, is not a bar to

Evolved Wireless's right to recover for patent infringement, and therefore should have been pled as a counterclaim subject to the requirements of *Iqbal* and *Twombly*, if at all. As such, Samsung's affirmative defense for a license has no basis in law or fact and, the defense, therefore, should be stricken.

## III.    STATEMENT OF THE FACTS

The Third Generation Partnership Project ("3GPP") develops standards for globally-applicable commercial cellular systems. D.I. 68 at 3, ¶ 10. The Organizational Partners of 3GPP are major telecommunications standards developing organizations from around the world, including the European Telecommunications Standards Institute ("ETSI"). *Id.* Companies participate in 3GPP via their membership in one of the Organizational Partners. *Id.* LG Electronics ("LG") was one of those participants. *Id.*

3GPP participants must abide by the intellectual property rights ("IPR") policy of the Organizational Partners to which they belong. *Id.* at 4, ¶ 15. These IPR policies, such as the ETSI IPR policy, are intended to strike "a balance between the needs of standardization for public use in the field of telecommunications and the rights of the owners of IPRs."[1] D.I. 60 ¶ 15. "IPR holders whether members of ETSI and their AFFILIATES or third parties, should be adequately and fairly rewarded for the use of their IPRs in the implementation of STANDARDS and TECHNICAL SPECIFICATIONS."[2] *Id.* The IPR policy further requires that its members grant irrevocable licenses on fair, reasonable and non-discriminatory ("FRAND") terms and conditions. D.I. 68 at 4, ¶ 16.

---

[1] ETSI Rules of Procedure, Annex 6: ETSI Intellectual Property Rights Policy § 3.1 (2014), available at http://www.etsi.org/images/files/IPR/etsi-ipr-policy.pdf.

[2] *See supra* note 1 § 3.2.

LG participates in the 3GPP's Long Term Evolution ("LTE") standard setting process. D.I. 60 at ¶ 19. As part of this process, LG designated the Patents-in-Suit as standard essential, pursuant to ETSI's IPR policy, and agreed to license the Patents-in-Suit on FRAND terms. D.I. 68 at 18, ¶ 128. Evolved Wireless currently owns, through assignments originating with LG, the Patents-in-Suit: United States Patent Nos. 7,746,916, 7,768,965, 7,809,373, 7,881,236, and 8,218,481. D.I. 60 at ¶ 18.

Samsung manufactures devices capable of functioning on LTE networks. D.I. 68 at 12, ¶ 65. Prior to filing the complaint, Evolved Wireless proposed licensing terms to Samsung for the LTE standard-essential Patents-in-Suit. *Id.* at 19, ¶ 129. Samsung has not entered into an express license agreement with Evolved Wireless for the Patents-in-Suit. D.I. 60 at ¶¶ 72, 81, 91, 101, 111, 121.

## IV.   ARGUMENT

### A.   Evolved Wireless Is Entitled to Judgment on the Pleadings for Samsung's Second Counterclaim

This Court should grant a motion for judgment on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 12(h)(2)(B). "[C]ourts use the same standard in ruling on a motion to dismiss a counterclaim under Rule 12(b)(6) as they do in assessing a claim in a complaint." *Idenix Pharms., Inc. v. Gilead Scis., Inc.*, C.A. No. 13-1987-LPS, 2014 U.S. Dist. LEXIS 118789, at *18 (D. Del. Aug. 25, 2014). "A motion for judgment on the pleadings . . . is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth.*, 598 F.3d 128, 134 (3rd Cir. 2010) (citation omitted).

The Third Circuit requires a two-part analysis when reviewing a claim under Rule 12(b)(6). *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v.*

*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court should separate the factual

and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*,

578 F.3d. at 210-11. Second, the court should determine whether the remaining well-pled facts

sufficiently show that the claimant "has a 'plausible claim for relief.'" *Id*. at 211 (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

      Samsung's second counterclaim fails to provide the "sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678 (citing *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Id.* Where a complaint pleads facts that are "'merely consistent with' . . . a

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement

to relief.'" *Id.* Samsung has not pled sufficient facts and has failed to meet its burden under *Iqbal*

and *Twombly*.

### i.    Samsung Has Pled No Facts to Support Its Allegation That Evolved Wireless's License Offer Was Not Compliant with FRAND

      Samsung concludes that Evolved Wireless violated its FRAND commitments by offering

a license with royalty payments "wholly disproportionate" to the rate under "any reasonable

calculus. D.I. 68 at 26, ¶ 27. Yet, Samsung fails to plead any facts to support its conclusion that

Evolved Wireless's proposed licensing terms violated Evolved Wireless's FRAND commitment

or to support its conclusion that the terms were "wholly disproportionate."

