UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant. | C.A. No. 15-cv-542-SLR-SRF<br><br>**JURY TRIAL DEMANDED** |
| EVOLVED WIRELESS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>HTC CORPORATION and<br>HTC AMERICA, INC.,<br><br>    Defendants. | C.A. No. 15-cv-543-SLR-SRF<br><br>**JURY TRIAL DEMANDED** |
| EVOLVED WIRELESS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>LENOVO GROUP LTD.,<br>LENOVO (UNITED STATES) INC., and<br>MOTOROLA MOBILITY,<br><br>    Defendants. | C.A. No. 15-cv-544-SLR-SRF<br><br>**JURY TRIAL DEMANDED** |
| EVOLVED WIRELESS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.<br>and SAMSUNG ELECTRONICS<br>AMERICA, INC.,<br><br>    Defendants. | C.A. No. 15-cv-545-SLR-SRF<br><br>**JURY TRIAL DEMANDED** |



| EVOLVED WIRELESS, LLC, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 15-cv-546-SLR-SRF |
| ZTE CORPORATION, ZTE (USA) INC., and ZTE SOLUTIONS INC., | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |
| EVOLVED WIRELESS, LLC, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 15-cv-547-SLR-SRF |
| MICROSOFT CORPORATION, MICROSOFT MOBILE OY and NOKIA INC., | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

## JOINT [PROPOSED] AMENDED RULE 16 SCHEDULING ORDER

At Wilmington this 9th day of November, 2016, the parties having satisfied their obligations under Fed. R. Civ. P. 26 as described in the court's order for a scheduling conference; and the court having conducted its case management conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b); and the Court having previously entered a Rule 16 Scheduling Order on November 15, 2015;

IT IS ORDERED that:

1. **Fact Discovery.**

    (a) <u>Discovery Initiation.</u> The parties agree that discovery, excluding the initial disclosures described below, will be stayed up and through **January 6, 2016.** By **December 31, 2015**, the parties shall inform the Court whether they have reached an agreement regarding, among other things, the further stay of fact discovery in exchange for an agreed-upon date certain for defendants to

2

file petitions for *inter partes* review with the United States Patent and Trademark Office. If the parties cannot come to an agreement, the Court shall conduct a telephonic conference on **January 6, 2016** at 2:00 p.m. Eastern Time to attempt to resolve the parties' outstanding differences. If no resolution is reached, formal fact discovery shall commence on **January 7, 2016**.

    (b) Discovery Cut-Off. All interrogatories shall be served by **January 17, 2017**. All requests for admission shall be served by **February 15, 2017**. All fact discovery shall be completed by **March 22, 2017**.

    (c) Case Management. Consistent with this order and the court's order for a scheduling conference, all discovery disputes, and the overall management of discovery, are referred to a Magistrate Judge, pursuant to 28 U.S.C. § 636.

    (d) Coordination. The parties propose to coordinate fact discovery in the six (6) above-captioned cases, where practicable, through fact discovery and claim construction. Any submissions to the Court shall be filed in the specific case(s) to which they are believed in good faith to pertain. For purposes of counting discovery requests and deposition hours, all defendants in a single captioned case count as a single Defendant. To illustrate, there are 6 Defendants by this definition.

    (e) Initial Disclosures. Absent agreement among the parties:

    (1) The parties shall exchange the following information identified at the Rule 26(f) conference by **November 11, 2015**: The information required by Fed. R. Civ. P. 26(a)(1) and Paragraph 3 of the District of Delaware Default Standard for Discovery.

    (2) On or before **November 13, 2015**, plaintiff shall identify the accused product(s)[1] and its damages model, as well as the asserted patent(s) the accused product(s) allegedly infringe(s). Plaintiff shall produce the file history for each asserted patent.

---

[1] Including accused methods and systems.

3

(3) On or before **December 14, 2015**, plaintiff shall produce a list of the claims of the asserted patents the accused product(s) allegedly infringe(s).

