IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-545-SLR-SRF |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD. and | ) | |
| SAMSUNG ELECTRONICS AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD.
AND SAMSUNG ELECTRONICS AMERICA, INC.'S
<u>AMENDED NOTICE OF SUBPOENA TO TECHPATS</u>**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

(collectively, "Samsung") will serve the attached amended subpoena in the above-referenced

action.

|  |  |
|---|---|
| | <u>/s/ Andrew E. Russell</u> |
| OF COUNSEL: | John W. Shaw (No. 3362) |
| Kevin P.B. Johnson | Karen E. Keller (No. 4489) |
| Victoria F. Maroulis | Andrew E. Russell (No. 5382) |
| Todd M. Briggs | David M. Fry (No. 5486) |
| Charles M. Stiernberg | SHAW KELLER LLP |
| QUINN EMANUEL URQUHART & | 300 Delaware Avenue, Suite 1120 |
| SULLIVAN, LLP | Wilmington, DE 19801 |
| 555 Twin Dolphin Dr., 5th Floor | (302) 298-0700 |
| Redwood Shores, CA 94065 | arussell@shawkeller.com |
| (650) 801-5100 | *Attorneys for Defendants Samsung Electronics Co.,* |
| | *Ltd. and Samsung Electronics America, Inc.* |
| Dated: March 22, 2017 | |

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Delaware

| | |
|---|---|
| EVOLVED WIRELESS, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   15-545-SLR-SRF |
| SAMSUNG ELECTRONICS CO., LTD. and | ) |
| SAMSUNG ELECTRONICS AMERICA, INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          TechPats, 120 Iber Road, Unit 101, Ottawa, Ontario K2S 1E9, Canada

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: TechPats | Date and Time: |
|---|---|
| 120 Iber Road, Unit 101 | |
| Ottawa, Ontario K2S 1E9, Canada | 03/30/2017 9:00 am |

The deposition will be recorded by this method: _____

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/22/2017

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Andrew E. Russell (No. 5382) |
| *Signature of Clerk or Deputy Clerk* | _____ |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.     , who issues or requests this subpoena, are:

Andrew E. Russell - Shaw Keller LLP - 300 Delaware Avenue, Suite 1120, Wilmington, DE 19801
(302) 298-0700   arussell@shawkeller.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   15-545-SLR-SRF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT 1

### Definitions

For purposes of this subpoena, the following terms have the following meanings:

1.      "Asserted Patents" means U.S. Patent Nos. 7,746,916; 7,768,965; 7,809,373; 7,881,236; and 8,218,481.

2.      "Communication" means any contact between or among two or more Persons, and includes written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other Document.

3.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and applicable case law, and includes all written, printed, or recorded matter of any kind, including any information that is stored or carried electronically, by means of computer equipment or otherwise, and any information stored on any media accessible by electronic means, including information that has been deleted but is still reasonably accessible. A draft of a non-identical copy, as well as any document bearing marks, including initials, stamps, or notations not a part of an otherwise identical copy, is a separate document within the meaning of this term.

4.      "Document Subpoena" means the subpoena entitled "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action," issued to You in connection with the Evolved Wireless Cases.

5.      "Evolved Wireless" means Evolved Wireless, LLC, and its affiliates, representatives, and agents.

6.      "Evolved Wireless Cases" means *Evolved Wireless, LLC v. Apple, Inc.*, No. 1:15-cv-00542-SLR-SRF; *Evolved Wireless, LLC v. HTC Corp.*, No. 1:15-cv-00543-SLR-SRF;

1

*Evolved Wireless, LLC v. Lenovo Group Ltd.*, No. 1:15-cv-00544-SLR-SRF; *Evolved Wireless, LLC v. Samsung Electronics Co. Ltd.*, No. 1:15-cv-00545-SLR-SRF; *Evolved Wireless, LLC v. ZTE Corp.*, No. 1:15-cv-00546-SLR-SRF; and *Evolved Wireless, LLC v. Microsoft Corp.*, No. 1:15-cv-00547-SLR-SRF, each filed in the District of Delaware.

7.      "LTE" means the Long Term Evolution project of the Third Generation Partnership Project. Unless otherwise noted, "LTE" includes the specifications of all Long Term Evolution releases.

8.      "Person" means any natural person, corporation, company, proprietorship, partnership, joint venture, association, firm, government entity, or any other entity recognized by law, and includes the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assignees, predecessors, and successors of each such person.

9.      "Source Code" includes computer code, scripts, assembly, binaries, object code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip; files containing text written in "C," "C++," assembly, VHDL, Verilog, and digital signal processor (DSP) programming languages; ".include" files, "make" files; link files; and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, FPGA, or DSP; any listings or printouts thereof; and any release notes describing the features or modifications of such code.

10.      "TechPats" and "You" means TechPats, and its affiliates, representatives, and agents.

2

11.     "TechPats Testing" means "Testing conducted by TechPats or with the use of TechPats' facilities or equipment, in connection with the Asserted Patents or the Evolved Wireless Cases."

12.     "Techquity" means Techquity Capital Management, LLC, and its affiliates, representatives, and agents.

13.     "TQ Lambda" means TQ Lambda LLC, and its affiliates, representatives, and agents.

## Deposition Topics

1.     The TechPats Testing, including the methodology, analysis, results, purpose, or scope of the TechPats Testing.

2.     Persons who participated in the TechPats Testing.

3.     Source Code used in the TechPats Testing.

4.     Data generated from the TechPats Testing.

5.     Communications relating to the TechPats Testing, Asserted Patents, LTE, and Evolved Wireless Cases, including such Communications between TechPats, on one hand, and Evolved Wireless, TQ Lambda, Techquity, or Todor Cooklev, on the other hand.

6.     Work, if any, that TechPats or any of TechPats' affiliates, employees, or agents performed for ZTE (USA) Inc. or any of ZTE (USA) Inc.'s affiliates, employees, or agents anywhere in the world.

7.     Work that TechPats or any of TechPats' affiliates, employees, or agents performed for Evolved Wireless, TQ Lambda, Techquity, or any affiliate, employee, or agent thereof.

3

8.     The authenticity and business record status of Documents You produced in response to the Document Subpoena.