      Samsung admits that on May 4, 2015, Evolved Wireless proposed a license offer with "a

royalty rate not to exceed $0.25 cents per LTE-enabled device." *Id.* at 26, ¶ 27. Samsung then

states that this royalty rate was higher than it believed was justified and that Evolved Wireless,

therefore, violated its FRAND obligations. *Id.* Yet, Samsung provides no information to demonstrate how this offer was "wholly disproportionate," much less a breach of Evolved Wireless's FRAND obligations. *Id.* Most notably, Samsung fails to allege what a reasonable rate would be; instead, Samsung only provides the conclusory statement that the rate was too high. Samsung's naked assertion is insufficient to create more than a mere "possibility" of Samsung's claims, and Samsung has not pled facts to show it claims are plausible as required by *Iqbal*. 556 U.S. at 678.

Even if Evolved Wireless's initial offer was not a FRAND rate, Samsung has pled nothing mandating that Evolved Wireless was required to offer FRAND rates in its *initial* offer. The only court to explicitly address this issue held that under agreements similar to ETSI's IPR policy "offers must be made in good faith," but "initial offers do not have to be on [FRAND] terms so long as a [FRAND] license eventually issues." *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823 JLR, 2013 U.S. Dist. LEXIS 60233, at *15 (W.D. Wash. Apr. 25, 2013), *aff'd*, 795 F.3d 1024 (9th Cir. 2015). Indeed, Samsung fails to cite any authority to the contrary, nor assert why *Microsoft's* holding is not controlling. Here, Samsung has not alleged that Evolved Wireless's initial offer was not in good faith, and Samsung did not allege any facts to support such a conclusion.

The ETSI IPR policy on which Samsung relies supports *Microsoft's* holding that an initial offer does not have to be on FRAND terms. In agreeing to the ETSI IPR policy, LGE agreed that it was "prepared to grant irrevocable licences on fair, reasonable and non-discriminatory terms and conditions . . . ."[3] It is the license that must be on FRAND terms, not any specific offer. Indeed, ETSI itself acknowledges the realities of the business world and

---

[3] ETSI Rules of Procedure, Annex 6: ETSI Intellectual Property Rights Policy § 6.1 (2014), available at http://www.etsi.org/images/files/IPR/etsi-ipr-policy.pdf.

explicitly acknowledges that negotiations will occur: "Specific licensing terms and **negotiations** are commercial issues between the companies and are never addressed within ETSI." [4] ETSI, *Intellectual Property Rights*, http://www.etsi.org/about/how-we-work/intellectual-property-rights-iprs (emphasis added). As Evolved Wireless had no obligation to present a FRAND-compliant initial offer, the Court should grant judgment on the pleadings as to Samsung's breach of contract counterclaim.

Further, Samsung's allegation that that Evolved Wireless breached its FRAND obligations by seeking to enjoin Samsung from making, using, selling, or importing products compatible with LTE networks has no basis in law or fact. D.I. 68 at 26, ¶ 28. There is no obligation in the ETSI IPR policy mandating that Evolved Wireless refrain from seeking injunctive relief when an infringing party refuses to enter into license negotiations. Indeed, the policy only requires that patent owners "be prepared to grant irrevocable licenses" on FRAND terms. Samsung admits that Evolved Wireless offered to enter into licensing negotiations. D.I. 68 at 26, ¶ 27. Once Samsung refused to enter into substantive negotiations, Evolved Wireless was free to enforce its rights. Nothing in the ETSI IPR policy limits IPR owners' enforcement rights, including the ability to seek an injunction.

In cases factually similar to ours, allegations of breach of contract were sufficient only when the accusing party provided significantly greater detail than Samsung. For example, in *Research in Motion Ltd. v. Motorola, Inc.*, the court allowed the breach of contract claim to proceed in light of the pleadings as a whole. 644 F. Supp. 2d 788 (N.D. Tex. 2008). In that case, the defendants were not simply alleging a breach of FRAND obligation in a general sense, like Samsung. Instead, they relied on the parties' previous dealings, which provided the level of

---

[4] No negotiations took place between Evolved Wireless and Samsung prior to the filing of the complaint because Samsung never countered Evolved Wireless's initial offer.