(4) On or before **January 13, 2016**, defendants shall produce to plaintiff the core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendants shall also produce sales figures for the accused product(s). Defendants shall also identify all license agreements applicable to the accused products that include standard-essential patents with respect to the 3GPP LTE standard and begin to produce, on a rolling basis, the applicable agreements.

(5) The Magistrate Judge shall thereafter conduct a status conference to ensure that the initial exchanges have been meaningful.

(6) On or before **February 12, 2016**, plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(7) On or before **March 14, 2016**, defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(f) Document Production.

(1) Maximum of **thirty (30)** requests for production by each party to any other party.

(2) Discovery of paper and electronic documents shall be completed on or before **July 15, 2016.**

(3) The parties shall make rolling and proportional document productions during the document discovery period. The parties must timely supplement document productions in accordance with Federal Rule of Civil Procedure 26(e) if they learn of the existence of any additional response documents after the completion deadline.

(g) <u>Depositions</u>.

(1) No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be scheduled prior to the completion of document production.

(2) The number of depositions (and any other issues related to depositions) shall be addressed by the Magistrate Judge no later than the completion of document production.

(3) If a witness testifies in a language other than English, then one (1) hour of deposition time on the record will count as one-half (1/2) hour towards the overall deposition.

(4) The parties agree that in this case the depositions of witnesses who reside in the United States shall take place within fifty (50) miles of the place of residence or employment of the deponent or at some other mutually agreeable location. For any party witnesses who reside outside of the United States, the parties agree to meet and confer on the location of the deposition site within thirty (30) days of the date the deposition notice is served. If agreement cannot be reached as to the deposition site of a witness located outside the United States, the party must identify the witness, their title, a brief description of their knowledge, the specific topic on which the witness will testify, and an explanation as to why the witness cannot travel to the United States or why a similar witness is not available in the United States. This disclosure shall be made to the requesting party at the meet and confer. If raised to the Court, the Magistrate Judge will then determine the site of the deposition, with a presumption in favor of the deponent's country of residence or employment. The Magistrate Judge may take into account all relevant factors, including whether the deponent is identified in connection with a parties' claim or affirmative counterclaim.

(h) <u>Written Discovery</u>.

(1) The Defendants shall be permitted to serve **fifteen (15) common interrogatories** (which shall be captioned in the same manner as this pleading), to which Plaintiff need only serve a single response (which also shall be captioned in the same manner as this pleading) that may

5

be used by each Defendant in each case. Each Defendant shall also be permitted to serve an additional **ten (10) interrogatories** per case. Likewise, the Plaintiff shall be permitted to serve **fifteen (15) common interrogatories** (which shall be captioned in the same manner as this pleading), to which each Defendant shall serve separate or joint responses as appropriate. Plaintiff shall also be permitted **ten (10) interrogatories** per case.

        (2)    Final infringement contentions[2] shall be due on or before **January 27, 2017**.

        (3)    Final invalidity contentions shall be due on or before **February 28, 2017**.

        (4)    Maximum of **thirty (30)** requests for admission by each party to any other party. In addition, the parties may serve a reasonable number of requests for admission to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above.

        (i)    <u>Supplementation</u>. No later than **August 10, 2016**, plaintiff must finally supplement, *inter alia*, the identification of all accused products. No later than **September 10, 2016** the defendants must finally supplement, *inter alia*, the identification of all invalidity references.

**2.**    **Joinder of Other Parties and Amendment of Pleadings.**

All motions to join other parties and/or to amend pleadings shall be filed on or before **April 13, 2016**.

**3.**    **Willfulness.** If willfulness has been asserted, defendant must inform plaintiff that it intends to rely on the opinion of counsel no later than **September 21, 2016**.

---

[2] The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    **4.**    **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[3] for the purposes of exploring ADR.

    **5.**    **Claim Construction.**[4]

    (a)    The parties shall simultaneously exchange lists of those claim terms in need of construction (along with their respective proposed constructions) on or before **April 19, 2016**.

    (b)    The parties shall agree upon and file a Joint Claim Construction Statement on **May 17, 2016**. For any contested claim limitation, each party must submit a proposed construction.