detail sufficient to satisfy *Iqbal* and *Twombly*. *Id.* at 791. Research in Motion and Motorola had previously entered into a license agreement but negotiations for an extension fell apart when the proposed rate dramatically increased without any change in the underlying market. *Id.* Reliance on this increase provided the defendants with the "information and belief" necessary to support the allegation that the FRAND commitment had been breached. *Id.* at 797. No such facts were alleged here. Nor do such facts exist. *See also Microsoft Corp. v. Motorola, Inc.*, No. C10-1823 JLR, 2011 U.S. Dist. LEXIS 73827, at *13 (W.D. Wash. June 1, 2011) (breach of contract claim supported by allegations that royalties based on licensing efforts tied to a percentage of the accused products final price); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-1846-LHK, 2012 U.S. Dist. LEXIS 67102, *44 (N.D. Cal. May 14, 2012) (alleging facts supporting the contention that Samsung was retaliating against Apple for asserting Apple's patents against Samsung).

Where *Research in Motion's*, *Microsoft's*, and *Apple's* allegations provided facts to show *why* the FRAND obligation was allegedly violated, Samsung provides only conclusory statements. Samsung alleges only that Evolved Wireless's proposed terms where "wholly disproportionate" D.I. 68 at 26, ¶ 27, and that Evolved Wireless's efforts to secure a license were "clearly not FRAND." *Id.* Yet, Samsung provides no factual support beyond mere speculation to support its claim that this offer was not FRAND-compliant, much less "wholly disproportionate," as required by *Twombly*, 550 U.S. at 555. Indeed, Samsung fails to provide allegations based on prior conduct (as in *Research in Motion*), fails to allege royalty demands that are a percentage of a product's final cost (as in *Microsoft*), and fails to allege any retaliatory activities (as in *Apple*). Disregarding the conclusion that Evolved Wireless breached its FRAND obligations and considering only the facts, the alleged facts in the counterclaim are insufficient to

demonstrate that Samsung is entitled to relief. As such, Evolved Wireless is entitled to judgment on the pleadings as to Samsung's second counterclaim.

> **B.** **Samsung's Affirmative Defenses Five, Six, and Seven Are Not Valid Affirmative Defenses to Patent Infringement**

The Court should "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Del. Health Care v. MCD Holding Co.*, 893 F. Supp. 1279, 1291–92 (D. Del. 1995) (citation omitted).

An affirmative defense is "a bar to the right of recovery even if the general complaint were more or less admitted to." *In re Sterten*, 546 F.3d 278, 284 (3rd. Cir. 2008) (citation and internal quotation marks omitted).; *see also Nat'l Union Fire Ins. Co. v. City Sav., F.S.B.*, 28 F.3d 376, 393 (3rd Cir. 1994) (defining an affirmative defense as follows: "In pleading, matter asserted by defendant which, assuming the complaint to be true, constitutes a defense to it. A response to a plaintiff's claim which attacks the plaintiff's [legal] right to bring an action, as opposed to attacking the truth of claim.") (quoting Black's Law Dictionary 60 (6th ed. 1990)).

Samsung's fifth, sixth, and seventh affirmative defenses include defenses that are based in contract law and, even if true, would not bar Evolved Wireless's patent infringement claim. In other words, if the general complaint of patent infringement was admitted to by Samsung, an alleged breach of contract by Evolved Wireless would not bar the right of recovery. Therefore, they do not present valid and legal affirmative defenses to Evolved Wireless's claims of patent infringement. The Court should strike these immaterial defenses under Rule 12(f).

In addition, even for allegations that are properly pled as an affirmative defense, while that defense need not meet the pleading standards of *Twombly* or *Iqbal*, the defense must present

some disputed question of law or fact. *See Intellectual Ventures I LLC v. Symantec Corp.*, C.A. No. 13-440-LPS, 2014 U.S. Dist. LEXIS 134255, at *4 (D. Del. Sept. 24, 2014) (citing *Cadence Pharm., Inc. v. Paddock Labs., Inc.*, C.A. No. 11-733-LPS, 2012 U.S. Dist. LEXIS 142585, at *1 (D. Del. Oct. 1, 2012)). Indeed, as noted by this Court, when "allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues," a motion to strike should be granted. *Cadence Pharm.*, 2012 U.S. Dist. LEXIS 142585, at *3 (citation omitted). Samsung's affirmative defenses do not present any factual or legal disputed issues. As such they should be stricken.