    (c)    Plaintiff shall serve and file its opening brief on claim construction on or before **June 16, 2016**.

    (d)    Defendant shall serve and file its answering claim construction brief on or before **July 22, 2016**.

    (e)    Plaintiff shall serve and file its reply brief on or before **August 19, 2016**.

    (f)    Defendant shall serve and file its surreply brief on or before **September 9, 2016**.

    (g)    The court shall conduct a hearing on claim construction on **October 6, 2016** at 2:00 p.m. Eastern Time.

    (h)    The court shall issue its decision on claim construction on or before **November 16, 2016**.

    (i)    The court shall thereafter conduct a status conference on **March 2, 2017** at 4:30 p.m. Eastern Time, the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

---

[3] The court may also refer ADR to a Special Master.

[4] The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

6. **Expert Discovery.**

(a) All expert discovery shall be commenced in time to be completed by **July 28, 2017**.

(b) Expert reports on issues for which the parties have the burden of proof shall be served on or before **April 26, 2017**. Rebuttal expert reports shall be served on or before **May 31, 2017**. Supplemental reports (on, e.g., secondary considerations of obviousness) shall be served on or before **June 27, 2017**.

(c) Absent agreement by the parties, the number and length of expert depositions shall be addressed by the Magistrate Judge no later than the deadline for service of rebuttal expert reports.

(d) The court shall conduct an in-person status conference on **August 22, 2017** at 4:30 p.m. Eastern Time if the parties have any issues regarding expert discovery. No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate.

7. **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial. It is expected that all such witnesses have been vetted during the fact discovery process.

8

8. **Motion Practice.**

(a) All motions to dismiss, to amend, and to transfer (and any discovery motions permitted by a Magistrate Judge) shall be resolved by a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(b) All other motions, including motions to stay and for summary judgment, shall be referred, if at all, on an individualized basis.

(C) All summary judgment motions shall be served and filed on or before **August 15, 2017**. Absent order of the court, no summary judgment motion may be filed earlier than said date, and no such motion may be filed in the absence of a jury demand.

(1) Opening briefs on infringement and invalidity shall be served and filed on **August 15, 2017**.

(2) Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on **September 15, 2017**.

(3) Where cross-motions are presented:

(i) Combined answering-reply briefs on infringement and invalidity in response to the briefs filed pursuant to (2) above shall be served and filed on **October 17, 2017**.

(ii) Reply briefs on noninfringement and validity shall be served and filed on **November 10, 2017**.

(4) Where cross-motions are not presented:

(i) Answering briefs on infringement and validity shall be served and filed on **September 15, 2017 (at least 14 days after the date in (1) above)**. Answering briefs on noninfringement and invalidity shall be served and filed on **October 17, 2017 (at least 14 days after the date in (2) above)**.

9

(ii)    Reply briefs on infringement and validity shall be served and filed on **October 6, 2017**. Reply briefs on noninfringement and invalidity shall be served and filed on or before **November 9, 2017**.

(5)    The court shall hear oral argument on said motion(s) on ~~December~~ November 14, 2017 at 9:30 a.m. Eastern Time.

9.    **Communications with the Court.**

(a)    Absent express approval by the court, any application to the court for relief shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)    No telephone calls shall be made to chambers.

(c)    Any party with an emergency matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the court's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. **NO ATTACHMENTS** shall be submitted in connection with said e-mails.

(d)    To be considered timely filed, all papers shall be electronically filed on or before 8:00 p.m. Eastern Time.

10.    **Motions in Limine.** No motions in limine shall be filed. Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

11.    **Pretrial Conference.** A pretrial conference shall be held on **March 27, 2018** at 4:30 p.m. Eastern Time. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

10

12.  **Trial.**  This matter is scheduled for a 10 day jury trial commencing on **April 23, 2018**. ᴶᴸᴿ
For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument. If the Court deems appropriate, common issues of law and/or fact may be tried in a single trial.

_____
United States District Judge Sue L. Robinson

11