Finally, the affirmative defenses only include Samsung's unsupported conclusions. "A court is not required to accept affirmative defenses that are mere 'bare bones conclusory allegations,' and may strike such inadequately pleaded defenses." *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 408 (D. Del. 2009) (citation omitted). An affirmative defense must provide fair notice of the issue involved. *Internet Media Corp. v. Hearst Newspapers, LLC*, C.A. No. 10-690, 2012 U.S. Dist. LEXIS 126788, at *7 (D. Del. Sept. 6, 2012). Samsung's affirmative defenses do not offer anything more than bare bone conclusions and they do not meet these minimum pleading requirements. For this additional reason, they should be stricken.

### i. Samsung's Fifth Affirmative Defense of Breach of FRAND Obligation Is Not a Valid Defense to Evolved Wireless's Claim of Patent Infringement

Samsung's fifth affirmative defense for breach of FRAND obligation is not a defense to a claim of patent infringement. As Samsung admits, the "FRAND commitments impose ongoing *contractual obligations* on the Patents-in-Suit and are binding on LG's successors-in-interest to the Patents-in-Suit." D.I. 68 at 18, ¶ 128 (emphasis added). The enforcement of patent rights is an entirely different and unrelated issue to any contractual licensing obligations. Indeed, even if

Samsung is a beneficiary of LG's contract with ETSI, contract law and patent law do not merge. *See, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1035 (9th Cir. 2015) (concluding that Microsoft's breach of FRAND allegation "is not one 'arising under any Act of Congress relating to patents,' 28 U.S.C. § 1338(a), but rather sounds in contract and involves the district court's diversity jurisdiction") (citation omitted). An alleged breach of a contractual FRAND obligation is not a defense to patent infringement as it would not remove Samsung's liability for patent infringement. Rather, it must be pled as a counterclaim subject to the pleading requirements of *Iqbal* and *Twombly*.[5]

### ii.     The Estoppel, Waiver/Consent, Patent Misuse, and Unclean Hands Allegations of Samsung's Sixth Affirmative Defense Are Not Valid Defenses to Evolved Wireless's Claim of Patent Infringement

Numerous elements of Samsung's sixth affirmative defense are not valid defenses to Evolved Wireless's claim of patent infringement and thus should be stricken.

### a.     Samsung's Claim of Waiver Is Not a Valid Defense

Samsung alleges that "Evolved's and/or LG's standard-setting misconduct, including without limitation breach of commitments to offer FRAND license terms for the Patents-in-Suit, constitutes a waiver of Evolved's rights to enforce any declared-essential patents against any entity practicing the standard." D.I. 68 at 19, ¶ 132. This defense, however, is based in contract law and, as explained above, is therefore not properly pled as an affirmative defense.

To the extent, if any, that the affirmative defense of waiver relates to the claim of patent infringement, the proposed remedy is without factual or legal support. Samsung provides no support, factual or legal, for its contention that an alleged failure to abide by ETSI's patent identification process results in a waiver of the right to enforce the Patents-in-Suit against any

---

[5] Indeed, Samsung did plead this exact claim as its second counterclaim. D.I. 68 at 24–26, ¶¶ 19-30. As discussed above, Samsung failed to properly plead sufficient facts to show it is entitled to relief on that counterclaim.

entity practicing the standard. Indeed, Samsung admits that LG did disclose the Patents-in-Suit according to the IPR policy of ETSI. D.I. 68 at 18, ¶ 128. No case law, statute, or clause in the ETSI agreement creates a waiver based on the allegations set forth by Samsung, and Samsung has not provided any basis for its requested relief. For this additional reason, Samsung's affirmative defense must be stricken.

### b. Samsung's Claim of Estoppel Is Not a Valid Defense

Additionally, Samsung argues that Evolved Wireless is estopped from enforcing the Patents-in-Suit against Samsung due to purported "standards-setting misconduct." As with the previously discussed affirmative defenses, this defense is based in contract law and is, therefore, not properly pled as an affirmative defense. For this reason, the defense should therefore be stricken.

This affirmative defense also does not provide fair notice of the issue involved. Samsung alleges that Evolved Wireless committed "standard-setting misconduct," D.I. 68 at 19, ¶ 133, but Samsung does not define what constitutes the alleged misconduct. Indeed, "standard-setting misconduct" has never been defined by ETSI or any court, especially when a party declares its patents as standard essential and subjects those patents to a FRAND obligation. Here, Samsung admits that LG declared the Patents-in-Suit standard essential and that the patents are subject to a FRAND obligation. D.I. 68 at 18, ¶ 128. Samsung's allegations fail to identify any conduct that could be considered "standard-setting misconduct," however that term may be defined. Moreover, there is no authority to support Samsung's contention that the Patents-in-Suit could be found unenforceable due to the alleged "standards-setting misconduct." Thus, the defense must be stricken.

Further, Samsung provides no support for its allegation that an alleged contract violation results in estoppel. "The gravamen of estoppel, a defense long recognized as available in actions

at law, is misleading and consequent loss." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014) (citing *Wehrman v. Conklin*, 155 U.S. 314, 327, 15 S. Ct. 129, 39 L. Ed. 167 (1894)). Samsung did not plead any misleading conduct by LG or Evolved Wireless. Indeed, Samsung admits that LG committed to offering licenses for its patents on FRAND terms and Evolved Wireless offered to negotiate a license with Samsung. D.I. 68 at 18, ¶ 238. Further, even if there was misleading conduct, there is no indication of consequent loss. Samsung refused to negotiate a license from Evolved Wireless on any terms. Thus, Samsung would be in its current position regardless of whether previous conduct was misleading. Neither factor of estoppel is present. As such, the affirmative defense should be stricken.

### c. Samsung's Claim of Misuse Is Not a Valid Defense

Samsung concludes the allegations in its sixth affirmative defense by stating: "Additionally, Evolved's and/or LG's failure to comply with its FRAND obligations constitutes patent misuse and unclean hands, which preclude Evolved from obtaining relief in this action." D.I. 68 at 20, ¶ 134. Because these allegations are not based in law or fact, they should be stricken. *See Intellectual Ventures I*, 2014 U.S. Dist. LEXIS 134255, at *4.

There is no legal or factual support for Samsung's patent misuse assertion. The Federal Circuit defines misuse as "an affirmative defense to an accusation of patent infringement, the successful assertion of which requires that the alleged infringer show that the patentee has impermissibly broadened the physical or temporal scope of the patent grant with anticompetitive effect." *Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 868 (Fed. Cir. 1997). A disagreement regarding the terms of a license hardly rises to the level of patent misuse, a doctrine historically left for tying arrangements and agreements extending the term of the patent. *See id.* at 869.

Samsung's allegation of patent misuse differs from that alleged in *Masimo Corp. v. Philips Elec. N. Am. Corp.*, C.A. No. 09-80-LPS, 2015 U.S. Dist. LEXIS 64462 (D. Del.

May 18, 2015). In *Masimo*, the court denied a motion to strike the affirmative defense of misuse as the defendant implicated a stereotypical "tying" arrangement. *Id.* at *17. The court determined that the defendant had adequately pled the defense because its allegations were supported by facts in the pleadings. *Id.* at *18.

Here, Samsung's patent misuse allegation is not similarly supported. Samsung does not allege that Evolved Wireless's licensing activities extend the scope of term of Patents-in-Suit. Indeed, per Samsung's admission, all the Patents-in-Suit were declared standard essential to the LTE standard by LG. As essential patents to the standard, every asserted patent must be licensed to perform the standard. Offering a license to several essential patents at once is not the same as licensing one patented good on the condition of licensing an unpatented good, as in *Masimo*. Thus, Samsung's affirmative defense rests on "bare bones conclusory allegations" that have no basis in law or fact and should be stricken.

### d. Samsung's Claim of Unclean Hands Is Not a Valid Defense

Samsung's unclean hands allegation also lacks legal and factual support. An unclean hands defense requires proof that the plaintiff's conduct "was 'offensive to the dictates of natural justice.'" *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 398 F. Supp. 2d 305, 310 (D. Del. 2005) (citing *Aptix Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369, 1375 (Fed. Cir. 2001)). Put another way, the plaintiff must have "conducted [itself] as to shock the moral sensibilities of the judge." *Id.* (citing *Gaudiosi v. Mellon*, 269 F.2d 873, 882 (3d Cir. 1959)).

None of Evolved Wireless's actions, as alleged by Samsung, offend "the dictates of natural justice." As with its allegations of patent misuse, Samsung's allegation of unclean hands rests on "bare bones conclusory allegations" that have no basis in law or fact. Indeed, Samsung has cited no authority that an alleged breach of FRAND obligations can serve as the basis for an unclean hands defense. Samsung's affirmative defense should therefore be stricken.

### iii. Samsung's Seventh Affirmative Defense of License Is Not a Valid Defense to Evolved Wireless's Claim of Patent Infringement

Samsung's seventh affirmative defense is that "to the extent any of the alleged inventions described in, and allegedly covered by, any of the Patents-in-Suit are used, manufactured, and/or sold by or for Samsung, its suppliers, and/or its customers, Samsung has a license and/or the irrevocable right to be licensed on FRAND terms under those patents." D.I. 68 at 20, ¶ 135. As with Samsung's fifth and sixth affirmative defenses, this defense is based in contract and is therefore not a defense to patent infringement. For this reason, it should be stricken.

In addition, this defense has no basis in law or fact. Samsung cannot allege that it has an express license with Evolved Wireless. As such, that cannot be the basis for this alleged defense. Further, Samsung does not have a defense based on an ability to enter into a license. Any alleged ability to enter into a license is not a defense to patent infringement as it is irrelevant unless such license has been entered and a party continues to assert a claim for patent infringement. As such, Samsung's seventh affirmative defense must be stricken.

### iv. Failure to Strike Samsung's Fifth, Sixth, and Seventh Affirmative Defenses Would Prejudice Evolved Wireless and Confuse the Issues

Samsung's fifth, sixth, and seventh affirmative defenses do not present valid defenses to Evolved Wireless's claim of patent infringement. Allowing these defenses to remain simply confuses the issues and would prejudice Evolved Wireless. This court has found that motions to strike may be granted if the subject matter "cause[s] prejudice to one of the parties, **or** if the allegations confuse the issues." *Cadence Pharm., Inc. v. Paddock Labs., Inc.*, No. 11-733-LPS, 2012 U.S. Dist. LEXIS 142585, at *3 (D. Del. Oct. 1, 2012) (citing *Sun Microsystems*, 630 F. Supp. 2d at 400) (internal quotations omitted) (emphasis added). Several of Samsung's affirmative defenses are not proper defenses to the claim of patent infringement or are insufficiently pled. Forcing Evolved Wireless to defend these insufficient affirmative defenses

will prejudice Evolved Wireless by requiring extensive effort to determine what Samsung asserts, as the affirmative defenses cannot provide such notice on their own.

Additionally, the insufficient nature of these affirmative defenses will cause confusion throughout the case and at trial. Evolved Wireless will be prejudiced by this confusion. The continued need to defend against unrelated defenses based in contract law will muddle the realty of this case—that this is a patent infringement action. To do otherwise will unnecessarily waste the Court's and Evolved Wireless's resources as they continually have to reinforce this reality and ward off the confusion unrelated contract defenses will inevitably cause. Further, while the affirmative defenses may relate to the same subject matter as Evolved Wireless's claims, this only highlights the likelihood of confusion presented. If Samsung wanted to assert these issues, it should have done so as counterclaims, not affirmative defenses.

## V.     CONCLUSION

Samsung's second counterclaim fails to plead sufficient facts to show Samsung is entitled to relief, and thus the counterclaim fails to state a claim for which relief can be granted. Additionally, Samsung's fifth, sixth, and seventh affirmative defenses are insufficiently pled, immaterial to the charge of patent infringement, and should have been brought as counterclaims subject to *Iqbal* and *Twombly*. As such, this Court should grant Evolved Wireless's Motion for Judgment on the Pleadings and Motion to Strike.

Dated: July 7, 2016                                   Respectfully submitted,

                                                      Farnan LLP

                                                      /s/ Brian E. Farnan
                                                      Brian E. Farnan (Bar No. 4089)
                                                      919 N. Market Street, 12th Floor
                                                      Wilmington, Delaware 19801
                                                      (302) 777-0300
                                                      (302) 777-0301
                                                      bfarnan@farnanlaw.com

Christopher K. Larus (admitted *pro hac vice*)
Ryan M. Schultz (admitted *pro hac vice*)
Andrew D. Hedden (admitted *pro hac vice*)
Benjamen C. Linden (admitted *pro hac vice*)
Ryan E. Dornberger (admitted *pro hac vice*)
Anthony F. Schlehuber (admitted *pro hac vice*)
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
clarus@robinskaplan.com
rschultz@robinskaplan.com
ahedden@robinskaplan.com
blinden@robinskaplan.com
rdornberger@robinskaplan.com
aschlehuber@robinskaplan.com

Andrea L. Gothing (admitted *pro hac vice*)
ROBINS KAPLAN LLP
2440 W. El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
agothing@robinskaplan.com

**Counsel For Plaintiff Evolved Wireless, LLC**